Alexander Michael del Rey Kolodin, AZ Bar No. 030826
Alexander.Kolodin@KolodinLaw.com
Christopher Viskovic, AZ Bar No. 035860[1]
CViskovic@KolodinLaw.com
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ  85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward and Michael Ward;<br><br>Plaintiffs;<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her capacity as Secretary of State of the State of Arizona;<br><br>Defendants. | Case No.: 2:20-cv-02321-JAT<br><br>**MOTION TO FILE IDENTIFYING INFORMATION IN AFFIDAVITS UNDER SEAL AND FOR IN-CAMERA REVIEW** |

**MOTION**

Plaintiffs respectfully request that the Court grant them permission to file under seal certain identifying information in three affidavits submitted as exhibits to their Complaint. This motion is made pursuant to LRCiv 5.6(b) and rule 5.4 of the Arizona Rules of Civil Procedure ("**ARCP**"), the memorandum below, pleadings and papers on file, and any further argument or evidence as the Court may entertain.

---

[1] District of Arizona admission scheduled for 12/9/2020.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Local rules of this district allow a court to order the sealing of a document upon motion setting forth a "clear statement of facts and legal authority justifying the filing of the document under seal." LRCiv 5.6(b). A court may allow a civil litigant in Arizona to file a document under seal only if the court finds, in writing, all of the following:

> (A) an overriding interest exists that supports filing the document under seal and overcomes the right of public access to it;
> (B) a substantial probability exists that the person seeking to file the document under seal (or another person) would be prejudiced if it is not filed under seal;
> (C) the proposed restriction on public access to the document is no greater than necessary to preserve the confidentiality of the information subject to the overriding interest; and
> (D) no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest.

ARCP 5.4(c)(1)&(2); *see Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 454 P.3d 183, 188, 198, ¶¶ 21, 25 (Ariz. Ct. App. 2019) ("Rule 5.4 prescribes the governing analysis" regarding whether a court may seal or unseal a document). The plaintiff bears the burden to show good cause to protect a document from disclosure. *See Ctr. for Auto Safety*, 454 P.3d at 188, ¶ 21.

Here, Plaintiffs demonstrate good cause that the documents mentioned below should be filed under seal:

**Background**. This case brings a challenge to the November 3, 2020 Presidential election. Plaintiffs' evidence shows ballot fraud and illegality, i.e. fraud or illegality in the ballots that were counted in the election, and counting fraud and illegality in the Dominion Voting Systems machines and software, and in the hand audit/recount ordered by the Secretary of State, Katie Hobbs.

**Witnesses would be prejudiced by disclosure**: Two of Plaintiffs' witnesses are in reasonable fear of harassment and threats to their physical safety and their livelihoods in retaliation for their coming forward with their testimony. As election controversies have unfolded around the country, there have been multiple incidents of harassment and threats

to destroy the careers of or physically harm witnesses who come forward with evidence of election fraud and illegality. There was an organized campaign by The Lincoln Project to destroy the business relationships of major law firms with their clients for having the temerity to represent the President of the United States in these controversies. One Pennsylvania law firm withdrew from representing the President only days after filing a lawsuit on his behalf because of such harassment, abuse, threats, pressure and economic coercion. Other lawyers for the President have been physically threatened and verbally abused and forced to obtain personal security to protect them. Therefore, the apprehensions of Plaintiffs' witnesses are serious and well-founded. Moreover, the testimony of these witnesses is consequential to the matter before this court, namely a legal challenge to the outcome of the Presidential election in Arizona.

Plaintiffs have submitted approximately 20 affidavits and declarations, and have good cause to request that four of these witnesses remain confidential from the public record.

**Venezuela whistleblower**: The Affiant at Exhibit 1, is a Venezuelan whistleblower, who is not an American citizen, and swears under oath that "I was selected for the national security guard detail of the President of Venezuela." At great risk to himself, he further reveals that

> Importantly, I was a direct witness to the creation and operation of an electronic voting system in a conspiracy between a company known as Smartmatic and the leaders of conspiracy with the Venezuelan government. This conspiracy specifically involved President Hugo Chavez Frias, the person in charge of the National Electoral Council named Jorge Rodriguez, and principals, representatives, and personnel from Smartmatic which included … The purpose of this conspiracy was to create and operate a voting system that could change the votes in elections from votes against persons running the Venezuelan government to votes in their favor in order to maintain control of the government.

See Exhibit 1 to Complaint, ¶ 10, lodged herewith.

**Spyder exhibit**: And secondly, the Affidavit at Exhibit 12 called "Spyder," sets forth evidence in his sworn affidavit regarding his findings of foreign interference in this election, and his background:

> I was an electronic intelligence analyst under 305th Military Intelligence with experience gathering SAM missile system electronic intelligence. I have extensive experience as a white hat hacker used by some of the top election specialists in the world. The methodologies I have employed represent industry standard cyber operation toolkits for digital forensics and OSINT, which are commonly used to certify connections between servers, network nodes and other digital properties and probe to network system vulnerabilities.
>
> …
>
> In my professional opinion, this affidavit presents unambiguous evidence that Dominion Voter Systems and Edison Research have been accessible and were certainly compromised by rogue actors, such as Iran and China. By using servers and employees connected with rogue actors and hostile foreign influences combined with numerous easily discoverable leaked credentials, these organizations neglectfully allowed foreign adversaries to access data and intentionally provided access to their infrastructure in order to monitor and manipulate elections, including the most recent one in 2020. This represents a complete failure of their duty to provide basic cyber security. This is not a technological issue, but rather a governance and basic security issue: if it is not corrected, future elections in the United States and beyond will not be secure and citizens will not have confidence in the results.

*See* Exh. 12, ¶¶ 1, 21 also lodged herewith.

**TM:** The established pattern of witness and attorney harassment and coercion, along with the importance of their testimony, increases the likelihood of the feared harassments, threats and coercion should the identities of these witnesses become public knowledge. One of the witnesses, who is testifying about his analysis of hostile foreign power cyber penetration of Dominion Voting Systems' servers and networks, is already subject to serious threats of harm because of the highly sensitive nature of his regular professional work and is in particular need of protection.

These witnesses, whom Plaintiffs ask the Court to protect, have shown great courage in coming forward at a critical moment to deliver the truth to the Court about matters of great importance to our country. They need the Court's protection from the readily foreseeable harms of harassment online, and similarly many federal agents such as at CBP officers have recently gotten "doxed,' which includes harassed at home, and in relation to their work, which would accrue to them if their identities were made public. Thus, good cause exists for the relief requested.

Another witness for which confidentiality is requested is also a cyber expert who exposes the foreign interference in this election through Dominion and how Dominion's servers work with those nations abroad, including one with adverse interests to the those of the United States.  Her background includes

> [H]aving been a a private contractor with experience gathering and analyzing foreign intelligence and acted as a LOCALIZER during the deployment of projects and operations both OCONUS and CONUS. I am a trained Cryptolinguist, hold a completed degree in Molecular and Cellular Physiology and have FORMAL training in other sciences such as Computational Linguistics, Game Theory, Algorithmic Aspects of Machine Learning, Predictive Analytics among others.   3. I have operational experience in sources and methods of implementing operations during elections both CONUS and OCONUS."

See Compl. Exh. 13

Both TM and Spider's sworn testimony is further supported by the evidence of  a recent October 30, 2020 FBI and CISSA Joint advisory, attached as Exhibit 18 to the Complaint, which identified the hostile nation and foreign interference activity seen in late October prior to the Presidential election, which stated:

> This joint cybersecurity advisory was coauthored by the Cybersecurity and Infrastructure Security Agency (CISA) and the Federal Bureau of

Investigation (FBI). CISA and the FBI are aware of an Iranian advanced persistent threat (APT) actor targeting U.S. state websites to include election websites. CISA and the FBI assess this actor is responsible for the mass dissemination of voter intimidation emails to U.S. citizens and the dissemination of U.S. election-related disinformation in mid-October 2020.1 (Reference FBI FLASH message ME-000138-TT, disseminated October 29, 2020). Further evaluation by CISA and the FBI has identified the targeting of U.S. state election websites was an intentional effort to influence and interfere with the 2020 U.S. presidential election.

The Advisory further states, "[f]ollowing the review of web server access logs, CISA analysts, in coordination with the FBI, found instances of the cURL and FDM User Agents sending GET requests to a web resource associated with voter registration data. The activity occurred between September 29 and October 17, 2020. Suspected scripted activity submitted several hundred thousand queries iterating through voter identification values and retrieving results with varying levels of success [Gather Victim Identity Information (T1589)]. A sample of the records identified by the FBI reveals they match information in the aforementioned propaganda video.

This testimony has been given at great risk of these Affiants who hold training to obtain such information related to foreign interference in the 2020 election.

**Statistician Exhibit:** Third, the expert witness statistician testimony at Exhibit 4 should be redacted due to affiants' expressed concern for his safety and potential harassment or retaliation. This exhibit is also lodged herewith.

Due to the concerns described above, these witnesses' affidavits and declarations at Exhibits 1, 4 and 12 have been filed with the Complaint with their identifying information redacted, as reflected in the attached copies thereof.

The privacy and personal and financial security interests of the witnesses are at grave risk of harm if their identities were disclosed. Their interests, as well as those of the parties and the Court vastly outweigh the interests of the public in having access to the Affiant's personally identifying information, and no less drastic alternatives other than sealing their unredacted affidavits to conceal their identities will provide adequate protection to the them

and the proper functioning of this Court. The common law right of public access to Court filings must yield to countervailing interests of the parties and the Court and the Affiants in keeping their identities undisclosed beyond the parties and the Court in these proceedings in order to protect them from readily foreseeable threats. Moreover, the redacted affidavits conceal only the Affiants' personally identifying information – all of their other testimony is public and unredacted.

For the Court's ease of reference, the affidavits and declarations as to which this protection is sought are lodged in redacted form pursuant to LRCiv 5.6(c).

## CONCLUSION

Wherefore, Plaintiffs respectfully request leave of Court to lodge the unredacted affidavits to the Court under seal for in camera review, and for an Order of the court that in all public filings their names or personally identifying information not be revealed to the public.

Respectfully submitted this 2nd day of December, 2020

/s Alexander Kolodin

| Sidney Powell PC | Kolodin Law Group PLLC |
| --- | --- |
| Texas Bar No. 16209700 | AZ Bar No. 030826 |
| 2911 Turtle Creek Blvd, Suite 300 | 3443 N. Central Ave Ste 1009 |
| Dallas, Texas 75219 | Phoenix, AZ 85012 |

*Application for admission pro hac vice forthcoming

Of Counsel:
Emily P. Newman (Virginia Bar No. 84265)
Julia Z. Haller (D.C. Bar No. 466921)
Brandon Johnson (D.C. Bar No. 491730)

2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219

*Application for admission pro hac vice Forthcoming

L. Lin Wood (Georgia Bar No. 774588)
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30305-0584
Telephone: (404) 891-1402

Howard Kleinhendler (New York Bar No. 2657120)
Howard Kleinhendler Esquire
369 Lexington Ave. 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2nd, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: */s/ Chris Viskovic*