Alexis E. Danneman (Bar No. 030478)
Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  (602) 351-8000
Facsimile:   (602) 648-7000
ADanneman@perkinscoie.com
SGonski@perkinscoie.com

Marc E. Elias*
Bruce V. Spiva*
John Devaney*
John M. Geise*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone:  (202) 654-6200
Facsimile:   (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
JDevaney@perkinscoie.com
JGeise@perkinscoie.com

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:  602.798.5400
Facsimile:  602.798.5595
HerreraR@ballardspahr.com
ArellanoD@ballardspahr.com

*Pro hac application to be filed*

*Attorneys for Proposed-Intervenor Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward,

Plaintiffs,

v.

Doug Ducey, in his official capacity as Governor

No. 2:20-cv-02321-DJH

**ARIZONA DEMOCRATIC PARTY'S MOTION TO INTERVENE**

Expedited Election Matter

Hon. Diane J. Humetewa

1   of the State of Arizona, Katie Hobbs, in her
2   official capacity as the Arizona Secretary of
    State,
3
                   Defendant.
4

5                           **INTRODUCTION**

6          Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenor-Defendant,

7   Arizona Democratic Party ("ADP"), moves to intervene as a defendant in the above-titled

8   action.

9          On November 30, 2020, Governor Doug Ducey and Secretary of State Katie Hobbs

10  signed a Certificate of Ascertainment awarding Arizona's 11 electoral votes to President-

11  Elect Joe Biden and Vice President-elect Kamala Harris. Now, *nearly a month after the*

12  *election and two days after the signing of the Certificate of Ascertainment*, Plaintiffs Tyler

13  Bower, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M.

14  King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg

15  Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward (collectively

16  "Plaintiffs") have brought a fact-free Complaint seeking truly extraordinary relief. Plaintiffs

17  ask for nothing less than an order from this Court (1) overturning the results of that election

18  as decided by the people of Arizona; (2) compelling the Governor and Secretary to

19  retroactively de-certify the election results; and (3) forbidding them from transmitting the

20  certified results members of the Electoral College. Compl. ¶ 145. The Complaint cites no

21  precedent for any of this relief and for good reason: there is none.

22         As the Third Circuit recently emphasized in affirming the denial of a similarly

23  meritless attempt to use the federal judiciary to reverse the results of Pennsylvania's

24  presidential election, in the United States, "[v]oters, not lawyers, choose the President.

25  Ballots, not briefs, decide elections." *Donald J. Trump for President, Inc. v. Sec'y of*

26  *Commonwealth*, No. 20-3371, 2020 WL 7012522, at *9 (3d Cir. Nov. 27, 2020). "Free, fair

27  elections are the lifeblood of our democracy. Charges of unfairness are serious. But calling

28  an election unfair does not make it so. Charges require specific allegations and then proof.

                                              -2-

We have neither here." *Id*. at *1 (3d Cir. Nov. 27, 2020). Instead, in support of their unprecedented and fundamentally undemocratic request, Plaintiffs offer a fantastical conspiracy theory more appropriate for the fact-free reaches of the Internet than a federal court pleading. Their unfounded allegations include debunked conspiracy theories, wild speculation, and unsupported allegations of procedural improprieties recycled from other unsuccessful lawsuits. These are woefully insufficient to support the mass disenfranchisement they propose and fail to meet basic federal pleading standards.

Proposed Intervenor ADP meets the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure. ADP is the official state party committee of the Democratic Party in Arizona and is dedicated to electing Democratic candidates to office and to protecting the right to vote, including the rights of the over 1.6 million Arizona voters who cast their ballot for the Democratic ticket for President and Vice President in the general election. If Plaintiffs are successful, all of those votes will be nullified and the Democratic candidates denied their rights resulting from that election. As such, ADP has a keen interest in the outcome of this litigation, both on its own behalf and on behalf of its candidates and members. The current Defendants do not adequately represent ADP's interests in this litigation; ADP's interests may diverge from the interests of the government defendants who are representatives of the States' interests in election administration rather than active participants in the election contests on the ballot. ADP should be permitted to intervene as of right, or, in the alternative should be granted permissive intervention.

Given the expedited nature of these proceedings and ADP's plainly apparent interest in this action, ADP has filed this motion to intervene without a pleading pursuant to Rule 24(c). *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.") (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). The grounds to dismiss this Complaint are plainly apparent and numerous, and they should be considered before any consideration of a request for emergency relief. Accordingly, should its intervention be

1  granted, ADP intends to file a motion to dismiss tomorrow or on any schedule set by the
2  Court.

3        Counsel for ADP has conferred with the parties to this action. Defendants do not
4  take a position regarding ADP's intervention. Plaintiffs object to ADP's intervention.

5  **PROCEDURAL BACKGROUND**

6        Plaintiffs initiated this action on December 2, 2020, by filing their Complaint for
7  Declaratory, Emergency, and Permanent Injunctive Relief. (Doc. 1.) That same day they
8  filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2.).
9  Plaintiffs subsequently filed a Notice of Errata, withdrawing certain portions of their Motion
10  for Temporary Restraining Order and Preliminary Injunction (Doc. 8).

11  **STANDARD OF LAW**

12        "Rule 24 traditionally receives liberal construction in favor of applicants for
13  intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003);
14  *Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting
15  *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011))
16  ("[A] liberal policy in favor of intervention serves both efficient resolution of issues and
17  broadened access to the courts." ).

18        "Courts in the Ninth Circuit employ a four-part test when analyzing intervention of
19  right:"

20      (1) the motion must be timely; (2) the applicant must claim a "significantly
    protectable" interest relating to the property or transaction which is the subject
21      of the action; (3) the applicant must be so situated that the disposition of the
    action may as a practical matter impair or impede its ability to protect that
22      interest; and (4) the applicant's interest must be inadequately represented by
23      the parties to the action.

24  *Arizonans for Fair Elections*, 335 F.R.D. at 273 (quoting *Wilderness Soc.*, 630 F.3d at
25  1177). Courts are "required to accept as true the non-conclusory allegations made in support
26  of an intervention motion." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819
27  (9th Cir. 2001) (citation and quotation marks omitted).

28

Alternatively, a court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002)).

## ARGUMENT

### I.   Intervention is appropriate under Rule 24(a)(2).

ADP readily satisfies each of the four requirements of Rule 24(a)(2), and thus is entitled to intervene as of right.

*First*, this motion is timely. Plaintiffs filed their Complaint just yesterday; this motion follows as soon as possible thereafter, before any significant action in the case and before any answer has been filed. There has been no delay, and there is no risk of prejudice to the other parties. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *see also Arizonans for Fair Elections*, 335 F.R.D. at 273 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)) ("Timeliness is a flexible concept; its determination is left to the district court's discretion.").

*Second* and *third*, ADP clearly has important rights at stake that would be impaired if the Court were to grant Plaintiffs' requested relief. "[A] prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Wilderness Soc.*, 630 F.3d at 1179 (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Further, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). In assessing whether such an interest is sufficiently "impair[ed] or impede[d]," Fed. R. Civ. P. 24(a)(2), courts "look[] to the 'practical consequences' of denying intervention." *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 909 (D.C. Cir. 1977) (quoting *Nuesse v. Camp*, 385

1    F.2d 694, 702 (D.C. Cir. 1967)).

2         Here, ADP has legally protectible interests sufficient to support intervention.

3    Plaintiffs' requested relief threatens to strip certification of the election from ADP's

4    presidential and vice presidential candidates and disenfranchise millions of ADP's

5    members. These provide two independent interests sufficient for ADP's intervention. First,

6    as ADP's candidates are the certified winners of the presidential and vice-presidential

7    election in Arizona, ADP has an interest in ensuring that the results of the election are not

8    decertified. *See, e.g.*, *Texas Democratic Party v. Benkiser*, 459 F.3d 582, 588 (5th Cir. 2006)

9    ("[A]fter the primary election, a candidate steps into the shoes of his party, and their

10   interests are identical."). Second, Plaintiffs' requested relief has the prospect of disenfranchising

11   millions of ADP's members by nullifying their votes for President and Vice President. "The right

12   to vote includes the right to have the ballot counted," *Reynolds v. Sims*, 377 U.S. 533, 555

13   n.29 (1964), and courts have repeatedly held that where proposed relief carries with it the

14   prospect of disenfranchising a political party's members, the party has a legally cognizable

15   interest at stake. *See, e.g.*, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 189 n.7

16   (2008) (agreeing with unanimous view of Seventh Circuit that Indiana Democratic Party

17   had standing to challenge a voter identification law that risked disenfranchising its

18   members); *Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580 (6th Cir. 2012) (Ohio

19   Democratic Party allowed to intervene in case where challenged practice would lead to

20   disenfranchisement of its voters); *Stoddard v. Winfrey*, No. 20-014604-cz (Mich. Cir. Ct.

21   Nov. 6, 2020) (granting intervention to Democratic National Committee in a lawsuit

22   seeking to stop counting ballots in Detroit); Order, *Donald J. Trump for President, Inc. v.

23   Boockvar*, No. 20-cv-2078 (M.D. Pa. Nov. 12, 2020), ECF No. 72 (granting intervention to

24   Democratic National Committee in lawsuit seeking to invalidate ballots in Pennsylvania);

25   Order, *Constantino v. City of Detroit*, No. 20-014789-AW (Mich. Cir. Ct. Nov. 13, 2020)

26   (granting Michigan Democratic Party's motion to intervene).

27        ***Fourth***, ADP's interests are not adequately represented by any existing party to this

28   case. Courts consider "three factors in determining the adequacy of representation":

1   (1) whether the interest of a present party is such that it will undoubtedly make all of a

2   proposed intervenor's arguments; (2) whether the present party is capable and willing to

3   make such arguments; and (3) whether a proposed intervenor would offer any necessary

4   elements to the proceeding that other parties would neglect. *Arakaki*, 324 F.3d at 1086. "The

5   'most important factor' in assessing the adequacy of representation is 'how the interest

6   compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont.*

7   *Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

8   This fourth intervention element "requires a 'minimal' showing and is satisfied if existing

9   parties' representation of its interest 'may be' inadequate." *Arizonans for Fair Elections*,

10  335 F.R.D. at 275 (quoting *Citizens*, 647 F.3d at 898).

11          While Defendants have an interest in defending the actions of state officials, ADP

12  has different objectives: ensuring that the valid ballot of every Democratic voter in Arizona

13  is counted and safeguarding the election of the Democratic presidential and vice presidential

14  candidates. Courts have "often concluded that governmental entities do not adequately

15  represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d

16  728, 736 (D.C. Cir. 2003). Indeed, the Ninth Circuit has stated that "[t]he government's

17  representation of the public interest may not be 'identical to the individual parochial

18  interest' of a particular group just because 'both entities occupy the same posture in the

19  litigation.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th

20  Cir. 2011) (quoting *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir.

21  2009))). That is the case here. ADP has specific interests and concerns—from their

22  candidates' electoral prospects to the counting of the votes of their members—that neither

23  Defendants nor any other party in this lawsuit share. *See Paher v. Cegavske*, No. 3:20-CV-

24  00243-MMD-WGC, 2020 WL 2042365, at *3 (D. Nev. April 28, 2020) (concluding that

25  "Proposed Intervenors . . . have demonstrated entitlement to intervene as a matter of right"

26  where they "may present arguments about the need to safeguard [the] right to vote that are

27  distinct from [state defendants'] arguments").

28

**II.   Alternatively, ADP satisfies Rule 24(b)'s requirements for permissive intervention.**

ADP also satisfies the requirements for permissive intervention under Rule 24(b). "Permissive intervention lies within the sound discretion of the Court." *Gila River Indian Cmty. v. United States*, No. CV10-1993 PHX-DGC, 2010 WL 4811831, at \*1 (D. Ariz. Nov. 19, 2010). A court may grant permissive intervention to a party under Rule 24(b) "where the applicant for intervention shows '(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *Arizonans for Fair Elections*, 335 F.R.D. at 276 (quoting *City of Los Angeles*, 288 F.3d at 403). "In exercising its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the'" original parties' rights. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24(b)(3)).

ADP meets all three requirements. First, there is an independent ground for jurisdiction here, as Plaintiffs' requested relief would violate the right to vote of ADP's members under the First and Fourteenth Amendments. Second, for the reasons discussed *supra*, ADP's motion is timely, filed one day after Plaintiffs' Complaint was filed and before Defendants have filed an answer. Third, ADP's defenses share common questions of law and fact with those of the named defendants.

Lastly, intervention will result in neither prejudice nor undue delay. ADP has an undeniable interest in a swift resolution of this action so that it can avoid the cloud Plaintiffs attempt to cast over the 2020 election, which ADP's candidates for President and Vice President won. ADP is prepared to meet any scheduled the Court establishes for this case.

## CONCLUSION

For the reasons stated above, ADP respectfully requests that the Court grant its motion to intervene as a matter of right under Rule 24(a)(2) or, in the alternative, permit it to intervene under Rule 24(b).

1    Dated:  December 3, 2020                        */s    Alexis E. Danneman*

2                                                    Alexis E. Danneman (Bar No. 030478)
                                                     Sarah R. Gonski (Bar No. 032567)
3                                                    **PERKINS COIE LLP**
                                                     2901 North Central Avenue, Suite 2000
4                                                    Phoenix, Arizona 85012-2788
                                                     Telephone:  (602) 351-8000
5                                                    Facsimile:   (602) 648-7000
                                                     ADanneman@perkinscoie.com
6                                                    SGonski@perkinscoie.com

7                                                    Marc E. Elias*

8                                                    Bruce V. Spiva*
                                                     John Devaney*
9                                                    John M. Geise*

10                                                   **PERKINS COIE LLP**
                                                     700 Thirteenth Street NW, Suite 600
11                                                   Washington, D.C. 20005-3960
                                                     Telephone:  (202) 654-6200
12                                                   Facsimile:   (202) 654-6211
                                                     MElias@perkinscoie.com
13                                                   BSpiva@perkinscoie.com
                                                     JDevaney@perkinscoie.com
14                                                   JGeise@perkinscoie.com

15

16                                                   Roy Herrera (Bar No. 032901)
                                                     Daniel A. Arellano (Bar No. 032304)
17                                                   **BALLARD SPAHR LLP**
18                                                   1 East Washington Street, Suite 2300
                                                     Phoenix, Arizona 85004-2555
19                                                   Telephone:  602.798.5400
20                                                   Facsimile:  602.798.5595
                                                     HerreraR@ballardspahr.com
21                                                   ArellanoD@ballardspahr.com

22                                                   *Attorneys for ADP*

23                                                   * Seeking Pro Hac Vice Admission
24

25

26

27

28

1  **CERTIFICATE OF SERVICE**

2       I hereby certify that on December 3, 2020, I electronically transmitted the attached

3  document to the Clerk's Office using the ECF System for filing and transmittal of a Notice

4  of Electronic Filing to the ECF registrants.

5

6                        */s Indy Fitzgerald*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28