ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

    Thomas P. Liddy (019384)
    Emily Craiger (021728)
    Joseph I. Vigil (018677)
    Joseph J. Branco (031474)
    Joseph E. LaRue (031348)
    Deputy County Attorneys
    liddyt@mcao.maricopa.gov
    craigere@mcao.maricopa.gov
    vigilj@mcao.maricopa.gov
    brancoj@mcao.maricopa.gov
    laruej@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Maricopa County Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward,<br><br>    Plaintiffs,<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her official capacity as the Arizona Secretary of State<br><br>    Defendants. | NO. CV20-02321-PHX-DJH<br><br>**MOTION TO INTERVENE** |

Pursuant to Federal Rule of Civil Procedure 24(a) and 24(b), the Maricopa County Board of Supervisors and Maricopa County Recorder Adrian Fontes ("Proposed Maricopa County Intervenors") respectfully request that this Court grant the Proposed Maricopa County Intervenors' motion to intervene[1] to defend the integrity of Proposed Maricopa County Intervenors' administration of the November 3, 2020, General Election and their important interest in bringing closure to this election. The following Memorandum of Points and Authorities supports this Motion.

## Memorandum of Points and Authorities

### Background

On December 2, 2020—nearly one month after the 2020 General Election held on November 3, 2020—Plaintiffs filed this lawsuit against Arizona's Secretary of State and Arizona's Governor, making baseless allegations about the Proposed Maricopa County Intervenors' administration of that election. (*See, e.g.*, Doc. 1, ¶¶ 2, 5, 49–53, 59–66, 71, 83, 139). Plaintiffs' wide-ranging—and frankly absurd—requests for relief include numerous provisions that directly bear on property in the Proposed Maricopa County Intervenors' possession and implicate their interest in the finality of the election. (*See, e.g.*, Doc. 1, ¶¶ 145.3 (requesting "An immediate emergency order to seize and impound all servers, software, voting machines, tabulators, printers, portable media, logs, ballot applications, ballot return envelopes, ballot images, paper ballots, and all election materials related to the November 3, 2020 Arizona election for forensic audit and inspection by the Plaintiffs[.]"), 145.10 ("Immediate production of 48 hours of security

---

[1] Having just learned about this recent lawsuit—and while litigating the claims of these same Plaintiffs in state court—the Proposed Maricopa County Intervenors cannot comply with Rule 24(c)'s pleading requirement to answer a 52-page, 145-paragraph complaint at the time of filing this Motion. But the Ninth Circuit has been emphatic that "failure to comply with the Rule 24(c) requirement for a pleading is a purely technical defect which does not result in the disregard of any substantial right." *Westchester Fire Ins. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quotations omitted). "Courts . . . have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus. Inc., v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

camera recording of all rooms used in Maricopa County for November 3, 2020 and November 4, 2020."); Doc. 2 at 11 ("Plaintiffs also request that the Court immediately order that all servers, software, voting machines, tabulators, printers, portable media, logs, ballot applications, ballot return envelopes, ballot images, paper ballots, and all election materials related to the November 3, 2020 Arizona election sized and impounded for forensic audit and inspection by the Plaintiffs[.]"); *see also* Doc.1, ¶ 145.7 (requesting a "Full Manual Recount or a statistically valid sampling")).

Given these important interests, Proposed Maricopa County Intervenors seek intervention.

## Argument

**I.  Intervention as of right under Federal Rule of Civil Procedure 24(a)(2).**

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as of right if:

> (1) it has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent its interest.

*Day v. Apoliona*, 505 F.3d 963 (9th Cir. 2007) (citation, internal quotation marks, and alterations omitted); *see also* Fed. R. Civ. P. 24(a)(2).

Although the putative intervenor bears the burden of establishing these elements, "the requirements for intervention are [to be] broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *see also Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (noting that "[a] liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts") (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002) (alteration in original)).

**A.  Significant protectable interest**

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest

need be established.' " *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993), *aff'd,* 64 F.3d 1266 (9th Cir. 1995)). An applicant for intervention as of right must show a "significantly protectable interest" in the lawsuit to merit intervention. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995). "To demonstrate this interest, a prospective intervenor must establish that (1) 'the interest [asserted] is protectable under some law," and (2) there is a 'relationship between the legally protected interest and the claims at issue.' " *Nw. Forest Res. Council*, 82 F.3d at 836 (quoting *Forest Conservation Council*, 66 F.3d at 1493).

Here, there should be no doubt, based on Arizona's elections laws obligating counties and county recorders to conduct elections and count ballots, that the Proposed Maricopa County Intervenors have a significant interest in the outcome of these proceedings and an interest in the finality of the 2020 General Election that occurred one month ago. *See, e.g.*, A.R.S. § 16-411, § 16-621, § 16-642. Indeed, the allegations in the Complaint are littered with references to the Proposed Maricopa County Intervenors' administration of the 2020 General Election. (*See, e.g.*, Doc. 1, ¶¶ 2, 5, 49–53, 59–66, 71, 83, 139). Further, the requested relief has a direct bearing on the rights and responsibilities of the Proposed Maricopa County Intervenors because it seeks property in their possession. (*See, e.g.*, Doc. 1, ¶¶ 145.3, 145.10; Doc. 2 at 11; *see also* Doc.1, ¶ 145.7).

**B.     Practical Impairment**

"[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)); *see also Alisal*, 370 F.3d at 919. "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *City of Emeryville*, 621 F.3d at 1259 (quoting *United States v. Union Electric*, 64 F.3d 1152, 1157–58, 1162 (8th Cir. 1995)). And putative intervenors' interests "might

not be *impaired* if they have 'other means' to protect them," even if the lawsuit would affect those interests. *Lockyer*, 450 F.3d at 442 (quoting *Alisal*, 370 F.3d at 921) (emphasis in original).

Here, the Proposed Maricopa County Intervenors will suffer practical impairment of their interest in the finality of the 2020 General Election and the disposition of property in their control as a result of the pending litigation. In particular, any injunctive relief ordered by this Court will necessarily require implementation by the Proposed Maricopa County Intervenors. Providing the Proposed Maricopa County Intervernors a seat at the table ensures their interests—and the interests of the general voting public—are not impaired. Further, there is no alternative means for the Proposed Maricopa County Intervenors to ensure that their interests are protected.

### C. Timeliness

Timeliness of a putative intervenor's motion is determined by "the totality of the circumstances," focusing on "three primary factors": (a) "the stage of the proceeding at which an applicant seeks to intervene"; (b) "the prejudice to other parties"; and (c) "the reason for and length of the delay." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *Alisal Water*, 370 F.3d at 921).

Here, the Proposed Maricopa County Intervenors seek to participate in this lawsuit at its earliest stage, one day after it was filed. There is no prejudice based on timing to the Parties.

### D. Adequate representation of interests

The Proposed Maricopa County Intervenors' interest is not adequately represented by the Secretary of State or Governor. *Cf. Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (noting the fourth element of Rule 24(a) intervention requires only a "minimal" showing that existing parties' representation "may be" inadequate). "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citations and internal quotation marks omitted).

Three factors govern the adequacy of representation: (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

The Ninth Circuit has stated that "[t]he most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. . . . When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086. But even "[i]f the applicant's interest is identical to that of one of the present parties," the putative intervenor may demonstrate "a compelling showing" of inadequate representation. *Id.*

Here, the requested relief directly bears on property in the Proposed Maricopa County Intervenors' possession. The Secretary of State and Governor cannot adequately protect that interest. Further, to the extent the Court determines that the Proposed Maricopa County Intervenors and the Secretary of State and Governor have the "same ultimate objective," the Proposed Maricopa County Intervenors have "a compelling showing" of inadequate representation: unlike the Secretary of State and Governor, the Proposed Maricopa County Intervenors will be required to implement any on-the-ground remedies regarding the counting of ballots and the disposition of property in the Proposed Maricopa County Intervenors' possession, and it will need to implement those remedies in short order.

## II.   Permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B).

Under Federal Rule of Civil Procedure 24(b)(1)(B), "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Where a putative intervenor timely moves for intervention, courts consider several factors in deciding whether to permit intervention,

including:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir.1977) (footnotes omitted).

Here, the same interests under Rule 24(a) for intervention as of right animate the Proposed Maricopa County Intervenors' interest in permissively intervening under Rule 24(b). The Complaint's baseless allegations center on the Proposed Maricopa County Intervenors' administration of the 2020 General Election, and their requests for relief directly implicate the Proposed Maricopa County Intervenors.

### Conclusion

For these reasons, this Court should grant the Proposed Maricopa County Intervenors' Motion to Intervene as of right under Federal Rule of Civil Procedure 24(a) or alternatively with permission under Federal Rule of Civil Procedure 24(b).

**RESPECTFULLY** submitted this 3rd day of December, 2020.

        ALLISTER ADEL
        MARICOPA COUNTY ATTORNEY

        BY: */s/Thomas P. Liddy*
            Thomas P. Liddy
            Emily Craiger
            Joseph I. Vigil
            Joseph J. Branco
            Joseph E. LaRue
            *Attorneys for Maricopa County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Diane J. Humetewa
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 81
Phoenix, AZ 85003-2161

Alexander Kolodin, AZ Bar No. 030826
Christopher Viskovic, AZ Bar No. 0358601
KOLODIN LAW GROUP PLLC
3443 N. Central Ave. Ste. 1009
Phoenix, AZ 85012
Alexander.Kolodin@KolodinLaw.com
CViskovic@KolodinLaw.com
SAtkinson@KolodinLaw.com (file copies)

Sidney Powell (Pro Hac Vice)
Emily P. Newman
Julia Z. Haller
Brandon Johnson
Sidney Powell PC
2911 Turtle Creek Blvd, Ste 300
Dallas, Texas 75219
Sidney@federalappeals.com

L. Lin Wood
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30305-0584

Howard Kleinhendler
Howard Kleinhendler Esquire
369 Lexington Ave. 12th Floor
New York, New York 10017
howard@kleinhendler.com
*Attorneys for Plaintiff*

Brett W. Johnson
Colin P. Ahler
Derek C. Flint
Ian R. Joyce
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
bwjohnson@swlaw.com

cahler@swlaw.com
dflint@swlaw.com
ijoyce@swlaw.com

Anni L. Foster
General Counsel
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007
afoster@az.gov
*Attorneys for Defendant Douglas A. Ducey, Governor of the State of Arizona*

Roopali H. Desai (024295)
D. Andrew Gaona (028414)
Kristen Yost (034052)
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5478
rdesai@cblawyers.com
agaona@cblawyers.com
kyost@cblawyers.com

Justin A. Nelson (pro hac vice to be filed)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
jnelson@susmangodfrey.com

Stephen E. Morrissey (pro hac vice to be filed)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
smorrissey@susmangodfrey.com

Stephen Shackelford (pro hac vice to be filed)
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
sshackelford@susmangodfrey.com

Davida Brook (pro hac vice to be filed)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
dbrook@susmangodfrey.com
*Attorneys for Defendant Katie Hobbs, Arizona Secretary of State*

*/s/ J. Barksdale*
S:\CIVIL\CIV\Matters\EC\2020\Bowyer v. Ducey EC20-0063\Pleadings\Bowyer_Motion to Intervene.docx