Sidney Powell (admitted pro hac vice)
Sidney Powell PC
Texas Bar No. 16209700
(517) 763-7499
Sidney@federalappeals.com

Alexander Michael del Rey Kolodin, AZ Bar No. 030826
Alexander.Kolodin@KolodinLaw.com
Christopher Viskovic, AZ Bar No. 035860[1]
CViskovic@KolodinLaw.com
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ 85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
*Attorneys for Plaintiffs*

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward and Michael Ward;<br><br>Plaintiffs;<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her capacity as Secretary of State of the State of Arizona;<br><br>Defendants. | **Case No.**: 2:20-cv-02321-DJH<br><br>**PLAINTIFFS' OPPOSITION TO ARIZONA DEMOCRATIC PARTY'S MOTION TO INTERVENE** |

---

[1] District of Arizona admission scheduled for 12/9/2020.

Plaintiffs hereby respond to and oppose the Arizona Democratic Party's ("ADP") Motion to Intervene ("Motion"), filed on Thursday, December 3, 2020.

## INTRODUCTION

In the ADP's Motion, it makes bold claims without providing any facts or explanations for them. To start, ADP claims that Plaintiffs "have brought a fact-free Complaint seeking extraordinary relief." Arizona Democratic Party's Mot. to Intervene 2:16, ECF No. 26. Ironically, ADP presents absolutely no facts or evidence to back up this claim. As a matter of fact, it makes one question if ADP is aware of what Plaintiffs have brought forward in this case. All the Court must do is combine every exhibit Plaintiffs have presented to see that Plaintiffs have brought forward 324 pages of exhibits to back the claims asserted. Among these exhibits are 16 declarations and affidavits, some of which are from experts in their respective fields. How the ADP can review this mountain of factual evidence and then say with a straight face that it is "fact-free" makes one wonder if any of it was reviewed at all prior to the preparation and filing of ADP's Motion.

Sadly, the sensationalism in ADP's Motion does not stop there. ADP then goes on to claim that "Plaintiffs offer a fantastical conspiracy theory more appropriate for the fact-free reaches of the Internet than a federal court pleading." Arizona Democratic Party's Mot. to Intervene 3:2-4, ECF No. 26. This has been a tactic from day one in most pieces of litigation related to the 2020 General Election. Instead of presenting their own evidence, or even a proposed pleading, as required by FRCP 24(c), where they would be required to respond to specific claims and defenses, the ADP has tried to discredit Plaintiffs and their counsel by claiming their case is simply a "conspiracy theory" not worthy of the Court's time. Plaintiffs are the Arizona Republican Party's nominees for presidential electors. They include members of the legislature, the Chairwoman of the Arizona Republican Party and three county party chairs. Their concerns mirror those of many of our fellow Arizonans and should be given a fair hearing, not cavalierly dismissed and belittled.

In what appears to be a very thinly veiled attempt to threaten lawyers to stop them from representing Republicans with an implicit threat of sanctions, ADP then goes on to

claim that Plaintiffs "fail to meet basic federal pleading standards." Arizona Democratic Party's Mot. to Intervene 3:7, ECF No. 26. This is an interesting claim to make when ADP's own Motion does not point to any facts or evidence to support these wild and baseless claims, which itself fails to meet the basic rules of federal pleading standards. Instead of trying to argue facts, ADP appears to simply want to join in this lawsuit to throw baseless allegations, make thinly veiled threats of sanctions, and try to paint the lawsuit as a "conspiracy." Furthermore, why would ADP try vigorously to intervene in a lawsuit which they claim is "fact-free"? If this lawsuit was truly "fact-free", a Court would not need a proposed Intervener to help it discover that.

## ARGUMENT

An intervenor must satisfy four criteria under Federal Rule of Civil Procedure 24(a)(2):

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Arizonans for Fair Elections v. Hobbs,* 335 F.R.D. 269, 273 (D. Ariz. 2020) (quoting *Wilderness Soc. V. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)). However, "[f]ailure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

**I.  Intervention as of right under Rule 24(a) is not warranted.**

As outlined above, ADP must meet the four-part test laid out by the Ninth Circuit to meet the standards of Rule 24(a).

**ADP does not meet part 4 of the four-part test:**

While ADP claims its interests are not adequately represented by any existing party to this case, that is simply not the case. There are currently 12 lawyers representing the 2

Defendants in this case, including some with notable Democratic Party ties:

- Justin A. Nelson, the 2018 Democratic Nominee for Texas Attorney General.
- Roopali Desai, Legal Counsel to Democratic Senator Kyrsten Sinema and her United States Campaign Committee. Ms. Desai was also Legal Counsel to Democratic Congressman Tom O'Halleran and his United States Congressional Campaign Committee.
- David Andrew Gaona, known as Andy Gaona per his Coppersmith Brockelman PLC Bio and Twitter, has numerous Twitter posts that undermine any claim he will not adequately represent Democrats and Joe Biden. *See* **Exhibit 1**.

ADP cites federal case law that states that Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). In this case, it is very clear that the interests of Democratic Secretary of State Katie Hobbs and her outside counsel of prominent Democratic attorneys are perfectly aligned with ADP. To recap, members of Hobbs' legal team include a lawyer that was the Democratic nominee for Texas Attorney General in 2018, a lawyer who has represented two other prominent Democratic politicians during their respective campaigns, and another lawyer who could easily win a contest for Joe Biden's biggest cheerleader. Defendant Hobbs has clearly made a point of hiring fellow partisans to help her in this case and ADP does not need an additional 8 attorneys to join this case when it is clear that ADP's interests will be well represented by Democrat Hobbs and her team of high profile Democratic lawyers. It appears the intervention is merely a way to dogpile Plaintiffs and Plaintiffs' counsel. It should also be noted that ADP made a point of citing case law holding that "after the primary election, a candidate steps into the shoes of his party, and their interests are identical." *Texas Democratic Party v. Benkiser*, 459 F.3d 582, 588 (5th Cir. 2006). Plaintiffs wholeheartedly agree and are surprised that ADP feels that these interests somehow diverge once a candidate is in office like Defendant Hobbs.

For the reasons stated above, ADP clearly does not meet the fourth part of the test as its "interests are identical" to Democrat Hobbs and her team of lawyers. *Id*.

## II.   ADP does not satisfy Rule 24(b)'s requirements for permissive intervention as there would be clear prejudice Plaintiffs.

ADP points out that when a Court exercises "its discretion to grant or deny permissive intervention, a court must consider whether the intervention will 'unduly delay or prejudice the adjudication of the'" original parties' rights. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (quoting Fed. R. Civ. P. 24(b)(3)). However, ADP somehow neglects to see how adding an additional party, 8 additional lawyers, and additional briefing will not prejudice Plaintiffs. Plaintiffs already have the burden of tackling 12 lawyers and two different sets of briefs, how ADP does not feel that adding an additional 8 lawyers and an additional brief (not including proposed intervenors County Defendants which would add 5 additional lawyers and another brief) would not prejudice Plaintiffs is baffling to say the least. This is especially true given the short timelines that all parties agree we are dealing with in this matter.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully requests that the Court deny ADP's motion to intervene both as a matter of right under Rule 24(a)(2) as it's interests are already adequately represented, and under Rule 24(b), as ADP's intervention would cause clear prejudice to Plaintiffs.

Respectfully submitted this 3rd day of December, 2020

/s Alexander Kolodin

| | |
|---|---|
| Sidney Powell PC | Kolodin Law Group PLLC |
| Texas Bar No. 16209700 | AZ Bar No. 030826 |
| | |
| 2911 Turtle Creek Blvd, Suite 300 | 3443 N. Central Ave Ste 1009 |
| Dallas, Texas 75219 | Phoenix, AZ 85012 |

*Application for admission pro hac vice forthcoming

Of Counsel:

- 5 -

Emily P. Newman (Virginia Bar No. 84265)
Julia Z. Haller (D.C. Bar No. 466921)
Brandon Johnson (D.C. Bar No. 491730)

2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219

*Application for admission pro hac vice Forthcoming

L. Lin Wood (Georgia Bar No. 774588)
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30305-0584
Telephone: (404) 891-1402

Howard Kleinhendler (New York Bar No. 2657120)
Howard Kleinhendler Esquire
369 Lexington Ave. 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2nd, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: */s/ Chris Viskovic*