Alexis E. Danneman (Bar No. 030478)
Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
ADanneman@perkinscoie.com
SGonski@perkinscoie.com

Marc E. Elias*
Bruce V. Spiva*
John Devaney*
John M. Geise*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
JDevaney@perkinscoie.com
JGeise@perkinscoie.com
*Pro hac application to be filed
*Additional Counsel Listed on Signature Page*

*Attorneys for Proposed-Intervenor Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward,<br><br>Plaintiffs,<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, Katie Hobbs, in her official capacity as the Arizona Secretary of State,<br><br>Defendant. | No. 2:20-cv-02321-DJH<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO THE ARIZONA DEMOCRATIC PARTY'S MOTION TO INTERVENE**<br><br>Expedited Election Matter<br><br>Hon. Diane J. Humetewa |

Plaintiffs' Opposition to the Arizona Democratic Party's ("ADP") Motion to Intervene is short on substance and entirely wrong on the law. As a matter of intervention as of right, Plaintiffs do not dispute that ADP meets three out of the four requirements. Plaintiffs' only argument is that ADP's interests are "adequately represented" by the named defendants because some of their lawyers either ran for office as a Democratic candidate a few years ago or have represented Democratic politicians in the past. Of course, each of the lawyers are presently representing elected officials of Arizona in their official capacity. There is no authority that would countenance Plaintiffs' extraordinary position, which presumes that counsel will effectively "represent" the interests of a political party in a lawsuit where they are not in fact serving as that party's counsel, simply because they have some affiliation with that party as a professional or individual (or, as Plaintiffs bizarrely urge, because they have previously tweeted about Democratic politics). The only thing that Plaintiffs get right is that "[c]ourts have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." Pls.' Opp. to Mot. to Intervene at 4 (Dkt. 29). For the reasons discussed in the Motion to Intervene at 6–7, that requirement—like each of the others—is satisfied here.

Plaintiffs' argument as to why the Court should deny permissive intervention is equally meritless. Again, Plaintiffs ignore what the rule and case law actually establish, including the criteria that courts apply in deciding such a motion, in favor of counting the heads of the lawyers who have appeared in the case for the Defendants and whose names appear on the papers of the Intervenors. This is a strange exercise, and not surprisingly Plaintiffs fail to identify any authority that would justify denying intervention on this basis. Plaintiffs have brought this case at the thirteenth hour and seek extraordinary relief that would disenfranchise millions of Arizona voters and turn the democratic process in this state on its head. Intervenors have a clear right to protect their interests. They do not intend for each of their lawyers to file their separate briefs, or for each to seek to have an opportunity to address this Court. The appearance of more than one lawyer on their papers helps ensure that this matter is adjudicated more *quickly*, because it ensures that someone

1 | can be available on the Intervenors' behalf whenever proceedings are scheduled in this matter and that the individual circumstances of counsel will not threaten to conflict with "the short timelines that all parties agree we are dealing with in this matter." Pls.' Opp. to Mot. to Intervene at 5.

For each of these reasons, as well as those set forth in its Motion to Intervene, ADP respectfully requests that the Court order that it be permitted to intervene as a Defendant in this matter as of right or, in the alternative, grant permissive intervention.

| | | |
|---|---|---|
| 1 | Dated: December 4, 2020 | */s Alexis E. Danneman* |

Alexis E. Danneman (Bar No. 030478)
Sarah R. Gonski (Bar No. 032567)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
ADanneman@perkinscoie.com
SGonski@perkinscoie.com

Marc E. Elias*
Bruce V. Spiva*
John Devaney*
John M. Geise*
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211
MElias@perkinscoie.com
BSpiva@perkinscoie.com
JDevaney@perkinscoie.com
JGeise@perkinscoie.com

Laura Hill*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-3349
Facsimile: (206) 359-4349
LHill@perkinscoie.com

Roy Herrera (Bar No. 032901)
Daniel A. Arellano (Bar No. 032304)
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
HerreraR@ballardspahr.com
ArellanoD@ballardspahr.com

*Attorneys for ADP*

* *Seeking Pro Hac Vice Admission*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

                                            */s Indy Fitzgerald*

150395455.2