# Exhibit 5

**FILED**

December 4, 2020

OFFICE OF
APPELLATE COURTS

STATE OF MINNESOTA

IN SUPREME COURT

A20-1486

Tyler Kistner, et al.,

        Petitioners,

vs.

Steve Simon, in his official capacity as the
Minnesota Secretary of State and as a member of the
State Canvassing Board, Margaret H. Chutich,
Gordon L. Moore, III, Regina Chu, and Christian Sande,
in their official capacity as members of the
State Canvassing Board,

        Respondents.

ORDER

On November 24, 2020, petitioners Tyler Kistner, et al., filed a petition under Minn. Stat. § 204B.44 (2018), asking this court to temporarily restrain the State Canvassing Board from certifying the results of the general election held in Minnesota on November 3, 2020, and to require a full recount of the federal and state offices on the ballot for the 2020 general election, conducted with adequate public access and in compliance with Minnesota law. That same day, we ordered the petitioners to file proof showing that the petition was served on the named respondents and that they had complied with the service requirements set forth in Minnesota Statutes § 204B.44(b). We also directed the parties to file briefs addressing the issues of laches, mootness, and finality. On November 30, 2020, we granted the motion of the Minnesota Democratic-Farmer-Labor Party (Minnesota DFL) to intervene in this proceeding.

1

A petition may be filed to correct certain "errors, omissions, or wrongful acts which have occurred or are about to occur," including "any wrongful act, omission, or error of any election judge . . . or any other individual charged with any duty concerning an election." Minn. Stat. § 204B.44(a)(4). The petitioners have the burden to show by a preponderance of the evidence that relief under section 204B.44 is required. *Weiler v. Ritchie*, 788 N.W.2d 879, 882–83 (Minn. 2010).

Petitioners assert three claims: (1) under the First and Fourteenth Amendments to the United States Constitution and Article I of the Minnesota Constitution, (2) under Article III of the Minnesota Constitution, the Separation of Powers Clause; and (3) under the Due Process Clauses of the United States and Minnesota Constitutions, U.S. Const. amend. XIV, Minn. Const., art. I, § 7. Counts I and II rest on challenges to consent decrees entered by the district court that suspended the witness requirement for absentee and mail ballots for the 2020 general election. *See LaRose v. Simon*, No. 62-CV-20-3149, Order (Ramsey Cty. Dist. Ct. filed Aug. 3, 2020); *NAACP-Minn. v. Simon*, No. 62-CV-20-3625, Order (Ramsey Cty. Dist. Ct. filed Aug. 3, 2020); *see also* Minn. Stat. § 203B.07, subd. 3 (2018) (explaining the process for completing the ballot in the presence of another individual). Count III challenges the processes used in some counties for conducting the postelection review. *See* Minn. Stat. § 206.89 (2018).

Respondents—the Secretary of State and the members of the State Canvassing Board—contend that petitioners' claims are barred by laches because they could have sued or asserted these claims earlier in the election process. Similarly, the Minnesota DFL argues that petitioners' delay is inexcusable because their challenges to the procedures that

2

governed the 2020 general election in Minnesota, including the postelection reviews, should have been asserted earlier.

Petitioners disagree. They assert that they did not "slumber" in their rights, but instead filed their petition within a matter of days after the last postelection review was completed, on November 20, 2020.

Laches is an equitable doctrine applied to " 'prevent one who has not been diligent in asserting a known right from recovering at the expense of one who has been prejudiced by the delay.' " *Winters v. Kiffmeyer*, 650 N.W.2d 167, 169 (Minn. 2012) (quoting *Aronovitch v. Levy*, 56 N.W.2d 570, 574 (Minn. 1953)). "The first step in a laches analysis is to determine if petitioner unreasonably delayed asserting a known right." *Monaghen v. Simon*, 888 N.W.2d 324, 329 (Minn. 2016). We have insisted that petitioners move expeditiously under section 204B.44 because the time constraints associated with elections demand diligence in asserting known rights. *See, e.g.*, *Trooien v. Simon*, 918 N.W.2d 560, 561 (Minn. 2018) ("The orderly administration of elections does not wait for convenience.").

Although petitioners assert that the petition was filed shortly after the postelection reviews were completed, their first two claims focus on events that pre-date those reviews, including the suspension of the witness requirement for absentee ballots in the general election or other events that occurred at early voting locations before November 3, 2020. The suspension of the witness requirement was publicly announced in Minnesota well before voting began on September 18, 2020. It was the subject of two proceedings in Ramsey County District Court, followed by consolidated appeals in this court. *LaRose & NAACP-Minn. v. Simon*, Nos. 62-CV-20-3149, 62-CV-20-3265, *appeals filed*, Nos. A20-

3

1040, A20-1041 (Aug. 10, 2020). Given the undisputed public record regarding the suspension of the witness requirement for absentee and mail ballots, petitioners had a duty to act well before November 3, 2020, to assert claims that challenged that procedure; asserting these claims 2 months after voting started, 3 weeks after voting ended, and less than 24 hours before the State Canvassing Board met to certify the election results is unreasonable. We also must consider the impact of petitioners' requested relief on election officials, candidates, and voters who participated in the 2020 general election knowing that the witness requirement was suspended. *Clark v. Pawlenty*, 755 N.W.2d 293, 301 (Minn. 2008). Petitioners' proposed recount of the entirety of the 2020 general election results would cast an unacceptable degree of uncertainty over the election, potentially leaving Minnesotans without adequate elected representation. The proposed full recount, regardless of the vote difference between candidates, *see* Minn. Stat. § 204C.35, subd. 1(b) (2018) (mandating a recount only with certain margins of difference), would impose unacceptable burdens on voters and election officials alike. Counts I and II must therefore be dismissed.

Count III of the petition focuses almost exclusively on the postelection reviews that were conducted after November 3, 2020. *See* Minn. Stat. § 206.89, subd. 2 (prohibiting the start of these reviews "before the 11th day after the state general election"). The facts available to us do not clearly establish that petitioners could have asserted this claim sooner. Laches therefore may not be applicable to this claim.

Count III must nonetheless be dismissed. Minnesota Statutes § 204B.44(b) requires the petitioner to serve the petition on the election official charged with a wrongful act. It is the duty of county auditors or other county or local officials to conduct postelection

4

reviews. *See* Minn. Stat. § 206.89, subds. 1–2, 3. Consistent with this statutory duty, petitioners alleged in connection with their challenges to these reviews that wrongful acts and errors were committed by "county officials." Thus, by their own allegations and under the plain language of section 204B.44(b), petitioners were required to serve *county* election officials with a copy of the petition. Serving the Secretary of State, alone, does not suffice. At the very least, petitioners should have served the petition on the specific county officials named in their petition and supporting affidavits. These election officials, not the Secretary of State, have direct knowledge of the facts regarding the postelection reviews conducted after the November 3 election and, thus, are in the best position to respond to the allegations in the petition.

We directed petitioners to ensure that the petition was served in compliance with Minn. Stat. § 204B.44. They did not file proof that shows any county election officials were served with the petition. Thus, Count III must be dismissed.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the petition filed on November 24, 2020, be and the same is, dismissed.

Dated: December 4, 2020         BY THE COURT:

                                /s/ Lorie S. Gildea
                                Lorie S. Gildea
                                Chief Justice

CHUTICH, THISSEN, and MOORE, III, JJ., took no part in the consideration or decision of this matter.

DIETZEN, Acting Justice, appointed pursuant to Minn. Const. art. VI, § 2, and Minn. Stat. § 2.724, subd. 2 (2018).

5