Sidney Powell (admitted pro hac vice)
Sidney Powell PC
Texas Bar No. 16209700
(517) 763-7499
Sidney@federalappeals.com

Alexander Michael del Rey Kolodin, AZ Bar No. 030826
Alexander.Kolodin@KolodinLaw.com
Christopher Viskovic, AZ Bar No. 035860[1]
CViskovic@KolodinLaw.com
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ  85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward and Michael Ward;<br><br>Plaintiffs;<br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her capacity as Secretary of State of the State of Arizona;<br><br>Defendants;<br><br>Maricopa County Board of Supervisors; and Adrian Fontes, in his official capacity as Maricopa County Recorder;<br><br>Intervenors. | **Case No.**: 2:20-cv-02321-DJH<br><br>**PLAINTIFFS' MOTION TO STRIKE PROPOSED-INTERVENOR ARIZONA DEMOCRATIC PARTY'S MOTION TO DISMISS CASE AND RESPONSE TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

---

[1] District of Arizona admission scheduled for 12/9/2020.

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiffs move to strike Proposed-Intervenor Arizona Democratic Party's ("ADP") Response to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction and Motion to Dismiss ("Motion to Dismiss").

**INTRODUCTION**

Plaintiffs move to strike ADP's Motion to Dismiss for three reasons, (1) the Court has yet to rule on ADP's Motion to Intervene, (2) the expectation of the Court as expressed at the initial hearing on Thursday, December 3, 2020, was that any Intervenors would keep their pleadings to around five pages, and (3) Plaintiffs meet the requirements of Rule 12(f) as discussed below.

As mentioned above, ADP's Motion to Intervene has yet to be ruled on and ADP is not currently a party to this action. The Court, on December 4, 2020, granted Maricopa County Board of Supervisors and Maricopa County Recorder Adrian Fontes' Motion to Intervene and stated "Maricopa County may respond to the TRO and/or file a Motion to Dismiss with the same deadlines set by the Court for the other Defendants to respond (Doc. 28)." Order, ECF No. 32. In the same order, the Court stated it "is aware that a Motion to Intervene has been filed by the Arizona Democratic Party (Doc. 26), but does not rule on that Motion herein." *Id*. As of this moment, the Court has yet to rule on ADP's Motion to Intervene.

In addition, the Court made it clear during the hearing on Thursday, December 3, 2020, that it expected both proposed Intervenors to keep their pleadings to around five pages. Despite the Court's expectation that proposed intervenors keep their pleadings to around five pages, ADP brazenly ignored this direction and filed a nineteen-page motion on December 4, 2020. Making this blatant disregard of the Court's expression even more egregious, the Local Rules of Civil Procedure for the District Court of Arizona makes it clear that "[u]nless otherwise permitted by the Court, a motion including its supporting memorandum . . . may not exceed seventeen (17) pages, exclusive of attachments and any

required statements of facts." LRCiv 7.2(e)(1). ADP's Motion to Dismiss should be struck pursuant to Federal Rule of Civil Procedure 12(f).

## ARGUMENT

A Rule 12(f) movant must demonstrate that the allegedly offending material is either redundant, immaterial, impertinent, scandalous, or constitutes an insufficient defense. *XY Skin Care & Cosmetics, LLC v. Hugo Boss United States, Inc.,* No. CV-08-1467-PHX-ROS, 2009 U.S. Dist. LEXIS 69866, 2009 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009). Courts often require a showing of prejudice by the moving party as well. *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

As will be discussed below, ADP's Motion to Dismiss is immaterial as the Court has yet to grant them the right to intervene, is impertinent as ADP disregarded the Court's instructions, and because ADP's Motion to Dismiss is redundant when compared to Defendant Secretary of State Katie Hobbs' Combined Motion to Dismiss and Opposition to Motion for TRO/Preliminary Injunction, Defendant Governor Ducey's Combined: (a) Motion to Dismiss and (b) Response to Plaintiffs' Motion for TRO and Preliminary Injunction, and Maricopa County Intervenors' Motion to Dismiss and Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

**1. ADP's Motion to Dismiss is Immaterial as the Court has yet to Grant ADP's Motion to Intervene.**

As discussed earlier, the Court has yet to rule on ADP's Motion to Intervene. As a non-party, ADP's Motion to Dismiss is immaterial. ADP has yet to become a party in this matter and the filing of its Motion to Dismiss goes against the Court Order from December 4, 2020, ECF No. 32. In that Court order, the Court explicitly granted Maricopa County the right to intervene and stated it "may respond to the TRO and/or file a Motion to Dismiss with the same deadlines set by the Court for the other Defendants to respond (Doc. 28)." Order, ECF No. 32. The Court also explicitly stated that it "is aware that a Motion to Intervene has been filed by the Arizona Democratic Party (Doc. 26), but does not rule on

that Motion herein." *Id*. What is notably absent in the Court's mention of ADP's Motion to Intervene is any permission to respond to Plaintiffs' TRO and/or file a Motion to Dismiss, which was explicitly granted to Maricopa County in the same order. *Id*.

As the Court has yet to rule on ADP's Motion to Intervene, and did not explicitly give permission to ADP to respond to Plaintiffs' TRO and/or file a Motion to Dismiss as it did to Maricopa County, ADP's Motion to Dismiss should be struck for being immaterial to the case.

**2. ADP's Motion to Dismiss is Impertinent as it clearly ignores the Court's instructions from the December 3, 2020 hearing.**

At the December 3, 2020 hearing in this matter, the Court expressed its expectation that any Intervenors would be limited to around five pages for their Motion to Dismiss if they were given permission to intervene. Not only has ADP yet to receive the Court's permission to intervene, but ADP also completely disregarded the Court's instruction to limit pleadings for intervenors to around five pages. ADP apparently thinks it is above the Court's instruction as it not only filed without first being granted the right to intervene, they also filed a pleading that adds up to nineteen pages, a whole fourteen pages more than what the Court instructed intervenors.

Due to ADP's blatant disregard for the Court's instruction, the Court should find that ADP's Motion to Dismiss is impertinent and grant Plaintiffs' Motion to Strike.

**3. ADP's Motion to Dismiss is Redundant as it mirrors the Motion's filed by both Defendants and Intervenor Maricopa County.**

In addition, ADP's motion would be redundant as its Motion to Dismiss does not bring any new issues that have not already been address by Defendant Secretary of State Katie Hobbs' Combined Motion to Dismiss and Opposition to Motion for TRO/Preliminary Injunction, Defendant Governor Ducey's Combined: (a) Motion to Dismiss and (b) Response to Plaintiffs' Motion for TRO and Preliminary Injunction, and Maricopa County Intervenors' Motion to Dismiss and Response in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

1    ADP starts off its Motion to Dismiss by addressing that Plaintiffs lack standing, exactly what is argued by Governor Ducey and Secretary of State Hobbs. ADP then addresses laches, which was argued by Secretary of State Hobbs. Next, ADP addresses how the Eleventh Amendment bars Plaintiffs' claims, which again was argued by both Governor Ducey and Secretary of State Hobbs. After this, ADP moves to federalism and comity which was also mentioned by Secretary of State Hobbs. ADP goes on to claim that Plaintiffs fail to state a claim on which relief can be granted, which is touched on by every other party that filed a Motion to Dismiss. Finally, ADP states that Plaintiffs are not entitled to a temporary or preliminary injunction which is covered by every other party that filed a Motion to Dismiss as well.

As outlined above, ADP's Motion to Dismiss brings nothing new to the table and should be struck for being redundant.

**4. There would be significant prejudice to Plaintiffs if ADP's Motion to Dismiss is not struck.**

Finally, if Plaintiffs' Motion to Strike is not granted, Plaintiffs will be subjected to significant prejudice. Plaintiffs already have the burden of responding to a twenty-four-page brief from Defendant Secretary Hobbs, a nine-page brief from Defendant Ducey, and an eight-page brief from Maricopa County Intervenors. If the Motion to Strike is not granted, Plaintiffs would have the burden of responding to an additional nineteen pages on top of the forty-one pages it already has to respond to.

## CONCLUSION

The Court should grant Plaintiffs' Motion to Strike ADP's Motion to Dismiss for three reasons, (1) the Court has yet to rule on ADP's Motion to Intervene, (2) the expectation of the Court as expressed at the initial hearing on Thursday, December 3, 2020, was that both proposed Intervenors would keep their pleadings to around five pages, and (3) Plaintiffs meet the requirements of Rule 12(f) as discussed above. For these reasons the pleading should be struck.

Respectfully submitted this 5th day of December, 2020

|  |  |
|---|---|
|  | /s Alexander Kolodin |
| Sidney Powell PC | Kolodin Law Group PLLC |
| Texas Bar No. 16209700 | AZ Bar No. 030826 |
| 2911 Turtle Creek Blvd, Suite 300 | 3443 N. Central Ave Ste 1009 |
| Dallas, Texas 75219 | Phoenix, AZ 85012 |

*Application for admission pro hac vice forthcoming

Of Counsel:
Emily P. Newman (Virginia Bar No. 84265)
Julia Z. Haller (D.C. Bar No. 466921)
Brandon Johnson (D.C. Bar No. 491730)

2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219

*Application for admission pro hac vice Forthcoming

L. Lin Wood (Georgia Bar No. 774588)
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30305-0584
Telephone: (404) 891-1402

Howard Kleinhendler (New York Bar No. 2657120)
Howard Kleinhendler Esquire
369 Lexington Ave. 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5th, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: */s/ Chris Viskovic*