ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

    Thomas P. Liddy (019384)
    Emily Craiger (021728)
    Joseph I. Vigil (018677)
    Joseph J. Branco (031474)
    Joseph E. LaRue (031348)
    Deputy County Attorneys
    liddyt@mcao.maricopa.gov
    craigere@mcao.maricopa.gov
    vigilj@mcao.maricopa.gov
    brancoj@mcao.maricopa.gov
    laruej@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Maricopa County Intervenors*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward, <br><br>    Plaintiffs,<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her official capacity as the Arizona Secretary of State<br><br>    Defendants. | NO. CV20-02321-PHX-DJH<br><br>**MARICOPA COUNTY INTERVENORS' REPLY IN SUPPORT OF MOTION TO DISMISS** |

      Pursuant to Federal Rule of Civil Procedure 9(b), the Intervenor-Defendants Maricopa County Board of Supervisors and Maricopa County Recorder Adrian Fontes

("Maricopa County Intervenors") respectfully reply in support of their motion to dismiss Plaintiff's Complaint (the "Motion").[1] Plaintiffs' response to the Motion misrepresents Arizona case law and misstates the applicable standard under Federal Rule of Civil Procedure 9(b). Most importantly, the Response fails to cite to a single allegation *at all*, much less one that could even remotely support a finding of fraud. Because Plaintiffs fail to "state with particularity the circumstances constituting fraud," as required by Federal Rule of Civil Procedure 9(b), this action must be dismissed.[2]

## I.   Plaintiffs allege fraud.

Plaintiff's entire claim is grounded in an assertion—a baseless one—of widespread election fraud. (*See* Doc. 1, ¶¶ 1-5, 10, 11, 19, 21, 44, 45, 49, 53, 54, 57-59, 61, 67, 92, 98, 108, 117, 126, 128, 129, 136, and 138-141). The word fraud, or some derivative thereof, is stated 56 times throughout the Complaint. The first sentence of the Complaint states, "this civil action brings to light a massive election fraud" and Plaintiffs request a declaration of fraud from this court. (*Id*. at ¶ 1 and *Prayer for Relief* ¶¶ 7-8). Likewise, their Response unequivocally states this case alleges, "ballot fraud," and that all the claims set forth in the complaint are "part of a *larger scheme of election fraud* that affected the result." (Doc. 44 at 23, 24 (*emphasis added*)). Yet, Plaintiffs now inexplicably assert that a showing of fraud is not necessary to prevail and, therefore, Rule 9(b)'s clear dictates need not apply. Plaintiffs are incorrect.

### A. A party asserting election fraud must prove fraud to prevail.

The Response sets out the ludicrous proposition that in a case alleging "ballot

---

[1] If the Court holds argument, as it indicated in its most recent Order that it would, (Doc. 51), the Maricopa County Intervenors will participate. However, they believe the motions to dismiss could be decided without argument, on the submitted papers, if the Court is inclined to do so.

[2] At the telephonic hearing on December 3, 2020, the Court asked whether the election materials used in the November 3, 2020, election (such as the software, tabulators, printers, logs, etc.) are preserved. They are. The County preserves the software, logs, and ballots cast for two years, in accordance with state law. The tabulators and printers are stored in the Maricopa County Tabulation and Elections Center until they are used in the next election.

fraud" the Arizona Supreme Court has ruled that "a showing of fraud is not necessary." (Doc. 44 at 23). The Arizona Supreme Court issued no such ruling. In *Miller v. Picacho Elementary School District Number 33*, 179 Ariz. 178, 180 (Ariz. 1994), the only case Plaintiffs cite, the court ruled that if one does not allege fraud in a challenge to ballot procedures, one need not prove fraud to prevail. *Id*. Here, Plaintiff's entire complaint is based in allegations of fraud.

Moreover, the Response completely misrepresents long-standing Arizona precedent with respect to claims of election fraud. In *Hunt v. Campbell*, the Arizona Supreme Court held that claims of election fraud must be made with "sufficient proof to establish (the) charge," going on to state that "no court . . . is permitted to found its judgment upon mere suspicion and conjecture of wrongdoing, but, unless there be satisfactory evidence to the contrary, to look upon the acts of public officials with a presumption of their rectitude and good faith." 19 Ariz. 254, 264 (Ariz. 1917).

**B. The Federal Rules of Civil Procedure apply in Federal Court.**

To the extent Plaintiffs are asserting that the Federal Rules of Civil Procedure do not apply to this election contest, they are mistaken. Although Plaintiffs sprinkle citations to state law throughout their Complaint, it raises claims under § 1983 based on the U.S. Constitution's Fourteenth Amendment and the Elections and Electors Clauses. Plaintiffs do not address why they think the federal rules do not apply to federal claims in federal court.

Further, it is well-established that Rule 9(b)'s particularity requirement also applies to state-law causes of action. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule."

*Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) (emphasis in original); *see also Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir.1996) (applying Rule 9(b) to pleading of state-law cause of action); *Minger v. Gre*en, 239 F.3d 793, 800 (6th Cir.2001) (same); *Roberts v. Francis*, 128 F.3d 647, 650–51 (8th Cir.1997) (same).

Finally, even if the Arizona Rules of Civil Procedure apply, which they do not, the same Rule 9(b) standard applies. Arizona Rule of Civil Procedure 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This is the same whether fraud is claimed as a basis of an action for damages or as a defense. *Wilson v. Byrd*, 79 Ariz. 302 (Ariz. 1955). Similar to the Federal rules, bare allegations that a thing is "fraudulent" are insufficient to comply with the rule. *In re Cassidy's Estate*, 77 Ariz. 288 (1954); *cf. Bender v. Bender*, 123 Ariz. 90, 94 (Ariz. Ct. App. 1979) ("Fraud is never presumed, but must be alleged; therefore the party who seeks fraud as a defense must plead it with particularity.") (citing *Hunt v. Campbell*, 19 Ariz. 254 (Ariz. 1917)).

**II.     Plaintiffs pled no facts to support a finding of election fraud.**

As is the case here, and addressed at length in the Motion, "[w]hen an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  Plaintiffs' Response does not cite a single fact alleged in the Complaint to support their fraud claims and instead reasserts broad, conclusory statements with no factual support.

Plaintiffs request the extraordinary relief of setting aside the results of the election based on blanket assertions of fraud for which, more than a month after the election, they have no factual basis. This is the sixth lawsuit in which Maricopa County's elections practices have been called into question; all six of these cases were either voluntarily dismissed or dismissed by the courts, and yet Plaintiffs continue to assert claims of wrongdoing with absolutely no factual support alleged. These repeated attacks continue

to cause significant harm to the election process and to the dedicated election employees who have worked tirelessly day after day in support of this Country's vital electoral process. Defendant is hard-pressed to find an instance where the requirements of Rule 9(b) could be more necessary and consequential. As the *Bly-McGee* court aptly stated,

> Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

For these reasons, this Court should dismiss this Complaint with prejudice under Rule 9(b).

**RESPECTFULLY** submitted this 6th day of December, 2020.

        ALLISTER ADEL
        MARICOPA COUNTY ATTORNEY

BY: */s/Thomas P. Liddy*
      Thomas P. Liddy
      Emily Craiger
      Joseph I. Vigil
      Joseph J. Branco
      Joseph E. LaRue
      *Attorneys for Maricopa County Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/ V. Sisneros*
S:\CIVIL\CIV\Matters\EC\2020\Bowyer v. Ducey EC20-0063\Pleadings\Bowyer_Motion to Dismiss_DRAFT 4_ tro included FINAL.docx