1  Roopali H. Desai (024295)
   D. Andrew Gaona (028414)
2  Kristen Yost (034052)
3  **COPPERSMITH BROCKELMAN PLC**
   2800 North Central Avenue, Suite 1900
4  Phoenix, AZ  85004
   T:  (602) 381-5478
5  rdesai@cblawyers.com
   agaona@cblawyers.com
6  kyost@cblawyers.com

7  Justin A. Nelson (admitted *pro hac vice*)
8  **SUSMAN GODFREY L.L.P.**
   1000 Louisiana, Suite 5100
9  Houston, TX 77002-5096
   T:  (713) 651-9366
10 jnelson@susmangodfrey.com

   Stephen E. Morrissey (admitted *pro hac vice*)
   **SUSMAN GODFREY L.L.P.**
   1201 Third Avenue, Suite 3800
   Seattle, WA 98101-3000
   T:  (206) 516-3880
   smorrissey@susmangodfrey.com

   Stephen Shackelford (admitted *pro hac vice*)
   **SUSMAN GODFREY L.L.P.**
   1301 Avenue of the Americas, 32nd Floor
   New York, NY 10019-6023
   T:  (212) 336-8330
   sshackelford@susmangodfrey.com

   Davida Brook (admitted *pro hac vice*)
   **SUSMAN GODFREY L.L.P.**
   1900 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
   T:  (310) 789-3100
   dbrook@susmangodfrey.com

11
12 *Attorneys for Defendant Arizona Secretary of State Katie Hobbs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyler Bowyer; Michael John Burke; Nancy Cottle; Jake Hoffman; Anthony Kern; Christopher M. King; James R. Lamon; Sam Moorhead; Robert Montgomery; Loraine Pellegrino; Greg Safsten; Salvatore Luke Scarmardo; Kelli Ward; and Michael Ward, <br><br>Plaintiffs, <br><br>v. <br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona; and Katie Hobbs, in her official capacity as Arizona Secretary of State, <br><br>Defendants. | No. CV-20-02321-PHX-DJH <br><br>**DEFENDANT ARIZONA SECRETARY OF STATE KATIE HOBBS' AND MARICOPA COUNTY INTERVENORS' MOTION TO STRIKE FACT WITNESS TESTIMONY AND EVIDENTIARY OBJECTIONS** |
| Maricopa County Board of Supervisors; and Adrian Fontes, in his official capacity as Maricopa County Recorder, <br><br>Intervenors. | |

{00526189.2 }
7775568v1/017030

**Motion to Strike**

Plaintiffs' Complaint (Doc. 1) incorporates by reference affidavits from a collection of fact witnesses, and those witnesses' testimony is also incorporated by reference into Plaintiffs' TRO application and motion for preliminary objection. The affidavits from Plaintiffs' purported percipient witnesses are irrelevant, inadmissible, and devoid of any evidentiary value for the drastic relief they seek by their motion. They do not provide any plausible support for Plaintiffs' complaint, for the unprecedented relief they seek in this action, or for their motion.

In advance of the meet and confer the parties held on December 6, 2020 in accordance with the Court's minute order of December 4, 2020, Plaintiffs initially identified 17 fact witnesses that they said they "may" call at the evidentiary hearing. Defendants promptly pointed out the obvious impossibility of calling this many fact witnesses (to say nothing of Plaintiffs' six expert witnesses) during their one-hour portion of the hearing. Plaintiffs responded that, if the evidentiary hearing proceeds as scheduled on Thursday, December 10, 2020, ***they would offer no live fact witnesses***, and instead would submit any fact witness testimony through declarations of the ten proposed witnesses from whom they had produced affidavits. During the meet and confer, Plaintiffs also indicated that they would make any witness for whom testimony is presented by affidavit available for live cross-examination, but given the limited time allocations Defendants and Defendant Intervenors would be severely prejudiced if Plaintiffs introduce all of their direct testimony through declarations and require Defendants and Defendant Intervenors to use all of their time to cross them.

While Defendants and Defendant Intervenors do not believe there is any need to consider testimony from any of Plaintiffs' witnesses, they object to Plaintiffs' demand to introduce their witness testimony by declaration for the reasons stated below.

A.  **Dominion-Related Witnesses**

1.  **"Venezuela Smartmatic Affidavit" (Doc. 1-2, Ex. 1)**. As their lead witness, plaintiffs offer this redacted affidavit from an undisclosed person who claims to

have had some involvement in rigging elections in Venezuela who claims to be "of sound mind." *Id.* ¶ 1. The first nineteen paragraphs are focused on elections in Venezuela using voting machines made by a company called "Smartmatic." *Id* ¶¶ 2-19. After a brief foray into other Latin American countries, *id.* ¶ 20, the affiant then asserts that "the Smartmatic software is in the DNA of every vote tabulating company's software and system," including Dominion. *Id.* ¶ 21. No foundation is offered for these conclusory assertions, and the witness does not purport to have first-hand knowledge of what s/he says.

The witness then asserts that "Dominion and Smartmatic did business together," that Dominion software has "fundamental flaws" that provide "opportunities to corrupt the data, and that "[t]he software decides the result regardless of what the voter votes." *Id.* ¶¶ 22-23. Again, the witness does not state anything that could support an inference that s/he is qualified to assess *Dominion*'s software or that s/he has *any* first-hand knowledge regarding *Dominion* software. The testimony appears to be pure speculation.

The affiant then returns to another discussion of events in Venezuela that bear no logical connection to an election in the United States. *Id.* ¶¶ 24-25. And then, finally, the affiant reaches the 2020 election in the United States, stating that s/he was "alarmed" as election results were announced and somehow found them to be "eerily reminiscent" of Venezuela. *Id* ¶ 26. According to the witness's sworn testimony, "vote counting was stopped," and "[t]hen during the wee hours of the morning, when there was no voting occurring and the vote count reporting was off-line, something significantly changed." *Id.* The witness asserts that "the very next morning there was a very pronounced change in favor of the opposing candidate, Joe Biden." *Id.* It's unclear how the witness could possibly have any foundation for this statement, let alone for making it under oath and under penalty of perjury, if it is intended to pertain to the election results *in Arizona*—in Arizona, Joe Biden of course was leading by more than 90,000 votes on election night, and that lead diminished as additional votes were counted over the ensuing days.

1    None of this is conceivably relevant or admissible under FRE 401-403, and none of it provides any basis to question the fairness and accuracy of the presidential election results in Arizona and should be struck.

**2.   "TM" (Doc. 1-5, Exh 13).**

In similarly opaque fashion, the TM declaration is anonymous and thus inadmissible on its face. During the parties' meet and confer, Counsel for the Secretary asked for any caselaw supporting the admissibility of an anonymous fact witness and Plaintiffs could provide none. That should be the end of the inquiry. Even if the Court can somehow ignore this critical flaw, the substance of the declaration bears no connection to the allegations in Plaintiffs' Complaint.  Its central thesis is that there are backdoors in certain voting machines that allow people to change votes using algorithms, and that this happened in Michigan, Arizona, Georgia, and Wisconsin. There is also testimony that President Obama and President-Elect Joe Biden colluded to rig elections in an unnamed county. The declarant has no meaningful or discernable qualifications to opine on any of the subjects of their report, nor do they employ any accepted methodology. In fact, they lack any personal knowledge of the theories disclosed.

None of this is conceivably relevant or admissible under FRE 401-403, and none of it provides any basis to question the fairness and accuracy of the presidential election results in Arizona and should be struck.

**3.     Joseph Oltmann (Doc. 1-3, Ex. 6).** Mr. Oltmann lives in Colorado and describes himself as the founder of an organization that seeks "to restore constitutional integrity to our community and empower those in our community to stand up to state and national leadership that intends to suppress the rights of individuals holistically." *Id*. at 1. He states that he seeks to "infiltrate Antifa meetings and de-mask those Antifa members who are journalists in the mainstream media in Colorado specifically." *Id*. Mr. Oltmann than recounts several out-of-court statements he claims to have heard someone named "Eric" who was allegedly affiliated with Dominion Voting Systems say at an

1  Antifa meeting he claims to have infiltrated, during which this person allegedly
2  expressed antipathy towards President Trump and skepticism as to his prospects in the
3  election. *Id.* at 2.
4        Mr. Oltmann claims that, after the election, he learned that a person named Eric
5  Coomer was affiliated with Dominion Voting Systems in some capacity, and that he
6  then conducted a review of Mr. Coomer's social media, during which he found
7  additional out-of-court statements expressing antipathy towards President Trump. *Id.* at
8  4. The purported statements of Mr. Coomer that Mr. Oltmann recounts are hearsay, and
9  thus inadmissible under FRE 801-803. Further, Mr. Oltmann does not purport to have
10 any first-hand knowledge about Mr. Coomer's role at Dominion, any alleged
11 manipulation of Dominion voting machines, or the impact of any such manipulation on
12 the election. He offers only vague speculation on those subjects. That speculation is
13 inadmissible and irrelevant under FRE 401-403. And Mr. Oltmann's statement is
14 subject to FRE 403 for the further reason that he does not say anything at all about
15 Arizona.
16       **4.**     **Ana Mercedes Diaz Cardozo (Doc. 1-3, Ex. 8).** This witness discusses
17 her involvement in elections and with election equipment in Venezuela, and elsewhere
18 in South and Central America, and her studies of elections in those parts of the world.
19 Based on her studies, the witness believes it is important that election systems have
20 "processes and mechanisms designed to prevent voting manipulation and fraud." *Id.* ¶
21 17. She discusses her knowledge of Venezuela's use of an election management system
22 called "Smartmatic" in 2004, *id.* ¶ 10, but she draws no connection between that system
23 and anything in the United States at any time, let alone currently. She does not mention
24 Arizona, and does not appear to have anything relevant to say pertaining to Plaintiffs'
25 claims or the relief Plaintiffs seek. Her testimony is irrelevant and inadmissible under
26 FRE 401-403.
27       **5.**     **Harri Hursti (Doc. 1-14, Ex. 7).** This is a copy of a thirty-four-page
28 declaration, plus exhibits, that apparently was filed in a prior case in Georgia. It relates to

the configuration and operation of Dominion voting machines in Georgia, suggests the machines and software were potentially vulnerable to manipulation or error in certain respects, and suggests ways to improve them. The statement says nothing about Arizona, and it draws no connection between the systems and software used in Georgia and that used in Arizona. The statement is irrelevant and inadmissible under FRE 401-403.

  **6.**   **Ronald Watkins (Doc. 1-6, Ex. 14).** Mr. Watkins purports to walk through the Dominion voting system with citation to various documents. But beside saying he has "nine years of experience as a network and information defense analyst," he provides no information about his employment or background. Accordingly, he does not establish any qualifications whatsoever for offering his opinion on the Dominon voting system, and his declaration should not be permitted.

**B.**   **Arizona-Specific Witnesses**

  **7.**   **Greg Wodynski. (Doc. 1-10, Ex. 22).** Mr. Wodynski claims to have been a "Digital Adjudication Observer" in Maricopa County. Mr. Wodynski states that a Dominion employee named "Bruce" told him that he could not validate the chain of custody for a "daily second disk backup" (*i.e.,* not the original ballots, the original electronic case of the ballots, and not the first backup of that scan). *Id.* ¶¶ 11-12. Mr. Wodynski also expressed concerns about "Bruce's" handling of certain data files. *Id.* ¶ 13. Mr. Wodynski does not claim to have knowledge of *any* illegal vote that was counted or *any* lawful vote that was not, and he does not claim that the Dominion voting machines and software actually were manipulated or compromised in any way. Thus, Mr. Wodynski's statement does not seem to have any relevance that would support its admissibility under FRE 401-03. And the statements he attributes to "Bruce" are hearsay. FRE 801-03. According, the testimony should not be permitted.

  **8.**   **Diane Serra (Doc. 1-3, Ex. 5).** Ms. Serra claims she was a poll observer in Maricopa County. She expresses concern that she was able to provide only "less than effective" oversight and "no meaningful oversight" in the signature verification room and the envelope separation room on two separate days, and that she was physically

distanced from bi-partisan poll workers and election officials who were administering the election. *Id.* She also states that she "felt unwelcome" at one polling location after expressing her interest in "Big Band music," while indicating that another polling site she observed had a relatively "friendly atmosphere." *Id.* at 3. At one polling location she observed voters having issues with "over-votes" in an unspecified race and apparently had some question in her mind as to whether the poll workers provided appropriate guidance. *Id.* at 4. She had some involvement in identifying ballots to be included in the "hand count" audit at a polling location, and further states the hand count in that location was limited to ballots cast on election day." *Id.* at 5. Finally, Ms. Serra speculates that someone could have manipulated the Election Day votes if they had known they would not be included in the audit. *Id.* at 5. The last statement is objectionable under FRE 401-403 as Ms. Serra does not purport to have knowledge of any vote manipulation and is merely speculating. Because Ms. Serra does not identify any basis for concluding any illegal vote was counted or any lawful vote was not, her statement does not have any relevance to the Complaint or the requested relief and should not be permitted.

9. **Judith Burns (Doc. 1-10, Ex. 21).** Ms. Burns claims she was a poll observer in Maricopa County on October 20-21 (at the Maricopa County Tabulation and Election Center) and October 28, 2020 (in Surprise). *Id.* ¶ 1. Ms. Burns describes how far away she was from the tables where poll workers were conducting signature verifications, and states that she observed that there was one Republican and one Democrat at each table that were verifying signatures. *Id.* ¶ 2. She indicates that poll workers explained various aspects of their process. *Id.* And, when she worked at the Surprise location, there was some difficulty sealing envelopes. *Id.* ¶ 3. Ms. Burns' testimony is not relevant to the claims in the complaint or the relief Plaintiffs seek, and it is thus inadmissible under FRE 401-403 and should not be permitted.

10. **Linda Brickman (Doc. 1-10, Ex. 23).** Ms. Brickman is the 1st Vice Chair of the Maricopa County Republican Party. Doc. 1 at Ex. 23. Ms. Brickman attended the

1  post-election "Logic & Accuracy" certification of Dominion machines on November
2  18, 2020. *Id.* She states there initially were some problems with the machines in
3  Maricopa County. Doc. 1 at 2. Apparently, the problems were resolved, and the
4  machines functioned properly during a second test. *Id.* at 3. Ms. Brickman nonetheless
5  declined to sign the certification. *Id.* Ms. Brickman also describes various issues she
6  claims to have observed while working as a poll worker, including signature matching
7  standards that she viewed as inconsistent, handwriting that she considered to be the
8  same on multiple envelopes, and a duplicate ballot created as a replacement for a
9  spoiled ballot that was erroneously read by the tabulation machine as a Biden ballot
10 rather than a Trump ballot (Ms. Brickman states that she is unaware whether the error
11 was corrected). *Id.* at 4-5. Ms. Brickman also was disappointed that there were not more
12 observers allowed. *Id.* at 5. Finally, Ms. Brickman states than an unspecified number of
13 ballots were rejected as "overvotes" when voters both filled in the bubble for a
14 candidate and wrote in the candidate's name. *Id.*

15      Ms. Brickman does not provide evidence of any problem with Dominion voting
16 machines on Election Day. She does not claim fraud. She does not identify any number
17 of illegal votes cast or legal votes uncounted that could call into question the results of
18 the election. And she does not identify what, if anything, she did to attempt to address
19 the issues she claims to have identified on Election Day. Her testimony is not relevant to
20 the Complaint or the relief Plaintiffs seek and is thus inadmissible under FRE 401-403.

21      **11.  Mark Low (Doc. 1-10, Ex. 20).** Mr. Low claims he was an election
22 observer. Mr. Low's first ten paragraphs recount various observations and interactions
23 on October 25. *Id.* at 1-10 (e.g., he says a poll worker smiled "behind her mask" when
24 ask for whom she had voted, he states that a Dominion worker was a Republican who
25 encouraged him to trust the process, some of the referees were registered independents,
26 and he speculates that the computer system could be hacked based on his experience
27 watching *Mission Impossible*). It's unclear why any of them would be relevant to
28 anything. Mr. Low then explains that, on Election Day, he learned that a Dominion

worker brought a "back up copy" of the "voter file" back to his hotel. *Id.* at 22. Mr. Low also had various concerns about the handling of overseas ballots. *Id.* at 24-30. Mr. Low does not claim any knowledge relating to Plaintiffs' claim that the Dominion machines were compromised; he does not identify any illegal votes that were cast; and he does not claim that he observed anyone doing anything nefarious. His testimony does not support Plaintiffs' claims or the relief they seek, and so is inadmissible under FRE 401-403.

### Evidentiary Objections

The Secretary and the Maricopa County Intervenor-Defendants hereby assert the following, specific objections to Plaintiffs' exhibits. The Secretary and County note that as the majority of Plaintiffs' exhibits are either purported expert reports or witness affidavits, the Secretary has addressed the former via concurrently filed *Daubert* motions, and the latter via concurrently filed motions *in limine*.

| Exhibit No. | | Evidentiary Objections |
|---|---|---|
| 1 | Redacted – Venezuela Smartmatic Affidavit 11.116.2020 | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 2 | Absentee Survey Analysis – Briggs Rpt. | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 2 A | Absentee Survey Wisconsin Analysis – Briggs Rpt. Re Attachment AZ | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 2 B | Briggs – attachment GA re 5 state Rpt. Absentee Live ID Topline | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 2 C | Briggs – attachment PA re 5 state Rpt. Absentee Live Topline | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |

| | | |
|---|---|---|
| 2 D | Briggs – Attachment WI Unreturned Live Agent Topline [26655] | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 2 E | Briggs – Attachment MI Unreturned Live Agent Topline | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 3 | Re Braynard | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 4 | Brian Teasley – Statistician | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 5 | Diane Serra Declaration (3 sep pdfs for pages 1-3) | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 6 | Joseph Oltmann Affidavit | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 7 | Harri Hursti Declaration Doc 809 US DIST CT 3 8-24-20 | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 8 | Affidavit of Anna Mercedes Diaz Cardozo in ENGLISH | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 9 | Keshel Expert Affidavit | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 9 A&B | Keshel Expert attachment | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |

| | | |
|---|---|---|
| 10 | Andrew W. Appel, *et al.*, "Ballot Marking Devices (BMDs) Cannot Assure the Will of the Voters" at (Dec. 27, 2019) | FRE 401, 403, 802 |
| 11 | State of Texas Secretary of State Report of Review 20 //an 11B | FRE 401, 403, 802 |
| 12 | "Spider" Affidavit Redacted | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 13 | Declaration TPM 11 30 20 Redacted | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 14 | Declaration of Ronald Watkins 11 26 20 | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 15 | Congresswoman Maloney letter re Smartmatica | FRE 401, 403, 802 |
| 16 | Senators Warren etc. letter re Dominion Voting Systems | FRE 401, 403, 802 |
| 17 | Ramsland Declaration | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 18 | Joint FBI CISSA Cyber Security Advisory Exhibit [2305843009225631231] | FRE 401, 403, 802 |
| 19 | Matthew Bromberg, PhD Declaration 11 30 20 | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 20 | Mark Low Declaration | The Secretary has enumerated her objections to Plaintiffs' fact witness |

| | | |
|---|---|---|
| | | affidavits via motions to strike submitted concurrently herewith. |
| 21 | Burns Decl Declaration | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 22 | Linda Brickman Declaration | The Secretary has enumerated her objections to Plaintiffs' fact witness affidavits via motions to strike submitted concurrently herewith. |
| 23 | Burns Decl Declaration | The Secretary does not understand how this exhibit differs from Plaintiffs' Exhibit No. 21, the objections to which she incorporates by reference. |
| 24 | Dr. Briggs Rebuttal | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 25 | Brian Teasley CV / Rebuttal | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 26 | Ramsland CV and sources | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 27 | Phil Waldron CV and sources | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 28 | Spider Sources, 3 documents | The Secretary has filed a *Daubert* motion that addresses her objections to this report. |
| 29 | Dominion Maricopa contract | FRE 401, 403, 802, 901a, 1002 |
| 30 | Dominion User Manual | FRE 401, 403, 802, 901a, 1002 |

| 31 | Staple street SEC Offering Form-D Report | FRE 401, 403, 802, 901a, 1002 |

Respectfully submitted this 7th day of December, 2020.

**COPPERSMITH BROCKELMAN PLC**

By s/ Roopali H. Desai
Roopali H. Desai
D. Andrew Gaona
Kristen Yost

**SUSMAN GODFREY L.L.P.**

Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford
Davida Brook

*Attorneys for Defendant Arizona Secretary of State Katie Hobbs*

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

Thomas P. Liddy
Emily Craiger
Joseph I. Vigil
Joseph J. Branco
Joseph E. LaRue

*Attorneys for Maricopa County Defendants*