Brett W. Johnson (#021527)
Colin P. Ahler (#023879)
Derek C. Flint (#034392)
Ian R. Joyce (#035806)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
         cahler@swlaw.com
         dflint@swlaw.com
         ijoyce@swlaw.com

Anni L. Foster (#023643)
General Counsel
Office of Arizona Governor Douglas A. Ducey
1700 West Washington Street
Phoenix, Arizona 85007
Telephone: 602-542-4331
E-Mail: afoster@az.gov

*Attorneys for Defendant Douglas A. Ducey,
Governor of the State of Arizona*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Bowyer, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>Doug Ducey, et al.,<br><br>    Defendants,<br><br> and<br><br>Maricopa County Board of Supervisors, et al.,<br><br>    Intervenor-Defendants | No. 2:20-cv-02321-DJH<br><br>**Governor Ducey's Objections to Plaintiffs' Exhibit and Witness List for December 10 Hearing**<br><br>Assigned to: Hon. Diane Humetewa<br><br>TRO Hearing Set: December 10, 2020 at 9:30 a.m. |

In accordance with the Court's December 4, 2020 Order, (Doc. 35), Defendant Douglas A. Ducey, Governor of the State of Arizona submits the following objections to Plaintiffs' witness and exhibit lists. In addition to the objections specifically stated below, the Governor also joins in the objections made by Defendant Secretary of State Hobbs and the Maricopa County Intervenor-Defendants.

## **Objections to Plaintiffs' Witnesses**

As a preliminary matter, the Governor objects to Plaintiffs' use of declarations for witnesses to the extent that any such witnesses made available for cross examination. The Governor also objects to the sheer number of witnesses proposed by Plaintiffs, given the limited amount of hearing time.

|    | **Proposed Witness** | **Objection(s)** |
|----|----------------------|------------------|
| 1. | William Briggs, expert | Objection. Mr. Briggs does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). |
|    |                      | Further, the Governor objects to the substance of Mr. Briggs' expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
| 2. | Brian Teasley, expert | Objection. Mr. Teasley does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). |
|    |                      | Further, the Governor objects to the substance of Mr. Teasley's expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
| 3. | Russell James Ramsland, Jr., expert | Objection. Mr. Ramsland does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). |

| | | Further, the Governor objects to the substance of Mr. Ramsland's expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
|---|---|---|
| 4. | Spider, expert | Objection. This witness was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure. (Doc. 35). Plaintiffs have not fulfilled this requirement for "Spider" because they have redacted all identifying information for this witness, thus prejudicing Defendants' ability to prepare for the December 10 hearing. |
| | | Further, "Spider" does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). |
| | | Further, the Governor objects to the substance of "Spider's" expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
| | | The Governor also objects to "Spider's" declaration on the ground that it contains material outside of "Spider's" personal knowledge and lacking foundation. Fed. R. Evid. 602. |
| 5. | Matthew Bromberg, expert | Objection. Mr. Bromberg does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). |
| | | Further, the Governor objects to the substance of Mr. Bomberg's expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
| 6. | Phillip Waldron, expert | Objection. Mr. Waldron does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v.* |

| | | |
|---|---|---|
| | | *Merrell Dow Pharms.*, 509 U.S. 579 (1993). |
| | | Further, the Governor objects to the substance of Mr. Waldron's expert report on the grounds that it was not produced using reliable methods. *Daubert*, 509 U.S. at 590, 600 (1993). |
| 7. | Anna Orth | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor has no additional objections. |
| 8. | Janese Bryant | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor has no additional objections. |
| 9. | Greg Wodynski, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Mr. Wodynski's declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 10. | Les Minkas | Objection. Mr. Minkas' testimony was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure, (Doc. 35), because Plaintiffs have not provided any information regarding Mr. Minkas' expected testimony. |
| 11. | Diane Serra, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Ms. Serra's declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 12. | Judith Burns, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Ms. Burns' declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the |

| | | |
|---|---|---|
| | | hearsay statements therein. |
| 13. | Kathleen Alvey | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor has no additional objections. |
| 14. | Linda Brickman, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Ms. Brickman's declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 15. | Mark Low, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Mr. Low's declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 16. | Redacted Fact Witness "TM," by declaration | Objection.<br><br>This witness was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure. (Doc. 35). Plaintiffs have not fulfilled this requirement for "TM" because they have redacted all identifying information for this witness.<br><br>The Governor further objects to "TM"'s declaration because it contains unqualified expert opinions regarding vote tabulation machines and vote allocation patterns unsupported by any expert disclosure or report. Fed. R. Evid. 702; *See Daubert v. Merrell Dow Pharms.*, 516 U.S. 869 (1993).<br><br>The Governor also objects to "TM"'s declaration on the ground that it contains material outside of "TM"'s personal |

| | | |
|---|---|---|
| | | knowledge and lacking foundation. Fed. R. Evid. 602. Because Plaintiffs have not disclosed the identity of the declarant, this declaration also has not been authenticated by any witness. Fed. R. Evid. 901. |
| 17. | Senator Kelly Townsend | Objection. Senator Townsend's testimony was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure, (Doc. 35), because Plaintiffs simply provide a generic statement that Senator Townsend's testimony will be comprised of "information related to election violations." |
| 18. | "Redacted-Venezuela Smartmatic Affidavit 11.1116.20202," by affidavit | Objection.<br><br>This witness was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure. (Doc. 35). Plaintiffs have not fulfilled this requirement for "Redacted-Venzuela Smartmatic Affidavit 11.116.2020" because they have redacted all identifying information for this witness.<br><br>The Governor further objects to "Redacted-Venzuela Smartmatic Affidavit 11.116.2020" declaration to the extent it contains unqualified expert opinions. Fed. R. Evid. 702; *See Daubert v. Merrell Dow Pharms.*, 516 U.S. 869 (1993).<br><br>The Governor also objects to the "Redacted" individual's declaration on the ground that it contains material outside of the individual's personal knowledge and lacking foundation. Fed. R. Evid. 602. Because Plaintiffs have not disclosed the identity of the declarant, this declaration also has not been authenticated by any witness. Fed. R. Evid. 901. |

- 5 -

| | | |
|---|---|---|
| 19. | Joe Oltmann, by declaration | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Mr. Oltmann's declaration being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 20. | Anna Mercedes Diaz Cardozo, by affidavit | Subject to this witness being made available for cross-examination and the other Defendants' objections, the Governor does not object to Ms. Diaz's affidavit being offered as direct testimony, and the Court deciding what weight (if any) to give the hearsay statements therein. |
| 21. | Ronald Watkins, by declaration | Objection. This alleged declaration is not signed by Mr. Watkins and thus cannot be authenticated. Fed. R. Evid. 901; *see also* 28 U.S.C. § 1746. The declaration also contains unqualified expert opinions on computer security unsupported by any expert disclosure or report. Fed. R. Evid. 702. Further, the material contained in the declaration is outside of the author's personal knowledge. Fed. R. Evid. 602. |
| 22. | "Jane Doe" | Objection. This witness was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to provide a "full and complete witness" disclosure. (Doc. 35). Plaintiffs have not fulfilled this requirement for "Jane Doe" because they have redacted all identifying information for this witness. |
| 23. | Ryan Hartwig | No objection. |

## Objections to Plaintiffs' Exhibits

| | **Exhibit Description** | **Objection(s)** |
|---|---|---|
| 1. | "Dr. Briggs" | Objection.<br><br>This exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). Plaintiffs' vague reference to "Dr. Briggs" does not reasonably identify any document and, for their court-ordered disclosure, Plaintiffs only produced a document titled "BRIGGS REBUTTAL IN MI," which did not have any attachments. As a result, the Governor is left to guess what document Plaintiffs' disclosure references. Because of the vague nature of this disclosure, the Governor reserves the right to make renewed objections to the "Dr. Briggs" exhibit, should Plaintiffs seek to admit it at the December 10 Hearing.<br><br>With that caveat, it appears Plaintiffs are referencing Exhibit 2 to the Complaint and the attachments thereto ("Exhibits 2A-F"). (*See* Doc. 1-2 at 14-50). To the extent this is the document Plaintiffs are referencing, the Governor objects because the document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. The Governor further objects because neither the report nor the attachments can be authenticated by any disclosed witness. Fed. R. Evid. 901. The Governor further objects because the survey data discussed in the report (and the above-referenced rebuttal report from a Michigan proceeding) is irrelevant to this proceeding. Fed. R. Evid. 401. Finally, the Governor objects because the report contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 801.[1] |

---

[1] The Governor acknowledges that hearsay evidence is *sometimes* admissible in preliminary injunction proceedings. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

|   |   |   |
|---|---|---|
| 2. | "Brian Teasley" | Objection.<br><br>This exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). Plaintiffs' vague reference to "Brian Teasley" does not reasonably identify any document—and Plaintiffs did not produce any document titled "Brian Teasley" to the Governor. As a result, the Governor is left to guess what document this disclosure references. Because of the vague nature of this disclosure, the Governor reserves the right to make renewed objections to the "Brian Teasley" exhibit, should Plaintiffs seek to admit it at the December 10 Hearing.<br><br>With that caveat, the Governor assumes that the disclosure is referencing a document titled "Teasley CV-Bio." If this is correct, then the Governor has no objection to the admission of "Teasley CV-Bio." |
| 3. | "Ramsland" | Objection.<br><br>This exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). Plaintiffs' vague reference to "Ramsland" does not reasonably identify any document—and Plaintiffs did not produce any document titled "Ramsland" to the Governor. As a result, the Governor is left to guess what document this disclosure references. Because of the vague nature of this disclosure, the Governor reserves the right to make renewed objections to the "Ramsland" exhibit, should Plaintiffs seek to admit it at the December 10 Hearing. |
| 4. | "Spider Sources, 3 documents" | Objection.<br><br>This exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring |

| | | |
|---|---|---|
| | | Plaintiffs to disclose and exchange exhibits. (Doc. 35). Plaintiffs' vague reference to "Spider Sources, 3 documents" does not reasonably identify any document—and Plaintiffs did not produce any document titled "Spider Sources, 3 documents" to the Governor. As a result, the Governor is left to guess what documents this disclosure references. Because of the vague nature of this disclosure, the Governor reserves the right to make renewed objections to the "Spider Sources, 3 documents" exhibit, should Plaintiffs seek to admit it at the December 10 Hearing.<br><br>With that caveat, the Governor assumes that the disclosure is referencing pages 2, and 10-13 of a produced .pdf titled "Exhibit 3 AZ." The Governor objects to the inclusion of pages 2, 10-13 of "Exhibit 3 AZ" because those pages lack adequate foundation. Fed. R. Evid. 901. There is no witness with the personal knowledge necessary to testify about the content of these pages.  Fed. R. Evid. 602. |
| 5. | "Phil Waldron" | Objection.<br><br>This exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). Plaintiffs' vague reference to "Phil Waldron" does not reasonably identify any document—and Plaintiffs did not produce any document titled "Phil Waldron" to the Governor. As a result, the Governor is left to guess what document this disclosure references. Because of the vague nature of this disclosure, the Governor reserves the right to make renewed objections to the "Phil Waldron" exhibit, should Plaintiffs seek to admit it at the December 10 Hearing. |

**<u>Objections to Plaintiffs' Complaint Exhibits</u>**

The following is a list of exhibits attached to Plaintiffs' Complaint. Many of these exhibits were not listed in Plaintiffs' initial exhibit disclosures, while other exhibits (e.g., the witness declarations) were cross-referenced in Plaintiffs' witness list. Given the vague nature of Plaintiffs' disclosure, the Governor provides objections to these exhibits only in an abundance of caution. However, the Governor objects to the inclusion of any exhibit and witness not specifically listed in Plaintiffs' initial witness and exhibit disclosure, on the grounds that such exhibits were not properly disclosed pursuant to this Court's December 4, 2020 Order. (*See* Doc. 35.)

| Ex. # | Complaint Exhibit | Objection(s) |
|---|---|---|
| 1. | Redacted-Venezuela Smartmatic Affidavit 11.116.2020 | Objection. Document contains unqualified expert opinions. Fed. R. Evid. 702. Document cannot be authenticated, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages. Fed. R. Evid. 602. The Governor further objects to the admission of this document because there are no legitimate grounds for redacting the information contained therein. *See* Fed. R. Evid. 106.  . |
| 2. | Absentee Survey Analysis – Briggs Rpt | Objection.  Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document is also irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 802.  Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |

| | | |
|---|---|---|
| 2A | Absentee Survey Wisconsin Analysis-Briggs Rpt. Re Attachment AZ | Objection.<br><br>Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document is also irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence not subject to any exception, including but not limited to survey data. Fed. R. Evid. 802.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 2B | Brigs– Attachment GA re 5 state Rpt. Absentee Live ID Topline | Objection.<br><br>Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document is also irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 802.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 2C | Brigs – attachment PA re 5 state Rpt. Absentee Live ID Topline | Objection.<br><br>Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document is also irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 802.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |

- 11 -

| | | |
|---|---|---|
| 2D | Brigs – Attachment WI Unretruned Live Agent Topline | Objection.<br><br>Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document is also irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 802.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 2E | Briggs – Attachment MI Unretured Live Agent topline | Objection.<br><br>Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document cannot be authenticated. Fed. R. Evid. 901. Document irrelevant to this proceeding. Fed. R. Evid. 401. Document contains hearsay evidence, including but not limited to survey data. Fed. R. Evid. 802.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 2F | Brigs CV | No Objection. The Governor, however, does maintain his prior objection that Mr. Briggs does not meet the qualifications required of an expert witness under Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, 516 U.S. 869 (1993). |
| 3. | Re Braynard | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the |

| | | |
|---|---|---|
| | | content of these pages. Fed. R. Evid. 602. |
| 4. | Redacted Expert affidavit Statistician | Objection. Document contains unqualified expert opinions regarding vote tabulation machines and vote allocation patterns unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document contains material outside of declarant's knowledge. Fed. R. Evid. 602. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages. Fed. R. Evid. 602. |
| 5. | Diana Serra Declaration (3 sep pdfs for pages 1-3) | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. |
| 6. | Joseph Oltmann Affidavit | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. |
| 7. | Harri Hursti Declaration Doc 809 US Dist Ct 3 8-24-20 | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Document contains unqualified expert opinions. Fed. R. Evid. 702. Document contains material outside of the declarant's personal knowledge and lacking foundation. Fed. R. Evid. 602.<br><br>Further, this exhibit was not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). In addition, Plaintiffs did not include this individual in their witness disclosure. |
| 8. | Affidavit of Anna Mercedes Diaz Cardozo in ENGLISH | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. Document contains unqualified expert opinions. Fed. R. Evid. 702. Document contains material |

- 13 -

| | | |
|---|---|---|
| | | outside of the affiant's personal knowledge. Fed. R. Evid. 602. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages. Fed. R. Evid. 602. |
| 9. | Keshel Expert Affidavit | Objection. Document contains unqualified expert opinions purporting show a statistical analysis of voting patterns in Arizona, unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document contains material outside of affiant's personal knowledge. Fed. R. Evid. 602. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages. Fed. R. Evid. 602.<br><br>Further, this exhibit was not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). In addition, Plaintiffs did not include this individual in their witness disclosure. |
| 9 - A&B | Keshel Expert attachment | Objection. Document contains unqualified expert opinions purporting show a statistical analysis of voting patterns in Arizona, unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages. Fed. R. Evid. 602.<br><br>Further, this exhibit was not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 10. | Andrew W. Appel, *et al*, "Ballot Marketing Devices (BMDs) Cannot Assure the Will of the Voters" | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. Document contains unqualified expert opinions |

- 14 -

| | | |
|---|---|---|
| | | unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document cannot be authenticated by any disclosed witness, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages.  Fed. R. Evid. 602.<br><br>Further, this exhibit was not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 11. | State of Texas Secretary of State Report of Review 20 //and 11B | Objection. Document is irrelevant to the claims in this case. Fed. R. Evid. 401.<br><br> Further, these exhibits (titled "11A and 11B" in the Complaint) were not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 12. | Spider Affidavit Redacted | Objection. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. Document contains unqualified expert opinions purporting show a statistical analysis of voting patterns in Arizona, unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document contains material outside of affiant's knowledge. Fed. R. Evid. 602. Document cannot be authenticated, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages.  Fed. R. Evid. 602. The Governor further objects to the admission of this document because there are no legitimate grounds for redacting the information contained therein. *See* Fed. R. Evid. 106. |
| 13. | Redacted Declaration TPM 11 30 20 Redacted | Objection. Document contains hearsay not subject to any exceptions, including but not limited to the alleged documents sent to "TPM" from various governmental institutions and the handwritten notes contained in the document. Fed. R. Evid. 802. Document is irrelevant to the claims in this |

- 15 -

| | | |
|---|---|---|
| | | case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. Document contains material outside of declarant's personal knowledge. Fed. R. Evid. 602. Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document cannot be authenticated, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages.  Fed. R. Evid. 602. The Governor further objects to the admission of this document because there are no legitimate grounds for redacting the information contained therein.  *See* Fed. R. Evid. 106. |
| 14. | Declaration of Ronald Watkins 11 26 20 | Objection. Document is irrelevant to the claims in this case. Fed. R. Evid. 401. Admission of the document would be more prejudicial than probative. Fed. R. Evid. 403. Document contains material outside of declarant's personal knowledge. Fed. R. Evid. 602. Document contains unqualified expert opinions regarding vote tabulation machines unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document cannot be authenticated, Fed. R. Evid. 901, and there is no witness with the personal knowledge necessary to testify about the content of these pages.  Fed. R. Evid. 602. The document purports to be a declaration but is not signed by the supposed declarant. *See* 28 U.S.C § 1746. |
| 15. | Congresswoman Maloney letter re Smartmatica | Objection. Document does not have any relevance to the administration of the November 3, 2020 General Election in Arizona. Fed. R. Evid. 401.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 16. | Senators Warren etc. letter re Dominion Voting | Objection. Documents do not have any relevance to the administration of the November 3, 2020 |

- 16 -

| | | |
|---|---|---|
| | Systems | General Election in Arizona. Fed. R. Evid. 401. The Governor further objects to the admission of these document because there are no legitimate grounds for redacting the information contained therein. *See* Fed. R. Evid. 106.<br><br>Further, this exhibit was not properly disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 17. | Ramsland Declaration | Objection. Document contains unqualified expert opinions purporting show a statistical analysis of voting patterns in Arizona, unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document contains material outside of declarant's knowledge. Fed. R. Evid. 602. |
| 18. | Joint FBI CISSA Cyber Security Advisory Exhibit | Objection. Document does not have any relevance to the administration of the November 3, 2020 General Election in Arizona. Fed. R. Evid. 401.<br><br>Further, this exhibit was not disclosed under the Court's December 4, 2020 Order requiring Plaintiffs to disclose and exchange exhibits. (Doc. 35). |
| 19. | MCB Redacted Fraud Declaration | Objection. Document contains unqualified expert opinions purporting show a statistical analysis of voting patterns in Arizona, unsupported by any expert disclosure or report. Fed. R. Evid. 702. Document contains material outside of declarant's personal knowledge. Fed. R. Evid. 602. The Governor further objects to the admission of these document because there are no legitimate grounds for redacting the information contained therein. *See* Fed. R. Evid. 106. |
| 20. | Mark Low Declaration | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. |
| 21. | Burns Declaration | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. |

- 17 -

| | | |
|---|---|---|
| 22. | Greg Wodynski | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. |
| 23. | Linda Brickman Declaration | Objection. Document contains hearsay not subject to any exceptions. Fed. R. Evid. 802. |

DATED this 7th day of December, 2020.

SNELL & WILMER L.L.P.

By: /s/ Brett W. Johnson
Brett W. Johnson
Colin P. Ahler
Derek C. Flint
Ian R. Joyce
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

Anni L. Foster
OFFICE OF ARIZONA GOVERNOR
DOUGLAS A. DUCEY
1700 West Washington Street
Phoenix, Arizona 85007

*Attorneys for Defendant Douglas A. Ducey, Governor of the State of Arizona*

## **CERTIFICATE OF SERVICE**

I certify that on December 7, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.


s/ Tracy Hobbs