1
2
3
4

Sidney Powell (admitted pro hac vice)
Sidney Powell PC
Texas Bar No. 16209700
(517) 763-7499
Sidney@federalappeals.com

5
6
7
8
9
10

Alexander Michael del Rey Kolodin, AZ Bar No. 030826
Alexander.Kolodin@KolodinLaw.com
Christopher Viskovic, AZ Bar No. 035860[1]
CViskovic@KolodinLaw.com
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ  85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539

11
12

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page)*

13

IN THE UNITED STATES DISTRICT COURT

14

FOR THE DISTRICT OF ARIZONA

15
16
17
18
19
20
21
22
23
24
25
26
27

Tyler Bowyer, Michael John Burke, Nancy
Cottle, Jake Hoffman, Anthony Kern,
Christopher M. King, James R. Lamon, Sam
Moorhead, Robert Montgomery, Loraine
Pellegrino, Greg Safsten, Salvatore Luke
Scarmardo, Kelli Ward and Michael Ward;

Plaintiffs;

v.

Doug Ducey, in his official capacity as
Governor of the State of Arizona, and Katie
Hobbs, in her capacity as Secretary of State
of the State of Arizona;

Defendants;

Maricopa County Board of Supervisors;
and Adrian Fontes, in his official capacity
as Maricopa County Recorder;

Intervenors.

**Case No.**: 2:20-cv-02321-DJH

**PLAINTIFFS' MOTION IN LIMINE
AS TO DEFENSE EXPERTS**

28

---

[1] District of Arizona admission scheduled for 12/9/2020.

At the outset, Plaintiffs note that they believe making Daubert challenges is inappropriate at the preliminary injunction stage of a case. The US Supreme Court has recognized, due to the urgency of requests for preliminary injunctive relief "a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L.Ed.2d 175, 180. Not only may a preliminary injunction be granted on the basis of declarations, but it may even be granted on the basis of unsworn statements or hearsay. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). Hence, Plaintiffs' position is that this Court should consider every piece of evidence including every expert report submitted by all parties to this case and give them the weight the court feels is due. On Sunday morning, counsel for Plaintiffs met and conferred with counsel for Defendants and Intervenor, pursuant to this Court's order, to attempt to obtain stipulations as to the admissibility of witnesses and exhibits. Unfortunately, an attorney for the Maricopa County Intervenor, derailed this meet and confer with belligerent behavior and threats to "jack up" (i.e. beat up or stab)[2] one of Plaintiff's attorneys and stipulations were unable to be obtained as to the admissibility of any witness or exhibit.

However, if, notwithstanding, the Court feels that this is the appropriate time to entertain Daubert-type challenges then Plaintiffs submit the following Objections to Defendants' designated expert witnesses:

I.    LEGAL STANDARD

The Daubert standard for expert admissibility is codified at FRE 702. However, "[T]he factors identified in Daubert may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his

---

[2] Jack something up. (n.d.) *McGRaw-Hill's Dictionary of American Slang and Colloquial Expressions.* (2006). ("**2.** *tv.* to beat or stab someone. (Underworld.)").

testimony. **Reliable** expert testimony need only be **relevant**, and need not establish every element that the plaintiff must prove, in order to be admissible." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (emphasis supplied). "Expert opinion testimony is **relevant** if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is **reliable** if the knowledge underlying it has a reliable basis in the knowledge and experience **of the relevant discipline**." *Id.* (emphasis supplied).

The experts Plaintiffs have designated have knowledge and experience in the fields of either statistics or cyber-security. The expert reports Defendants have submitted[3] take the form of rebuttal reports to Plaintiffs' experts.

However, as more fully set forth below, unlike the experts Plaintiffs have designated, only one of the experts that Defendants have disclosed holds a degree in statistics or mathematics[4] and none has any sort of cybersecurity background whatsoever. Accordingly they lack the knowledge or experience of the relevant disciplines necessary for their reports and testimony to be considered, or, at the very least, the knowledge or experience of the relevant disciplines necessary to provide rebuttal testimony.

1) Defendant Hobbs designated witness number 6, "Professor Rodden, Professor of Political Science, Senior Fellow at the Hoover Institution and at the Stanford Institute for Economic Policy Research, who is expected to provide expert testimony regarding the information contained in the report he submitted with the Arizona Democratic Party's Motion to Dismiss this action, filed on 12/04/2020.

---

[3] Defendant Hobbs attempts to incorporate the Arizona Democratic Party's experts, and presumably their reports, by reference. By filing this opposition, no admission is made that this is in any way proper. Objection is additionally made to all witnesses and reports submitted by the Arizona Democratic Party because the Arizona Democratic Party is not a party to this case.

[4] This expert did not provide his name in his report, nor did he sign his report, nor has any party filed a motion to seal or a motion for a protective order pertaining to this expert.

a.      Dr. Rodden is expected to provide expert testimony regarding the information contained in the report he submitted with the Arizona Democratic Party's Motion to Dismiss this action, filed on 12/04/2020.

b.      Plaintiffs object to Professor Rodden's qualification on the issues that he is designated for, which Dr. Rodden states his qualifications as follows: "I have expertise in the use of large data sets and geographic information systems (GIS), and conduct research and teaching in the area of applied statistics related to elections. My PhD students frequently take academic and private sector jobs as statisticians and data scientists. I frequently work with geo-coded voter files and other large administrative data sets, including in recent papers published in the Annals of Internal Medicine and the New England Journal of Medicine.

c.      Dr. Rodden has a Ph.D. in political science. His undergraduate degree is also in political science.  He writes that he "received my Ph.D. from Yale University and my B.A. from the University of Michigan, Ann Arbor, both in political science."

d.       His qualifications do not attempt to suggest that he is a Statistician or an expert in the preparation and analysis of statistics.

e.    Dr. Rodden also does not submit himself as an expert in cyber security, cyber forensic analysis or in the signal processing and wireless signal processing domain, with an emphasis on statistical signal processing.

f.    Plaintiffs further object to Dr. Rodden as an expert on the standard of care on his anticipated testimony on statistical opinions or in the analysis of statistics

g.    Plaintiffs further object to Dr. Rodden as an expert in cyber forensics or on the signal processing and wireless signal processing domain, with an emphasis on statistical signal processing because of his lack of credentials or expertise in mathematics and statistics.

2) Defendant-Intervenors Designated Dr. Stephen Daniel Ansolabehere who is designated to opine on Dr. Briggs' reports. Dr. Ansolabehere has a Ph.D. in political science and a B.A. in political science, and while he maintains an extensive resume, including having been a Professor of Political Science, Dr. Ansolabehere does not suggest that he is a Statistician or an expert in the preparation and analysis of statistics or even mathematics, so therefore, Plaintiffs object to testimony as it relates to the analysis of statistics or the preparation thereof.

3) Defendants' designated Professor Gary King also holds only degrees in political science. He does not profess to be a Statistician or an expert in the preparation and analysis of statistics or mathematics, so Plaintiffs would seek to limit his testimony in those areas.  Further Plaintiffs seek to limit his testimony on computer and cyber security cyber operation toolkits for digital forensics and would seek to limit his testimony on that subject.  Defendants have stated that "[h]e further is anticipated to testify on evaluating evidence described and conclusions drawn in several Exhibits in this case offered by the Plaintiffs." Plaintiffs object to this overbroad response which glosses over the substantive issues.

4) Defendant-Intervenors Designated a report that is unidentified but does not purport to be an expert in cyber security, cyber forensic analysis or in the signal processing and wireless signal processing domain, with an emphasis on statistical signal processing,

- 5 -

and his opinions should be limited accordingly. This expert did not provide his name in his report, nor did he sign his report, nor has any party filed a motion to seal or a motion for a protective order pertaining to this expert. Plaintiffs do not see how, in fairness, his report or testimony can be considered at the same time Defendants maintain their objection to a handful of Plaintiffs' witnesses keeping their identities. Even if this is a mere oversight and this expert has been designated, the fact that his name is not linked with his report creates prejudice to Plaintiffs in investigating and attempting to counter-this expert given the short timeframes in this litigation.

Accordingly, the Plaintiffs respectfully request that the Court either admit the experts and exhibits by every party as evidence and give them the weight they are due or prohibit the above experts from testifying and their reports from being considered.

Respectfully submitted this 7th day of December, 2020

*/s/ Howard Kleinhendler*

Howard Kleinhendler (New York Bar No. 2657120)
Howard Kleinhendler Esquire
369 Lexington Ave. 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

Sidney Powell PC
Texas Bar No. 16209700

2911 Turtle Creek Blvd, Suite 300
Dallas, Texas 75219

*Application for admission pro hac vice
forthcoming

Of Counsel:
Emily P. Newman (Virginia Bar No. 84265)
Julia Z. Haller (D.C. Bar No. 466921)
Brandon Johnson (D.C. Bar No. 491730)

2911 Turtle Creek Blvd. Suite 300
Dallas, Texas 75219

Alexander Kolodin
Kolodin Law Group PLLC
AZ Bar No. 030826

3443 N. Central Ave Ste 1009
Phoenix, AZ 85012

*Application for admission pro hac vice Forthcoming

L. Lin Wood (Georgia Bar No. 774588)
L. LIN WOOD, P.C.
P.O. Box 52584
Atlanta, GA 30305-0584
Telephone: (404) 891-1402

.

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on December 7th, 2020, I electronically transmitted the

4    foregoing document to the Clerk's Office using the CM/ECF System for filing and

5    transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

6

7    By: */s/ Chris Viskovic*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28