| | |
|---|---|
| Roopali H. Desai (024295)<br>D. Andrew Gaona (028414)<br>Kristen Yost (034052)<br>**COPPERSMITH BROCKELMAN PLC**<br>2800 North Central Avenue, Suite 1900<br>Phoenix, AZ 85004<br>T: (602) 381-5478<br>rdesai@cblawyers.com<br>agaona@cblawyers.com<br>kyost@cblawyers.com<br><br>Justin A. Nelson (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002-5096<br>T: (713) 651-9366<br>jnelson@susmangodfrey.com | Stephen E. Morrissey (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1201 Third Avenue, Suite 3800<br>Seattle, WA 98101-3000<br>T: (206) 516-3880<br>smorrissey@susmangodfrey.com<br><br>Stephen Shackelford (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019-6023<br>T: (212) 336-8330<br>sshackelford@susmangodfrey.com<br><br>Davida Brook (admitted *pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>T: (310) 789-3100<br>dbrook@susmangodfrey.com |

*Attorneys for Defendant Arizona Secretary of State Katie Hobbs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyler Bowyer; Michael John Burke; Nancy Cottle; Jake Hoffman; Anthony Kern; Christopher M. King; James R. Lamon; Sam Moorhead; Robert Montgomery; Loraine Pellegrino; Greg Safsten; Salvatore Luke Scarmardo; Kelli Ward; and Michael Ward,<br><br>Plaintiffs,<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona; and Katie Hobbs, in her official capacity as Arizona Secretary of State,<br><br>Defendants.<br><br>Maricopa County Board of Supervisors; and Adrian Fontes, in his official capacity as Maricopa County Recorder,<br><br>Intervenors. | No. CV-20-02321-PHX-DJH<br><br>**DEFENDANT SECRETARY OF STATE HOBBS' RESPONSE TO PLAINTIFFS' MOTION TO FILE IDENTIFYING INFORMATION IN AFFIDAVITS UNDER SEAL AND FOR IN-CAMERA REVIEW** |

{00526200.2 }

I.     **Introduction**

Plaintiffs' motion for permission to file under seal identifying information and for in-camera review (Doc. 14) should be denied. It falls woefully short of the stringent standard required to seal a judicial record—let alone designate one for in camera review—in federal court, and is both procedurally and substantively defective.

Procedurally, Plaintiffs' motion fails because it sets forth the wrong legal authority for sealing (relying on state, not federal, rules) and provides no authority at all for in camera review (because there is none that supports their position).

The substance of Plaintiffs' motion is also fatally defective. Despite the Ninth Circuit's clear instruction that a motion to seal may not rely on "hypothesis or conjecture," that is all Plaintiffs offer—vague, non-specific concerns about "potential" harassment or threats. And in camera review—appropriate for privileged documents, state secrets, or confidential government witnesses—is simply not available under these circumstances. Moreover, the relief Plaintiffs seek is highly prejudicial to Defendants because it will significantly impair Defendants' ability to defend against Plaintiffs' allegations, which are already vague and confusing.[1] Even if it were a restriction to the public only, their motion should be denied. Their failure to provide the requisite "compelling" reasons is all the more consequential when compared against the public interest in access to this case—a case that seeks to overturn the votes of millions of Arizonans in a truly unprecedented manner—which could hardly be greater. This Court should deny the motion.

---

[1] This adds to the difficulty Plaintiffs already face due to the insurmountable evidentiary flaws in Plaintiffs' affidavits—affidavits Plaintiffs have incorporated by reference in their Complaint and described as "compelling" and a "conclusive" basis for resolving their claims conclusively in their favor. Courts in other states, including most recently in Michigan and Georgia, have now dismissed Plaintiffs' cookie-cutter conspiracy claims and denied their requested relief, recognizing the critical importance of resolving these frivolous attacks on the democratic process. This Court should do so as well, and should certainly not permit filings under seal or an in camera review.

1  II.     Argument

2         A.     Legal Standard

3         There is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record may only overcome this formidable presumption if it satisfies the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Under this "stringent" standard, a court may only seal records if it finds a "compelling reason" to do so, and must articulate the basis for its ruling, "without relying on hypothesis or conjecture." *Id*. It is required to "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (citation omitted). There is no hard-and-fast rule about what constitutes a "compelling reason," and it is a decision "best left to the sound discretion of the trial court." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

          Local Rule of Civil Procedure 5.6 requires a party seeking to seal a document to "set forth a clear statement of the facts and legal authority justifying the filing of the document under seal." L.R. Civ. 5.6(b). The movant must "(1) describe with particularity the documents or portions thereof for which protection is sought; (2) articulate sufficiently compelling justifications for overriding the strong presumption in favor of public access; and (3) provide specific facts that causally connect the particular documents to their compelling justifications." *Trudel v. Am. Family Mut. Ins. Co.*, No. CV-12-1208-PHX-SMM, 2014 WL 11514327, at *1 (D. Ariz. July 29, 2014).

          B.     Plaintiffs' Motion Is Procedurally Defective.

          As a threshold matter, Plaintiffs cite the wrong legal standard for sealing and fail to meet the requirements of Local Rule 5.6. Rather than cite federal precedent and the Local Rule on this issue, they instead cite to the relevant Arizona rule of civil procedure—perhaps because that standard appears to be less demanding than the federal one. *See* Doc. 14 at 2. They therefore fail to "set forth . . . legal authority justifying the filing of

1  the document under seal." L.R. Civ. 5.6(b). Moreover, they fail to accurately describe
2  how many and which affidavits they actually seek to seal. *Compare* Doc. 14 at 1 (stating
3  that the motion is to file *three* affidavits under seal), *with id.* at 3 (requesting that *four*
4  witnesses remain confidential), *and id.* at 3-6 (describing the need to seal identities of *five*
5  witnesses), *and id.* at 6 (seeking to partially seal *three* exhibits). This does not meet Local
6  Rule 5.6's requirement to "set forth a *clear* statement of the facts." L.R. Civ. 5.6(b)
7  (emphasis added).

8        Plaintiffs' motion for in camera review is also procedurally improper. Plaintiffs
9  cite to no authority whatsoever that would allow them to file a motion for in camera
10 review or to shield the identities of their witnesses from counsel. Although there are rare
11 instances where a motion for in camera review is permitted, or where witnesses'
12 identities may remain undisclosed to opposing counsel, this isn't one of them. *See,*
13 *e.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (holding
14 that in camera review is appropriate to determine whether the crime-fraud exception to
15 the attorney-client privilege applies); *United States v. Dost*, 786 F. App'x 117 (9th Cir.
16 2019) (government may withhold identity of confidential witness in a criminal
17 case); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir.
18 2000) (permitting employee-plaintiffs bringing suit under the Fair Labor Standards Act
19 to shield their identities under the FLSA informant privilege). Put simply, in camera
20 review is entirely inappropriate here, and Plaintiffs provide no authority otherwise.

21       Plaintiffs' Motion should thus be denied as procedurally defective, and the Court
22 need not proceed any further.

23     **C.**    **Plaintiffs Fail to Overcome the Strong Presumption in Favor of Unsealed Judicial Records.**
24

25     Even if their Motion complied with the local rules (it does not), it must fail on its
26 merits. Plaintiffs do not offer anything approaching a "compelling reason" to seal any of
27 the records of any of its witnesses. Although they claim their witnesses generally have a
28 well-founded fear for their own personal physical and economic safety, Plaintiffs provide

nothing more than speculation in support. For example, Plaintiffs observe in passing—without further citation—that lawyers representing the President have "been physically threatened and verbally abused and forced to obtain personal security to protect them," and that law firms doing the same have had their livelihoods "destroyed." Yet they provide nothing more than their own hunch to believe that the same dangers would affect the witnesses here. As such, they have failed to provide the required "articulable facts" to establish an interest in continued secrecy. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006).

Nor do Plaintiffs' justifications for keeping sealed particular affidavits move the needle toward showing compelling reasons for secrecy. Take, for example, the Venezuelan national who claims he was "a direct witness to the creation and operation of an electronic voting system in a conspiracy … [involving] the Venezuelan government." Doc. 14 at 3. Plaintiffs claim that this individual revealed his involvement in the conspiracy at "great risk to himself"—but does not explain why that is so. The Court does not know the degree of this whistleblower's involvement in the creation of the voting system, or what individuals might take issue with that involvement. The Court thus has no facts that could lead it to conclude that there is a risk that the information, if disclosed, would be used to satisfy "private spite or promote public scandal." *Ctr. for Auto Safety*, 809 F.3d at 1097. To keep the affidavit sealed, accordingly, the Court would have to layer conjecture upon conjecture of its own creation.

Next, Plaintiffs ask this Court to keep sealed the affidavits of anonymous analyst-witnesses "Spyder," "TM," and an unnamed cyber expert and trained scientist. Doc. 14 at 4-6. In lieu of providing specific facts showing compelling interests in maintaining secrecy in these individuals' affidavits, Plaintiffs supply pages of jargon and acronyms and a high-level view of these witnesses' conclusions about foreign involvement in the United States' election. This approach may serve to shroud these individuals in an air of intrigue and imply that they are necessarily involved in foreign policy issues too sensitive to even mention in a straightforward manner. However, it does not do much to show why

publication of their affidavits will cause harm.  Were this Court to grant the motion to seal based on this empty factual record rife only with insinuation, then conceivably every government contractor, research scientist, and federal employee affiant whose work touched on issues of international relations could claim that matters of genuine public interest should be shielded from the public.  This would turn the strict standard that disfavors sealed records on its head.

Finally, perhaps Plaintiffs' least compelling sealing argument is for their "expert witness statistician." *See* Doc. 14 at 6.  Plaintiffs' argument for why this witness's identity should be sealed consists of one sentence—that's it.  All that Plaintiffs say is that this purported expert's identity must remain under seal "due to affiants' [sic] expressed concern for his safety and potential harassment or retaliation." Doc. 14 at 6.  This is far short of what is required.  The Court cannot grant the motion based on "hypothesis or conjecture," *Ctr. For Auto Safety*, 809 F.3d at 1097, but that's all Plaintiffs offer—the specter of "*potential* harassment or retaliation." Doc. 14 at 6 (emphasis added).  And nowhere in his affidavit does this expert witness actually "express[] concern for his safety," as Plaintiffs inaccurately claim.  *See* Doc. 14 at 6.  Moreover, it would be profoundly prejudicial to not allow the parties to learn the identity of an expert witness; that information is crucial, so that Defendants and Intervenors may do their *own* research on this expert's qualifications, including reviewing any appearances in other court cases and independently fact-checking his CV.

    **D.**    **The Need for Public Access and Transparency in This Case Could Hardly Be Greater.**

The Court may deny the Motion for the independent reasons that Plaintiffs fail to comply with the procedural requirements for their Motion and they to offer compelling reasons for the relief they seek. Further support for denying the motion, however, rests on the critical importance of public access to this case if it were permitted to proceed to an evidentiary hearing.  This case involves an extraordinary, unprecedented request to overturn the results of the 2020 Presidential election.  If Plaintiffs are permitted to put on

their witnesses (which they should not, for the reasons articulated in the Secretary's *Daubert* motion and motion in limine), it should be made available to not only the 3.4 million Arizona voters whose votes are at stake in this suit, but also to every American and to every supporter of democracy across the globe. The electorate, constantly bombarded with misinformation coming from even the highest levels of government and deeply concerned about whether they can trust the results of this election, deserves to know the identities of Plaintiffs' witnesses so that they may evaluate their credibility (or lack thereof) for themselves. Plaintiffs should not be permitted to continue to make unfounded attacks on the legitimacy of our democratic institutions without any public transparency as to the actual bases (or lack thereof) for their extraordinary claims.

### III.   Conclusion

The Secretary respectfully requests that this Court deny the motion to file under seal and for in camera review.

Respectfully submitted this 7th day of December, 2020.

> **COPPERSMITH BROCKELMAN PLC**
>
> By  s/ Roopali H. Desai
>     Roopali H. Desai
>     D. Andrew Gaona
>     Kristen Yost
>
> **SUSMAN GODFREY L.L.P.**
>     Justin A. Nelson
>     Stephen E. Morrissey
>     Stephen Shackelford
>     Davida Brook
>
> *Attorneys for Defendant Arizona Secretary of State Katie Hobbs*