# Exhibit 1

1  Alexander Kolodin (SBN 030826)
2  Christopher Viskovic (SBN 035860)
   **KOLODIN LAW GROUP PLLC**
3  Alexander.Kolodin@KolodinLaw.com
   CViskovic@KolodinLaw.com
4  3443 N. Central Ave. Ste. 1009
5  Phoenix, AZ 85012
   Telephone: (602) 730-2985
6  Facsimile: (602) 801-2539

7
   Sue Becker (MO 64721)*
8  **Public Interest Legal Foundation**
   32 E. Washington Street, Suite 1675
9  Indianapolis, IN 46204
10 Tel: (317) 203-5599 Fax: (888) 815-5641
   sbecker@publicinterestlegal.org
11 *Pro hac motion forthcoming

12 *Attorneys for Plaintiffs*

13            **SUPERIOR COURT OF THE STATE OF ARIZONA**

14               **FOR THE COUNTY OF MARICOPA**

15

16 | LAURIE AGUILERA, a registered voter in | Case no.:
17 | Maricopa County, Arizona; DONOVAN |
   | DROBINA, a registered voter in Maricopa |
18 | County, Arizona; DOES I-X; | CV2020-014562

19 |                    *Plaintiffs,*               | **VERIFIED COMPLAINT**

20 |            v.                                  | (Expedited Election Matter)

21 | ADRIAN FONTES, in his official capacity as | (Order to Show Cause Requested)
22 | Maricopa County Recorder; CLINT |
   | HICKMAN, JACK SELLERS, STEVE |
23 | CHUCRI, BILL GATES AND STEVE |
24 | GALLARDO, in their official capacities as |
   | members of the Maricopa County Board of |
25 | Supervisors; MARICOPA COUNTY, a |
26 | political subdivision of the State of Arizona; |

27 |                    *Defendants.*              |

28

CLERK OF THE
SUPERIOR COURT
RECEIVED CCC #3
NIGHT DEPOSITORY

2020 NOV 12  PM 7: 21

**FILED**
**BY J. CARDENAS, DEP**

PAID
$333-P
R# 280186075

*(left margin vertical text)* KOLODIN LAW GROUP PLLC  3443 North Central Avenue Suite 1009  Phoenix, Arizona 85012  Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

# SECTION I

## PREFATORY MATTERS

1.1.    Plaintiffs are two individuals who experienced difficulties voting on election day.

1.2.    Plaintiff Laurie Aguilera showed up to the polls on election day and, despite having the right to do so, was unable to cast a ballot.

1.3.    Plaintiff Drobina showed up to the polls on election day and did manage to cast a ballot. However, Defendants' tabulation machine was unable to automatically read and tabulate his ballot with perfect accuracy as the law required.

1.4.    Plaintiffs are conscious of the passions that reports of election-day problems have stirred and the wider context of this litigation. However, Plaintiffs do not wish to have this case sensationalized. Rather, they wish to vindicate their rights as Arizona voters to cast a vote that is not only counted, but is counted according to the processes the law requires, in both this and future elections. Accordingly, they take the unusual step of pointing out, as a prefatory matter, what they are not alleging at this time:

      A.    Plaintiffs are not alleging intentional misconduct on the part of a public official or government worker.

      B.    Plaintiffs are not alleging that the difficulties they experienced disproportionately impacted any given candidate or party.

      C.    Neither Plaintiff is alleging that poll-workers in their case "touched the green button," as is at issue in *Trump v. Hobbs*.

# SECTION II

## PARTIES, JURISDICTION, AND VENUE

2.1.    Plaintiff Laurie Aguilera is a natural person registered to vote in Maricopa County.

2.2.    Plaintiff Laurie Aguilera is an Arizona citizen and a duly registered voter in Maricopa County, Arizona. She is and was, at all times relevant hereto, a registered voter in Maricopa County not on the early voting list.

2.3.    Plaintiff Donovan Drobina is an Arizona citizen and a duly registered voter in Maricopa County, Arizona.

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

2.4.    Does I-X are other individuals similarly impacted. When identified Plaintiffs will seek leave to amend this Complaint to add their true names.

2.5.    All "Arizona citizens and voters" have standing to challenge violations of election law by public officials. *Ariz. Pub. Integrity All. v. Fontes*, No. CV-20-0253-AP/EL, 2020 Ariz. LEXIS 309, at *6-7 (Nov. 5, 2020).

2.6.    Defendant Adrian Fontes is the Maricopa County Recorder. He is being sued in his official capacity.

2.7.    Defendants Clint Hickman, Jack Sellers, Steve Chucri, Bill Gates, and Steve Gallardo are the members of the Maricopa County Board of Supervisors. They are being sued in their official capacity.

2.8.    Maricopa County is a political subdivision of the State of Arizona.

2.9.    All or substantially all of the acts and occurrences giving rise to this Complaint occurred in Maricopa County, Arizona.

2.10.    Pursuant to A.R.S. § 12-401(16) an action against public officers shall be brought in the county in which the officer, or one of server officers holds office.

2.11.    This Court has jurisdiction over this action pursuant to Article 6, § 14 of the Arizona Constitution, and A.R.S. §§ 12-1801, 12-1803, 12-1831, and 12-2021. Given the looming canvassing, certification, and electoral college deadlines, Plaintiffs seek an order to show cause.

2.12.    This Court has jurisdiction over this action pursuant to Article 6, § 14 of the Arizona Constitution, and A.R.S. §§ 12-1801, 12-1803, 12-1831, and 12-2021.

## SECTION III

## FACTS

3.1.    Plaintiffs incorporate by reference the preceding allegations.

*Applicable Deadlines*

3.2.    The Secretary of State (in the presence of the Governor, Attorney General, and Chief Justice) canvasses and certifies results for state and federal offices on the fourth Monday following the election, which is November 30, 2020. A.R.S. 16-642; 648; 650.

3.3.    The Governor of Arizona has until December 8 to appoint a slate of presidential electors to the Electoral College.  3 U.S.C. § 5.  Thus, the state has until December 8 to resolve controversies over the appointment of electors.  *See also* www.archives.gov/electoral-college/state-offiiclas/so-key-dates.

3.4.    On December 14, the electors cast their votes in the meeting of the Electoral College.  3 U.S.C. § 7.

3.5.    On January 6, Congress receives and counts the votes from the Electoral College. 3 U.S.C. § 15.

3.6.    Plaintiff Aguilera seeks to have her claim for injunctive relief to allow her vote to be cured adjudicated (with time for appeal) by November 30, 2020. Plaintiffs also seek to have their claim for injunctive relief for public observation of the electronic-adjudication process decided as expeditiously as possible in case there is any recount utilizing this process.

3.7.    Plaintiffs ideally seek to have their claims for declaratory relief adjudicated (with time for appeal) by the time that Congress receives and counts the votes from the electoral college to allow for the Court's findings to be considered by Congress. However, if this is not possible, there is still value in deciding these matters in advance of the next election.

*How Voter Credits Were Awarded*

3.8.    In Maricopa County, when election-day voters showed up to the polls, they were checked in by poll-workers on tablet-style devices and their names were then logged into the county's electronic pollbook.

3.9.    A ballot was then printed for the voter.

3.10.    Voters then completed their ballots and inserted their ballots into tabulation machines on site.

3.11.    When voters follow the instructions of elections officials, those tabulation machines are supposed to automatically scan and tabulate the ballots of election-day voters with perfect accuracy.

- 4 -

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

3.12. However, upon information and belief, in Maricopa County there is no information on the ballots printed for election-day voters that indicate that specific ballot was given to that specific voter. **Ex. A. [Declaration of former Maricopa County Recorder Helen Purcell]**.

3.13. Upon information and belief, any information that Maricopa County has regarding whose election-day ballots were accurately cast who had their votes "counted" is based solely on the county's record identifying which voters appeared in-person to vote on election day. **Ex. A.**

3.14. Therefore, upon information and belief, in Maricopa County, it would be impossible after election day to ascertain with any certainty whether a particular election-day voter's ballot was counted much less whether all votes contained on any given ballot were tabulated. **Ex. A.**

*Violation of Plaintiff Aguilera's Right to Vote*

3.15. Plaintiff Laurie Aguilera voted in person in Maricopa County on election day, November 3, 2020 alongside her husband Damian Aguilera.

3.16. Neither Plaintiff Aguilera nor her husband are on the early voting list or received ballots by mail. **Ex. B. [Aguilera family ballot status information]**.

3.17. When election-day voters like Plaintiff Aguilera showed up to the polls, they were checked in by poll-workers on tablet-style devices and their names were then logged into the county's electronic pollbook.

3.18. Plaintiff Aguilera and her husband were checked-in to the polls by a poll-worker.

3.19. Plaintiff Aguilera completed her ballot according to the instructions provided by Defendants.

3.20. Plaintiff Aguilera and her husband attempted to feed their ballots into the tabulator as instructed.

3.21. Upon information and belief, when a ballot is successfully read and inserted into a tabulator, the tabulator displays a confirmation that the ballot has been accepted on a small digital readout.

- 5 -

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

3.22.   However, while the tabulator seemingly accepted her husband's ballot without issue, the tabulator failed to display any such confirmation or, upon information and belief, to properly register Plaintiff Aguilera's ballot.

3.23.   A poll worker monitoring the tabulator informed Plaintiff Aguilera that this was strange and not part of the normal course of events.

3.24.   A poll-worker then canceled Plaintiff Aguilera's check-in on the touchpad at the entrance to the polling-place. The cancel button on the check-in pad is <u>not</u> the same thing as the "green button" at issue in *Trump v. Hobbs*.

3.25.   Plaintiff Aguilera then requested a new ballot but, upon information and belief, after consulting  with the Maricopa County Recorder's Office, poll workers refused to provide her with one.

3.26.   As of November 11, 2020, the County's records indicate as follows with respect to Damian Aguilera: "You voted on Election Day. Your ballot was counted." However, the County's records contain no such statement for Plaintiff Aguilera. **Ex. B**.

*Violation of Plaintiff Drobina's Right to Have His Vote Counted by a Perfectly Accurate and Fully Automated Process*

3.27.   Plaintiff Donovan Drobina voted in person in Maricopa County on election day, November 3, 2020.

3.28.   Plaintiff Drobina was not on the early voting list and did not receive a ballot by mail. **Ex. C. [Drobina ballot status information]**.

3.29.   Plaintiff Drobina was checked-in to the polls by a poll-worker. **Ex. C**.

3.30.   Plaintiff Drobina completed his ballot according to the instructions provided by Defendants. **Ex. D. [Drobina declaration]**.

3.31.   Plaintiff Drobina then attempted to insert his ballot into the slot at the top of the tabulator and it was rejected. **Ex. D**.

3.32.   A poll worker had Plaintiff Drobina attempt to put the ballot in the slot at the top of the tabulator twice, and, after it failed to scan both times, the poll worker instructed him to put the ballot in a slot lower down on the tabulator (the "Lower Slot"). **Ex. D**.

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

3.33.   Maricopa County's records as of November 11, 2020, indicate as follows with respect to Plaintiff Drobina: "You voted on Election Day. Your ballot was counted." **Ex. C.**

3.34.   However, as discussed above, upon information and belief, this means only that Plaintiff Drobina checked into the polls on election day and has no bearing on whether Mr. Drobina's vote was automatically read and tabulated with perfect accuracy by Defendants' tabulation machines.

3.35.   Upon information and belief, the slot located on top of the tabulators reads and tabulates a given voter's ballot on site.

3.36.   Upon information and belief, election-day ballots placed into the Lower Slot are not read and tabulated on site.

3.37.   Upon information and belief, election-day ballots placed into the Lower Slot are sent to Defendants' "MCTEC" facility.

3.38.   Upon information and belief, once they reach the MCTEC facility some or all of the ballots placed in the Lower Slot are subject to manual review by human beings to determine voter intent ("Adjudication").

3.39.   Upon information and belief, Defendants' position is that, after election-day ballots placed into the Lower Slot are taken to the MCTEC facility: (1) another attempt is first made there to run such ballots through tabulation machines, and (2) only those ballots that the tabulation machines at MCTEC are unable to automatically read and tabulate with perfect accuracy, in whole or in part, are subject to manual review by human beings to determine voter intent ("Human Adjudication").

3.40.   Regardless of the truth of Defendants' position, due to the lack of any information on an election-day ballot that could tie that ballot back to a given voter, it is impossible for any particular voter whose ballot has been placed in the Lower Slot to ever know whether their particular ballot was subject, in whole or in part, to Human Adjudication.

3.41.   Upon information and belief, Defendants' electronic voting system was also unable to <u>both</u> automatically and perfectly read and record the ballots of at least some

KOLODIN LAW GROUP PLLC

3443 North Central Avenue Suite 1009

Phoenix, Arizona 8012

Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

other election day voters who followed Defendants' instructions. **Ex. E. [Additional declarations].**

### SECTION IV
### CAUSES OF ACTION

4.1.    Plaintiffs incorporate by reference the preceding allegations.

*FIRST CAUSE OF ACTION*

*(Failure to Maintain Statutorily Compliant Electronic Voting System)*

4.2.    Maricopa County utilizes an "electronic voting system" within the meaning of A.R.S. § 16-444(A)(4) wherein "votes are recorded on a paper ballot by means of marking, and such votes are subsequently counted and tabulated by vote tabulating equipment at one or more counting centers."

4.3.    "Vote tabulating equipment" means "apparatus necessary to *automatically* examine and count votes as designated on ballots and tabulate the results." A.R.S. § 16-444(A)(7) (emphasis supplied).

4.4.    By statute, the county's electronic voting system must, "When properly operated, record correctly and count accurately every vote cast." A.R.S. § 16-446(B)(6).

4.5.    In other words, voters have a right to know with certainty that, when they follow the instructions of election officials, their votes will be counted both automatically and perfectly. The acts of Defendants have deprived them of that right.

4.6.    Plaintiffs[1] properly operated Defendants' electronic voting system but, upon information and belief, it failed to both automatically and perfectly read and record some or all of their votes.

4.7.    Even if Defendants could prove that the processes they followed ultimately resulted in the selections on Plaintiff Drobina's ballot being properly recorded, the law requires not just that proper result, but that the proper process be followed to get there.

---

[1] References to plaintiffs should also be taken to refer to those Maricopa County voters who experienced similar issues.

- 8 -

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

1   4.8.    Human Adjudication is a safeguard to be employed when a voter has made a

2   mistake. A ballot cast by a voter who has followed Defendants' instructions should never

3   be subject to human Adjudication.

4

5        WHEREFORE Plaintiffs pray:

6   A. For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable

7      law: That the conduct of Defendants complained of herein constitutes a violation

8      of Plaintiffs' right under Arizona law to have their votes read and tabulated in a

9      fully automated process by a perfectly accurate machine when Plaintiffs operate

10     the Electronic Voting System as instructed.

11

12                        *SECOND CAUSE OF ACTION*

13   *(Failure to Ensure Maximum Degree of Correctness, Impartiality, and Uniformity of*

14                            *Election Procedures)*

15   4.9.    By statute Arizona elections are to be conducted so as to ensure the maximum

16   degree of correctness, impartiality, and uniformity of procedures for voting and

17   tabulating    ballots.    *See   e.g.*   A.R.S.   §§   16-449(B),   16-452(A),   *etc.*

18   4.10.   Defendants conduct elections in Maricopa County.

19   4.11.   The ballots of at least some election-day voters who had properly followed

20   Defendants' instructions, like Plaintiff Aguilera, were rejected by Defendants' on-site

21   tabulators and not counted, while other election-day voters did not experience this issue.

22   4.12.   Upon information and belief, unlike Plaintiff Aguilera, some election-day voters

23   whose ballots were rejected by Defendants' on-site tabulators were given new ballots by

24   Defendants' poll-workers.

25   4.13.   The ballots of at least some election-day voters who had properly followed

26   Defendants' instructions, like Plaintiff Drobina, were rejected by Defendants' on-site

27   tabulators, and instead taken to MCTEC for further processing while other election-day

28   voters did not experience this issue.

4.14.   Human beings are by nature fallible and imperfect.

4.15.   Every human being has biases, conscious or unconscious.

4.16.   Upon information and belief, the ballots of at least some election-day voters who had properly followed Defendants' instructions, like Plaintiff Drobina, were rejected by Defendants' on-site tabulators, and instead subject to Human Adjudication, while other election-day voters did not experience this issue.

4.17.   Some, but not all, election-day voters were provided by Defendants with devices for marking their ballots that bleed through the ballot paper. Upon information and belief, this is responsible for at least some of the difficulties described above.

4.18.   Some, but not all, election-day voters were provided by Defendants with wide-tipped devices for marking their ballots, while other election day voters were provided with narrow-tipped marking devices. Upon information and belief, this is responsible for at least some of the difficulties described above.

4.19.   Defendants could have avoided the issues described above by, among other things, maintaining a statutorily compliant electronic voting system and providing Plaintiff Aguilera with a new ballot.

4.20.   Accordingly, Defendants, in conducting the 2020 general election, did not ensure the maximum degree of correctness, impartiality, and uniformity of procedures for voting and tabulating ballots.

WHEREFORE Plaintiffs pray:

A.      For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable law: That the conduct of Defendants complained of herein constitutes a violation of Defendants' obligation under Arizona law to ensure the maximum degree of correctness, impartiality, and uniformity of procedures for voting and tabulating ballots.

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

- 10 -

*THIRD CAUSE OF ACTION*

*(A.R.S. Const. Art. II, § 21)*

4.21.   A.R.S. Const. Art. II, § 21 provides that "no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

4.22.   Upon information and belief, Defendants interfered with and prevented Plaintiff Aguilera's free exercise of her right of suffrage in that they forced her to use an electronic voting system in which, through no fault of her own, Plaintiff's ballot was rendered unreadable by the voting system Defendants purchased and utilized.

4.23.   Upon information and belief, Defendants interfered with and prevented Plaintiff's free exercise of her right of suffrage in that after Plaintiff opted to spoil her ballot following its rejection by the scanning tabulator, election workers refused to give Plaintiff a second ballot to mark, thereby denying her the opportunity to cure her ballot and denying her the right to vote.

4.24.   In addition, Arizonans possess a right to a "free and equal election" under our state constitution. A.R.S. Const. Art. II, § 21. This right is "implicated when votes are not properly counted." *Chavez v. Brewer*, 222 Ariz. 309, 320, 214 P.3d 397, 408 (App. 2009) (citing A.R.S. § 16-446(B)(6)).

4.25.   Plaintiff Aguilera was entitled to have her vote counted.

4.26.   Upon information and belief, Plaintiff Aguilera's vote was not counted when it should have been.

4.27.   Therefore, upon information and belief, Plaintiff Aguilera's vote was not properly counted.

4.28.   Both Plaintiff Aguilera and Plaintiff Drobina were entitled to have their votes both automatically and perfectly read and recorded.

4.29.   Proper counting of their votes would have required that Plaintiffs' votes be read and recorded in an automated fashion by a perfectly accurate machine.

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone (602) 730-2985 / Facsimile (602) 801-2539

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

4.30.   Upon information and belief, neither Plaintiff Aguilera's vote nor Plaintiff Drobina's vote were read and recorded in an automated fashion by a perfectly accurate machine.

WHEREFORE Plaintiffs pray:

A.   For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable law: That the conduct of Defendants complained of herein constitutes violations of the rights to suffrage and the proper counting of votes protected by *A.R.S. Const. Art. II, § 21.*

B.   For injunctive relief allowing Plaintiff Aguilera to cast a new ballot prior to the certification deadline of November 30, 2020.

## *FOURTH CAUSE OF ACTION*
### *(A.R.S. Const. Art. II, § 13)*

4.31.   A.R.S. Const. Art. II, § 21 provides that "No law shall be enacted granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

4.32.   Accordingly, every election-day voter who fills out a ballot according to Defendants' instructions is entitled to have that ballot treated in the same way.

4.33.   Because of the official acts of Defendants concerning the administration of the 2020 general election complained of herein, some voters, like Plaintiff Aguilera, did not have their ballots counted at all. Meanwhile, some voters, like Plaintiff Drobina, were deprived of the opportunity, afforded to other voters, to have their votes counted via a fully automated and perfect process.

WHEREFORE Plaintiffs pray:

A.   For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable law: That the conduct of Defendants complained of herein constitutes

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

1   violations of the rights to have their ballots treated the same as other, similarly

2   situated, voters pursuant to *A.R.S. Const. Art. II, § 13.*

3

4   *FIFTH CAUSE OF ACTION*

5   *(Failure to Comply with the Election Procedures Manual – Failure to Provide*

6   *Appropriate Opportunities to Correct Mistakes)*

7   4.34.  By statute Arizona elections are to be conducted pursuant to the Election

8   Procedures Manual ("EPM") which has the force of law. A.R.S. § 16-452.[2]

9   4.35.  Pursuant to the EPM, the ballots and marking devices provided to voters must:

10  "Allow the voter to vote for the candidate or ballot measure of choice, allow the

11  voter to vote for or against as many candidates or ballot measures for which they are

12  entitled to vote, and inform the voter if the number of vote choices exceeds the permitted

13  amount or prevent the voter from selecting more than the permitted number of vote

14  choices[.]" EPM Chapter 4(I)(A)(2)(b)(i)(3) at 79.

15  4.36.  Upon information and belief, the ballot and marking device provided to Plaintiff

16  Aguilera did not allow her to vote for or against any candidates or ballot measures.

17  4.37.  Upon information and belief, the ballot and marking device provided to Plaintiff

18  Drobina did not reveal to him that the tabulation equipment would read overvotes on

19  some or all of the races on his completed ballot.

20  4.38.  Pursuant to the EPM, the ballots and marking devices provided to voters must:

21  "Provide the voter with an opportunity (in a private, secret, and independent manner) to

22  correct any error before the ballot is cast and counted or cast a replacement ballot if the

23  previous ballot is spoiled or unable to be changed or corrected." EPM Chapter

24  4(I)(A)(2)(b)(i)(3) at 80.

25  4.39.  Plaintiff Aguilera was not provided with the opportunity to cast a replacement

26  ballot after her previous ballot was spoiled.

27

28  [2]https://azsos.gov/sites/default/files/2019_ELECTIONS_PROCEDURES_MANUAL_A
PPROVED.pdf

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

4.40. Upon information and belief, the ballot and marking device provided to Plaintiff Drobina did not reveal to him upon visual inspection that stray marks would cause one or more races on his ballot to be misread by the tabulation equipment. Hence, he was not afforded the opportunity to correct these errors nor was he afforded the opportunity to cast a replacement ballot that would have allowed his voters to be automatically read and tabulated on site.

WHEREFORE Plaintiffs pray:

A. For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable law: That the conduct of Defendants complained of herein and by Plaintiffs constitutes a violation of their obligation under Arizona law to comply with Chapter 4(I)(A)(2)(b)(i)(3) of the EPM.

### SIXTH CAUSE OF ACTION

*(Failure to Comply with the Election Procedures Manual – Failure to Allow for Public Access)*

4.41. In February of 2019, an Electronic Adjudication Addendum (the "Addendum") was added to the EPM.[3]

4.42. The Addendum provides in pertinent part as follows: "The electronic adjudication of votes must be performed in a secure location, preferably in the same location as the EMS system, but open to public viewing." Addendum(D)(1) at 3.

4.43. Defendants failed to open the location where electronic adjudication occurs to the public.

WHEREFORE Plaintiffs pray:

A. For a declaration pursuant to A.R.S. §§ 12-1831, 41-1034, and other applicable law: That the conduct of Defendants complained of herein and

[3] https://azsos.gov/sites/default/files/Electronic_Adjudication_Addendum_to_the_2019_E lections_Procedures_Manual.pdf

- 14 -

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

by Plaintiffs constitutes a violation of their obligation to open the location where the electronic adjudication of votes is occurring to the public pursuant to Addendum(D)(1).

B.    For injunctive relief requiring the opening the location where electronic adjudication is taking place to the public in further elections, as well as during any additional electronic adjudication that takes place this election (e.g. as a result of a recount).

ADDITIONALLY, Plaintiffs pray:

A.    For their attorneys' fees and costs pursuant to A.R.S. §§ 12-2030, 12-348, common law doctrine, and other applicable law.

B.    For such other relief as this Court deems just and proper.

Respectfully submitted this 12th day of November, 2020

By /s/Alexander Kolodin
Alexander Kolodin
**Kolodin Law Group PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ 85012

*Attorneys for Plaintiffs*

I CERTIFY that a copy of the of the forgoing will be served on Defendants in conformity with the applicable rules of procedure.

By /s/Alexander Kolodin

- 15 -

# VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. My knowledge of course being limited to the facts of my particular circumstances.

11/12/2020
_____

DATE

_____

LAURIE AGUILERA

# Exhibit A

DECLARATION OF HELEN PURCELL

I, Helen Purcell, declare and state as follows:

1.    My name is Helen Purcell. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.    From 1988 to 2017 I served as Maricopa County Recorder.

3.    Upon information and belief, in Maricopa County, there is no information on any given ballot that would tie that ballot back to a specific voter.

4.    Upon information and belief, any information that Maricopa County has on who has voted on election day comes solely from who checked in at the polls on election day.

5.    Therefore, upon information and belief, in Maricopa County, it would be impossible to ascertain with any certainty after election day whether a particular voter's vote was counted, much less fully and accurately counted.

I declare under penalty of perjury that the foregoing is true and correct, except for those statements made upon information and belief, which I reasonably believe to be true.

Executed on ___11/11/2020_____, in ___Maricopa County, Arizona_____.

By _____

Helen Purcell

Exhibit B





✅ Voter Registration Status:

**REGISTERED**

Get My Digital Voter ID Card

👤 Name:

**DAMIAN W AGUILERA**

Change My Name

🏠 Residential Address:

**4214 W LAS PALMARITAS DR**

**PHOENIX**

**AZ 85051**

Change My Address

My Political Party Designation:

  



 Name:

**DAMIAN W AGUILERA**

Change My Name

🏠 Residential Address:

**4214 W LAS PALMARITAS DR**

**PHOENIX**

**AZ 85051**

Change My Address

📋 My Political Party Designation:

**REPUBLICAN**

Change My Political Party

🕐 Permanent Early Voting List:

**NO**

Change My Early Voting Status

 



3:27

🔒 recorder.maricopa.go...

**REPUBLICAN**

Change My Political Party

Permanent Early Voting List:

**NO**

Change My Early Voting Status

# Upcoming Elections

## Upcoming Elections

## 11/3/2020

See Elections Calendar

What's on My Ballot?

## Where Can I Vote?



  



3:27

🔒 recorder.maricopa.go...

## Where Can I Vote?

Whether it's Election Day or before, you have options to vote.

**View All Voting Locations**

## My Ballot Status

11/3/2020

**You voted on Election Day. Your ballot was counted.**

You're not signed up to vote by mail.

**Request a Ballot**



  





✅ Voter Registration Status:

**REGISTERED**

Get My Digital Voter ID Card

👤 Name:

**LAURIE CHRISTINE AGUILERA**

Change My Name

🏠 Residential Address:

**4214 W LAS PALMARITAS DR**

**PHOENIX**

**AZ 85051**

Change My Address

▦ My Political Party Designation:

  



3:31

recorder.maricopa.go...

**My Political Party Designation:**

**REPUBLICAN**

Change My Political Party

**Permanent Early Voting List:**

**NO**

Change My Early Voting Status

# Upcoming Elections

## Upcoming Elections

### 11/3/2020

See Elections Calendar

What's on My Ballot?

Where Can I Vote?

  



🔒 recorder.maricopa.go...

**Upcoming Elections**

## 11/3/2020

See Elections Calendar

What's on My Ballot?

### Where Can I Vote?

Whether it's Election Day or before, you have options to vote.

View All Voting Locations

### My Ballot Status

You're not signed up to vote by mail.

Request a Ballot



|||     ◯     ‹



🔒 recorder.maricopa.go... 🎤 [10+] ⋮

## View All Voting Locations

## My Ballot Status

You're not signed up to vote by mail.

## Request a Ballot

# More Election Information

## Election Security



  

# Exhibit C

 https://recorder.marico   



## Upcoming Elections

## 11/3/2020

See Elections Calendar

What's on My Ballot?

## Where Can I Vote?

Whether it's Election Day or before, you have options to vote.

View All Voting Locations

## My Ballot Status

11/3/2020

**You voted on Election Day. Your ballot was counted.**

You're not signed up to vote by mail.

Request a Ballot

||| ◯ ‹

Exhibit D

# DECLARATION

I declare and state as follows:

1.  My name is <u>DONOVAN DROBINA</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.  I am a registered voter in Maricopa County.

3.  On Tuesday, November 3, 2020, I voted in the general election at the polling place located at Arrowhead Town Center, Glendale AZ (address of polling place – please include city).

4.  I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen. I attempted to insert my ballot into the slot at the top of the ballot box and it was rejected. The poll worker assisting me told me that they had been having issue with the sharpies bleeding through which had been causing issues with the scanner. The poll worker had me try to put the ballot in the slot of the top of the box twice. It failed to scan both times. Then the poll worker had me put the ballot in a slot lower down on the box.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/4/2020</u>, in <u>Peoria</u> (city), Arizona.

DocuSigned by:

902AF774965F43C...

Exhibit E

DECLARATION

I declare and state as follows:

1.      My name is _Joshua Banko_____. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.      I am a registered voter in Maricopa County.

3.      On Tuesday, November 3, 2020, I was working as a clerk for the Maricopa County Elections Department at the polling location located at Paradise Valley Mall in Phoenix, Arizona. I worked there from approximately 5:30 in the morning to approximately 8:15 at night.

4.      Starting at the very beginning of the day, voters began experiencing problems feeding their ballots into the tabulation machine. This caused significant delays in voting and lasted throughout the day. The tabulation machine was telling me that it was detecting errant or extraneous lines outside of the voting section of the ballot. However, in my presence many voters showed their ballot to the elections marshal and the site inspector to demonstrate that there were no errant marks on their ballot. Ballots that were rejected by one machine were tried on the other tabulation machine and in different orientations, always without success. For these reasons I believe that the issue was caused by the use of sharpies at the polling location.  Voters who experienced this issue were told by the marshal that they could spoil their ballot but if they didn't care about the candidate for the section of the ballot where they were having the issue they could double vote and spoil just that vote. The marshal and site inspector encouraged voters to do this instead of spoiling their ballot and obtaining a new one. I would estimate that approximately 80% of voters at this polling location

experienced this issue. There was a steady flow of voters through the location all day with long lines all day.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___11/4/2020_____, in ___scottsdale_____ (city), Arizona.

DocuSigned by:

_Joshua Banko_____
42B4EBE7FA1741F...

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

- 2 -

# DECLARATION

I declare and state as follows:

1.     My name is  _Brian Zeman_____. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.     I am a registered voter in Maricopa County.

3.     On Tuesday, November 3, 2020, I voted in person in at _Biltmore Fashion Park: 2502 E. Camelback Rd._.

4.     I was given a sharpie by the poll workers.

5.     I filled out my ballot. The tabulation machine rejected it three times before finally accepting the ballot.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _11/5/2020_____, in _Phoenix_____ (city), Arizona.

DocuSigned by:

_9100078720844A2..._

# DECLARATION

I declare and state as follows:

1.  My name is ___Courtney Childers___. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.  I am a registered voter in Maricopa County.

3.  On Tuesday, November 3, 2020, I voted in the general election at the polling place located at ___Queen creek library 21802 south Ellsworth rd queen creek___ (address of polling place – please include city).

4.  I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.  Then (please check one):

    Option 1: [ x ] My ballot was rejected and was placed into a special pile.

    Option 2: [  ] My ballot was rejected and I was given the option of filling out a new ballot.

    Option 3: [  ] My ballot was rejected and I was not given the option of filling out a new ballot.

    Option 4: [  ] My ballot was rejected one or more times but was eventually accepted.

    Option 5: [  ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___11/4/2020___, in ___Queen creek___ (city), Arizona.

DocuSigned by:

_Cortney Childers_

21AA94CAD609488...

# DECLARATION

I declare and state as follows:

1.  My name is <u>Jennifer Cline</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.  I am a registered voter in Maricopa County.

3.  On Tuesday, November 3, 2020, I voted in the general election at the polling place located at <u>Precinct 73 Pinal County- Santa Rosa School</u> (address of polling place – please include city).

4.  I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.  Then (please check one):

    Option 1: [ x ] My ballot was rejected and was placed into a special pile.

    Option 2: [    ] My ballot was rejected and I was given the option of filling out a new ballot.

    Option 3: [    ] My ballot was rejected and I was not given the option of filling out a new ballot.

    Option 4: [    ] My ballot was rejected one or more times but was eventually accepted.

    Option 5: [    ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/4/2020</u>, in <u>Maricopa</u> (city), Arizona.

DocuSigned by:

*Jennifer Cline*

0A3A21E19E8349C...

DECLARATION

I declare and state as follows:

1.      My name is ___Jennifer Flores___. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.      I am a registered voter in Maricopa County.

3.      On Tuesday, November 3, 2020, I voted in the general election at the polling place located at ___Anthem Outlets, Anthem Az___ (address of polling place – please include city).

4.      I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.      Then (please check one):

Option 1: [   ] My ballot was rejected and was placed into a special pile.

Option 2: [   ] My ballot was rejected and I was given the option of filling out a new ballot.

Option 3: [   ] My ballot was rejected and I was not given the option of filling out a new ballot.

Option 4: [ × ] My ballot was rejected one or more times but was eventually accepted.

Option 5: [   ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___11/4/2020___, in ___Phienix___ (city), Arizona.

DocuSigned by:

_____
8576C5AAEF0F4B6...

DECLARATION

I declare and state as follows:

1.  My name is <u>Lora Wuollet</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.  I am a registered voter in Maricopa County.

3.  On Tuesday, November 3, 2020, I voted in the general election at the polling place located at <u>4250 W Anthem Way 110, Phoenix, AZ 85086</u> (address of polling place – please include city).

4.  I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.  Then (please check one):

    Option 1: [ x ] My ballot was rejected and was placed into a special pile.

    Option 2: [  ] My ballot was rejected and I was given the option of filling out a new ballot.

    Option 3: [  ] My ballot was rejected and I was not given the option of filling out a new ballot.

    Option 4: [  ] My ballot was rejected one or more times but was eventually accepted.

    Option 5: [  ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/4/2020</u>, in <u>Phoenix</u> (city), Arizona.

DocuSigned by:

<u>Lora</u>

F54637D3EC08440...

DECLARATION

I declare and state as follows:

1. My name is <u>Michael Long</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2. I am a registered voter in Maricopa County.

3. On Tuesday, November 3, 2020, I voted in the general election at the polling place located at <u>21802 S Ellsworth Rd, Queen Creek, AZ 85142</u> (address of polling place – please include city).

4. I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5. Then (please check one):

Option 1: [ x ] My ballot was rejected and was placed into a special pile.

Option 2: [   ] My ballot was rejected and I was given the option of filling out a new ballot.

Option 3: [   ] My ballot was rejected and I was not given the option of filling out a new ballot.

Option 4: [   ] My ballot was rejected one or more times but was eventually accepted.

Option 5: [   ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/4/2020</u>, in <u>Queen Creek</u> (city), Arizona.

DocuSigned by:

*Michael Long*

—0AC1A0CF1961465...

# DECLARATION

I declare and state as follows:

1.    My name is <u>Rebecca Novicki</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.    I am a registered voter in Maricopa County.

3.    On Tuesday, November 3, 2020, I voted in the general election at the polling place located at <u>4250 W Anthem Way, Anthem, AZ</u> (address of polling place – please include city).

4.    I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.    Then (please check one):

Option 1: [  ] My ballot was rejected and was placed into a special pile.

Option 2: [  ] My ballot was rejected and I was given the option of filling out a new ballot.

Option 3: [ x ] My ballot was rejected and I was not given the option of filling out a new ballot.

Option 4: [  ] My ballot was rejected one or more times but was eventually accepted.

Option 5: [  ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/4/2020</u>, in <u>Anthem</u> (city), Arizona.

DocuSigned by:

70C15E690EB940D...

DECLARATION

I declare and state as follows:

1.      My name is <u>Yanive Masjedi</u>. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.      I am a registered voter in Maricopa County.

3.      On Tuesday, November 3, 2020, I voted in the general election at the polling place located at <u>7700 E McCormick Pkwy Scottsdale, AZ 85258</u> (address of polling place – please include city).

4.      I was provided with a sharpie by poll workers to fill out my ballot and was not given the option of using a ballpoint pen.

5.      Then (please check one):

   Option 1: [ x ] My ballot was rejected and was placed into a special pile.

   Option 2: [   ] My ballot was rejected and I was given the option of filling out a new ballot.

   Option 3: [   ] My ballot was rejected and I was not given the option of filling out a new ballot.

   Option 4: [   ] My ballot was rejected one or more times but was eventually accepted.

   Option 5: [   ] My ballot was accepted.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>11/5/2020</u>, in <u>Scottsdale, Arizona</u> (city), Arizona.

DocuSigned by:

*Yanive Masjedi*

3A028E14448546D...

DECLARATION

I declare and state as follows:

1.    My name is ___Zachery Knudsen___. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.    I am a registered voter in Maricopa County.

3.    On Tuesday, November 3, 2020, I voted in person in Scottsdale, Arizona.

4.    I was given a sharpie by the poll workers.

5.    I filled out my ballot. The tabulation machine rejected it three times before finally accepting the ballot.

I acknowledge that Kolodin Law Group PLLC is not my attorney and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ___11/5/2020___, in ___Tempe___ (city), Arizona.

DocuSigned by:

_____
C463F599CA1E49E...

# DECLARATION

I declare and state as follows:

1.  My name is Allyson Miller. I am over eighteen years of age and am competent to testify regarding the matters stated herein. I have personal knowledge of the facts set forth herein.

2.  I am a duly elected member of the Pima County Board of Supervisors.

3.  Although the Pima County Recorder has a great deal of responsibility for elections, part of my responsibilities also involve oversight of Pima County elections.

4.  In that capacity I am familiar with the instructions that we provide to voters. The below is a true and accurate copy of those instructions for the 2020 general election. The below is a true and accurate copy of the instructions we provided to early voters for that election. We advised voters not to use sharpies because they make ballots harder for our tabulators to read. For the 2020 general election, early voters and election-day voters received identical ballots.

KOLODIN LAW GROUP PLLC
3443 North Central Avenue Suite 1009
Phoenix, Arizona 85012
Telephone: (602) 730-2985 / Facsimile: (602) 801-2539

5.     In that capacity I am also familiar with our county's communications concerning elections. The below is a true and accurate copy of a communication that Pima County put out on Facebook for the 2020 general election.

🏛 **Pima County** ✔
8h · ⊙                                                                        ···

The felt-tip pen ballot controversy burning through social media is false. Don't get caught up in it. Arizona ballot tabulating machines can read ballots marked with a felt tip pen.  Felt pens are discouraged because the ink can bleed through. If it does bleed through, the ballot will most likely get sent for duplication so it can be read by the scanner. The image with this post is the text from the Arizona Secretary of State's Elections Manual, Chapter 10, Section D, subsection 3.
All ballots in which voter intent can be discerned will be counted. That's also in the manual. No ballots will be discarded because of the method used to color in the ovals.

https://azsos.gov/.../2019_ELECTIONS_PROCEDURES_MANUAL...

3. Procedures for Duplicating a Ballot A damaged or unreadable ballot must be duplicated according to the following procedures:
• Ensure the correct ballot style for the voter's precinct will be used to create the duplicated ballot;
• Mark the proper precinct identification code, if applicable;
• Record an identical serial number on both the original and duplicate ballot (including spoiled duplicates) – this ties the ballots together and creates a paper trail as required by statute, A.R.S. § 16-621(A);
• Conspicuously mark the original ballot as "DUPLICATED";
• Conspicuously mark the duplicate ballot as "DUPLICATE," A.R.S. § 16-621(A);
• Using the damaged or unreadable ballot as a guide, mark a blank ballot with votes identical to those on the original ballot;
• Do not duplicate write-in names that are not on the authorized write-in list ("blank" or "unofficial" may be typed in if using a ballot marking device to duplicate and the name/line cannot be left blank). However, mark the arrow or fill in the oval to indicate the vote cast;
• After marking the duplicate ballot, check to make sure it is identical to the original, including over-votes if voter intent cannot be determined and any under-votes;
• If the Ballot Duplication Board makes any errors, mark the duplicate ballot "SPOILED" in a conspicuous

Dated this ___11/5/2020___. Executed at ___Tucson, AZ___(city).

I DECLARE under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

DocuSigned by:

*Allyson Miller*

F3F8A04A4C7740B...

- 2 -