EXHIBIT
A

Bowyer et al

v.

Ducey et al

1

**STATE OF ARIZONA OFFICIAL CANVASS**
2020 General Election - Nov 03, 2020
Compiled and Issued by the Arizona Secretary of State

Report Date/Time:11/24/2020 1:35:33 PM

**2020 GENERAL ELECTION OFFICIAL CANVASS CERTIFICATION**

I, Katie Hobbs, Arizona Secretary of State, do hereby certify that the foregoing canvass is a true, correct and complete tabulation of the votes cast at the 2020 General Election held in the State of Arizona on the 3rd day of November, 2020. This canvass displays the name of each person who appeared on the ballot for a federal and state office in the election and the number of votes received for each person, as shown by the tabulations received from the Boards of Supervisors of each county in the State of Arizona.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the State of Arizona, this 30th day of November, 2020, at the Capitol in Phoenix.

Katie Hobbs
Secretary of State

A.R.S. § 16-648 requires that this canvass be conducted in the presence of the Governor and Attorney General whose affirming signatures follow.

Doug Ducey
Governor

Mark Brnovich
Attorney General

Gov. Ducey Ex. 1

2

Case 2:20-cv-02321-DJH   Document 38-1   Filed 12/08/20   Page 4 of 43





Gov. Ducey Ex. 2

3

# A Free and Fair Election





# Nearly-Identical Cases Filed

- ## Georgia

  *Pearson v. Kemp*, No. 1:20-cv-04809-TCB (N.D. Ga.)

- ## Michigan

  *King v. Whitmer*, No. 2:20-cv-13134 (E.D. Mich.)

- ## Wisconsin

  *Feehan v. Wis. Elections Comm'n*, No. 20-cv-1771-pp (E.D. Wis.)



# Michigan: *King v. Whitmer*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY KING, MARIAN ELLEN
SHERIDAN, JOHN EARL HAGGARD,
CHARLES JAMES RITCHARD,
JAMES DAVID HOOPER, and
DAREN WADE RUBINGH,

Plaintiffs,

v.

Civil Case No. 20-13134
Honorable Linda V. Parker

GRETCHEN WHITMER, in her official
capacity as Governor of the State of Michigan,
JOCELYN BENSON, in her official capacity as
Michigan Secretary of State, and MICHIGAN
BOARD OF STATE CANVASSERS,

Defendants,

and

CITY OF DETROIT, DEMOCRATIC
NATIONAL COMMITTEE and
MICHIGAN DEMOCRATIC PARTY, and
ROBERT DAVIS,

Intervenor-Defendants.

**OPINION AND ORDER DENYING PLAINTIFFS' "EMERGENCY
MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT
INJUNCTIVE RELIEF" (ECF NO. 7)**

The right to vote is among the most sacred rights of our democracy and, in turn, uniquely defines us as Americans. The struggle to achieve the right to vote is

1

---

Against this backdrop, Plaintiffs filed this lawsuit, bringing forth claims of widespread voter irregularities and fraud in the processing and tabulation of votes and absentee ballots. They seek relief that is stunning in its scope and breathtaking in its reach. If granted, the relief would disenfranchise the votes of the more than 5.5 million Michigan citizens who, with dignity, hope, and a promise of a voice, participated in the 2020 General Election. The Court declines to grant Plaintiffs this relief.

Page 2

6

# Georgia: *Pearson v. Kemp*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**1:20-cv-04809-TCB
Pearson et al v. Kemp et al
Honorable Timothy C. Batten, Sr.**

| | |
|---|---|
| MOTIONS RULED ON: | [43]Motion to Dismiss GRANTED |
| | [63]Motion to Dismiss GRANTED |
| MINUTE TEXT: | Defendants' motions are GRANTED. TRO is DISSOLVED. Case is DISMISSED. Clerk shall close the case. |

7

# Georgia: *Pearson v. Kemp*



"The relief that the plaintiffs seek this court cannot grant. They ask the court to order the secretary of state to decertify the election results as if such a mechanism even exists, and I find that it does not."



"Federal courts don't entertain post-election conduct, excuse me, contests about vote-counting misconduct."



"In their Complaint, the Plaintiffs essentially ask the court for perhaps the most extraordinary relief ever sought in any federal court in connection with an election. They want this court to substitute its judgment for that of two and a half million Georgia voters who voted for Joe Biden - and this I am unwilling to do."



"The Plaintiffs waited too late to file their suit."

Source: https://twitter.com/TheInsiderPaper/status/1335988370980352003,
https://www.cnbc.com/2020/12/07/judge-dismisses-sidney-powell-lawsuit-challenging-trump-georgia-loss.html

8

# Breathtaking Scope of Relief



Bowyer Complaint

# "At Stake Is Faith in Our System of Free and Fair Elections"



OFFICE OF THE CLERK

**Supreme Court of Wisconsin**

110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WI 53701-1688

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site: www.wicourts.gov

December 4, 2020

fundamental than the winner of Wisconsin's electoral votes is implicated in this case. At stake, in some measure, is faith in our system of free and fair elections, a feature central to the enduring strength of our constitutional republic. It can be easy to blithely move on to the next case with a petition so obviously lacking, but this is sobering. The relief being sought by the petitioners is the most dramatic invocation of judicial power I have ever seen. Judicial acquiescence to such entreaties built on so flimsy a foundation would do indelible damage to every future election. Once

Ex. A

10

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

3. Standing

4. Mootness

5. Laches

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12

Case 2:20-cv-02321-DLR   Document 65   Filed 12/05/20   Page 13 of 43

# This Court Should Dismiss the Case

**1. Arizona Election Contest Is Exclusive Remedy**

2. Eleventh Amendment

3. Standing

4. Mootness

5. Laches

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12

# The Complaint Admits It is Based on Arizona Law



Bowyer Complaint

**COMPLAINT FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**

15.    ==Nonetheless, the factual basis of this Complaint would also support an election contest under Arizona law== since A.R.S. § 16-672 allows for contests on the grounds of misconduct, offenses against the elective franchise, on account of illegal votes, and by reason of erroneous count of votes.

16.    ==Similarly, the relief sought is in accord with Arizona law.== A.R.S. § 16-676 provides clear remedies in the event of a successful contest, providing that the results of an election may either be annulled and set aside, A.R.S. § 16-676(B), or, if it appears that the winner was other than the person certified, the erroneously declared winner's certificate of election can be revoked A.R.S. § 16-676(C).

13

# Violations of Arizona Election Law



1  Sidney Powell (pro hac application forthcoming)
2  Sidney Powell PC
   Texas Bar No. 16209700
3  (517) 763-7499
4  Sidney@federalappeals.com

5  Alexander Kolodin, AZ Bar No. 030826
6  Christopher Viskovic, AZ Bar No. 035860[1]
   **KOLODIN LAW GROUP PLLC**
7  3443 N. Central Ave. Ste. 1009
8  Phoenix, AZ 85012
   Telephone: (602) 730-2985
9  Facsimile: (602) 801-2539
   E-Mail:
10 Alexander.Kolodin@KolodinLaw.com
11 CViskovic@KolodinLaw.com
   SAtkinson@KolodinLaw.com (file copies)
12
13 *Attorneys for Plaintiffs*
   *(Additional counsel listed on signature page)*
14
15        IN THE UNITED STATES DISTRICT COURT
16            FOR THE DISTRICT OF ARIZONA
17 TYLER BOWYER, MICHAEL JOHN BURKE,
   NANCY COTTLE, JAKE HOFFMAN,           Case No.
18 ANTHONY KERN, CHRISTOPHER M. KING,
   JAMES R. LAMON, SAM MOORHEAD,
19 ROBERT MONTGOMERY, LORAINE
   PELLEGRINO, GREG SAFSTEN,
20 SALVATORE LUKE SCARMARDO, KELLI        **COMPLAINT FOR**
   WARD, and MICHAEL WARD                **DECLARATORY,**
21                                        **EMERGENCY, AND**
              Plaintiffs,                 **PERMANENT INJUNCTIVE**
22                                        **RELIEF**
23        v.
                                          (Election Matter)
24 DOUG DUCEY, in his official capacity as
   Governor of the State of Arizona, and KATIE   (TRO Requested)
25 HOBBS, in her official capacity as the Arizona
   Secretary of State
26
              Defendants.
27
28 ─────────────────────────────────
   [1] District of Arizona admission scheduled for 12/9/2020.

**Bowyer Complaint**

**COMPLAINT FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**

45.     Based upon all the allegations of fraud, statutory violations, and other misconduct, as stated herein and in the attached affidavits, it is necessary to enjoin the certification of the election results and invalidate the election results...

## I.  VIOLATIONS OF ARIZONA ELECTION LAW

### A.  Arizona Election Law

46.     Pursuant to A.R.S. § 16-550(A), the county recorder or other officer in charge of elections shall compare the signatures on the early ballot affidavit with the signature of the elector on the elector's registration record. If the signature is inconsistent, the county recorder or other officer in charge of elections shall make reasonable efforts to contact the voter and allow the voter to correct or confirm the inconsistent signature.

47.     Pursuant to A.R.S. § 16-625, the officer in charge of elections shall ensure that electronic data from and electronic or digital images of ballots are protected from physical and electronic access, including unauthorized copying or transfer, and that all

# The Claims Here Belong in An Election Contest



Sidney Powell (pro hac application forthcoming)
Sidney Powell PC
Texas Bar No. 16209700
(517) 763-7499
Sidney@federalappeals.com

Alexander Kolodin, AZ Bar No. 030826
Christopher Viskovic, AZ Bar No. 035860[1]
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ 85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
E-Mail:
Alexander.Kolodin@KolodinLaw.com
CViskovic@KolodinLaw.com
SAtkinson@KolodinLaw.com (file copies)

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TYLER BOWYER, MICHAEL JOHN BURKE,
NANCY COTTLE, JAKE HOFFMAN,
ANTHONY KERN, CHRISTOPHER M. KING,
JAMES R. LAMON, SAM MOORHEAD,
ROBERT MONTGOMERY, LORAINE
PELLEGRINO, GREG SAFSTEN,
SALVATORE LUKE SCARMARDO, KELLI
WARD, and MICHAEL WARD

Plaintiffs,

v.

DOUG DUCEY, in his official capacity as
Governor of the State of Arizona, and KATIE
HOBBS, in her official capacity as the Arizona
Secretary of State

Defendants.

Case No.

COMPL
DECLA
EMERG
PERMANEN
RELIEF

(Election Matter)

(TRO Requested)

[1] District of Arizona admission scheduled for 12/9/2020.

**COMPLAINT FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**

141.    Plaintiffs have no adequate remedy at law. ==Plaintiffs contest the results of Arizona's 2020 General Election because it is fundamentally corrupted by fraud.== Defendants should be enjoined from certifying an election where there were intentional violations of multiple provisions of Arizona law to elect Biden and other Democratic candidates and defeat President Trump and other Republican candidates.

Bowyer Complaint

15

# Count 1 – Electors/Elections Clause



Sidney Powell (pro hac application forthcoming)
Sidney Powell PC
Texas Bar No. 16209700
(517) 763-7499
Sidney@federalappeals.com

Alexander Kolodin, AZ Bar No. 030826
Christopher Viskovic, AZ Bar No. 035860[1]
**KOLODIN LAW GROUP PLLC**
3443 N. Central Ave. Ste. 1009
Phoenix, AZ  85012
Telephone: (602) 730-2985
Facsimile: (602) 801-2539
E-Mail:
Alexander.Kolodin@KolodinLaw.com
CViskovic@KolodinLaw.com
SAtkinson@KolodinLaw.com (file copies)

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TYLER BOWYER, MICHAEL JOHN BURKE, NANCY COTTLE, JAKE HOFFMAN, ANTHONY KERN, CHRISTOPHER M. KING, JAMES R. LAMON, SAM MOORHEAD, ROBERT MONTGOMERY, LORAINE PELLEGRINO, GREG SAFSTEN, SALVATORE LUKE SCARMARDO, KELLI WARD, and MICHAEL WARD,

Plaintiffs,

v.

DOUG DUCEY, in his official capacity as Governor of the State of Arizona, and KATIE HOBBS, in her official capacity as the Arizona Secretary of State

Defendants.

Case No.

[1] District of Arizona admission scheduled for 12/9/2020.

Bowyer Complaint

---

106.     Defendants are not part of the Arizona Legislature and cannot exercise legislative power.  Because the United States Constitution reserves for the Arizona Legislature the power to set the time, place, and manner of holding elections for the President and Congress, county boards of elections and state executive officers have no authority to unilaterally exercise that power, much less to hold them in ways that conflict with existing legislation.

145.     For these reasons, Plaintiffs ask this Court to enter a judgment in their favor and provide the following emergency relief:

* * *

5.   A declaratory judgment declaring that Arizona's failed system of signature verification violates the Electors and Elections Clause by working a de facto abolition of the signature verification requirement;

# Same Plaintiff



Doc. 40, Ex. B

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

KELLI WARD,

Contestant;

vs.

CONSTANCE JACKSON; FELICIA
ROTELLINI; FRED YAMASHITA;
JAMES MCLAUGHLIN; JONATHAN
NEZ; LUIS ALBERTO HEREDIA; NED
NORRIS; REGINA ROMERO; SANDRA D.
KENNEDY; STEPHEN ROE LEWIS; and,
STEVE GALLARDO;

Contestees.

Case No. _____

[PROPOSED]
VERIFIED STATEMENT OF
ELECTIONS CONTEST
PURSUANT TO A.R.S. § 16-673

(Elections Matter)

(Expedited Relief Requested)

Bowyer Complaint

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TYLER BOWYER, MICHAEL JOHN BURKE,
NANCY COTTLE, JAKE HOFFMAN,
ANTHONY KERN, CHRISTOPHER M. KING,
JAMES R. LAMON, SAM MOORHEAD,
ROBERT MONTGOMERY, LORAINE
PELLEGRINO, GREG SAFSTEN,
SALVATORE LUKE SCARMARDO, KELLI
WARD, and MICHAEL WARD,

Plaintiffs,

v.

DOUG DUCEY, in his official capacity as
Governor of the State of Arizona, and KATIE
HOBBS, in her official capacity as the Arizona
Secretary of State

Defendants.

Case No.

COMPLAINT FOR
DECLARATORY,
EMERGENCY, AND
PERMANENT INJUNCTIVE
RELIEF

(Election Matter)

17

# Relief Sought is The Same



Doc. 40, Ex. B

[PROPOSED]
VERIFIED STATEMENT OF
ELECTIONS CONTEST
PURSUANT TO A.R.S. § 16-673

B.  That the Court declare that the certificate of election of the Biden Electors is of no further legal force or effect, and that the election is annulled and set aside in accordance with A.R.S. § 16-676(B);



Bowyer Complaint

COMPLAINT FOR
DECLARATORY,
EMERGENCY, AND
PERMANENT INJUNCTIVE
RELIEF

PRAYER FOR RELIEF

142.  Accordingly, Plaintiffs seek an emergency order instructing Defendants to de-certify the results of the General Election for the Office of President.

18

Case 2:20-cv-02321-DJH   Document 55-1   Filed 12/06/20   Page 3 of 11

Clerk of the Superior Court
*** Filed ***
12/4/2020 4:05 p.m.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-015285                                     12/04/2020

HONORABLE RANDALL H. WARNER              CLERK OF THE COURT
                                                                    C. Ladden
                                                                    Deputy

KELLI WARD                               DENNIS I WILENCHIK

v.

CONSTANCE JACKSON, et al.                SARAH R GONSKI

                                          ROOPALI HARDIN DESAI
                                          JOSEPH EUGENE LA RUE
                                          DAVID SPILSBURY
                                          ROY HERRERA
                                          DANIEL A ARELLANO
                                          COURT ADMIN-CIVIL-ARB DESK
                                          DOCKET-CIVIL-CCC
                                          JUDGE WARNER
                                          BRUCE SPIVA
                                          PERKINS COIE LLP
                                          700 THIRTEENTH STREET NW
                                          SUITE 600
                                          WASHINGTON DC  20005

MINUTE ENTRY

East Court Building – Courtroom 414

9:15 a.m.  This is the time set for a continued Evidentiary Hearing on Plaintiff's
anticipated election contest petition via GoToMeeting.

Docket Code 901              Form V000A                  Page 1

*Ward v. Jackson*

---

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-015285                                     12/04/2020

                                          CLERK OF THE COURT
HONORABLE RANDALL H. WARNER              C. Ladden
                                          Deputy

KELLI WARD                               DENNIS I WILENCHIK

v.

CONSTANCE JACKSON, et al.                SARAH R GONSKI

The Court finds no misconduct, no fraud, and no effect on the outcome of the election.

**4.      The Evidence Does Not Show Illegal Votes.**

**5.      The Evidence Does Not Show An Erroneous Vote Count.**

**IT IS FURTHER ORDERED**, as required by A.R.S. § 16-676(B), confirming the election.

# Collateral Estoppel Applies Here

- Same Plaintiff and Same Defendants

- Plaintiff Ward is Chair of AZ GOP and Appoints Electors Under §16-344

- Other Elector Plaintiffs in Privity with Ward, and Had Opportunity to Participate in Contest

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. **Eleventh Amendment**

3. Standing

4. Mootness

5. Laches

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12

# Eleventh Amendment



- *Pennhurst:* Eleventh Amendment Bars Relief Against State Officials Based on State Law—Even When Styled As Federal Claims

- No Connection Under *Ex Parte Young* Between Defendants and Factual Allegations

- Allegations of General Oversight Are Insufficient

22

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

**3. Standing**

4. Mootness

5. Laches

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12

# No Standing Under Election/Electors Clause



- "Plaintiffs lack standing to sue under the Elections and Electors Clauses"

  - *King*, Op. & Order, at \*28-\*30.

  - *Bognet v. Sec'y of Commonwealth*, No. 20-3214, 2020 WL 6686120, at \*19 (3d Cir. Nov. 13, 2020)

# Counts 2-4 – Vote Dilution and "Ballot Fraud"

**COMPLAINT FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**



Bowyer Complaint

## COUNT II

**Defendants Violated The Equal Protection Clause of the Fourteenth Amendment U.S. Const. Amend. XIV & 42 U.S.C. § 1983**

## COUNT III

**Fourteenth Amendment, Amend. XIV & 42 U.S.C. § 1983**

**Denial of Due Process On The Right to Vote**

## COUNT IV

**Wide-Spread Ballot Fraud**

117.     Defendants failed to comply with the requirements of Arizona law and the Equal Protection Clause and thereby diluted the lawful ballots of the Plaintiffs and of other Arizona voters and electors in violation of the United States Constitution guarantee of Equal Protection. In Section II, Plaintiff experts provide testimony quantifying the

129.     The right to vote includes not just the right to cast a ballot, but also the right to have it fairly counted if it is legally cast.  The right to vote is infringed if a vote is cancelled or diluted by a fraudulent or illegal vote, including without limitation when a single person votes multiple times. The Supreme Court of the United States has made this

25

Case 2:20-cv-02321-DJH   Document 79-1   Filed 01/06/21   Page 27 of 43



By contrast, "no single voter is specifically disadvantaged" if a vote is counted improperly, even if the error might have a "mathematical impact on the final tally and thus on the proportional effect of every vote." *Bognet v. Sec'y Commonwealth of Pa.*, ___ F.3d ___, 2020 WL 6686120, at *12 (3d Cir. Nov. 13, 2020) (internal quotation marks omitted). Vote dilution in this context is a "paradigmatic generalized grievance that cannot support standing." *Id.* (internal quotation marks omitted).

*Wood v. Raffensberger*, — F.3d —, 2020 WL 7094866, at *12 (11th Cir., Dec. 5, 2020).

# No Traceability or Redressability



- **No Traceability**:

  Neither Plaintiffs' "Conspiracy" Allegations Nor Allegations of State Law Violations Traceable to Gov. Ducey or Sec. Hobbs.

- **No Redressability**:

  A Federal Court Has No Power to Order a "De-Certification."

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

3. Standing

4. **Mootness**

5. Laches

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12



# Plaintiffs' Claims Are Moot

- The Ministerial Tasks of Canvassing and Certification Have Occurred

- A Federal Court Cannot Simply "Undo" Them

- Any Claim to "Undo" or "Decertify" Belongs in State Court Under State Law

- *Wood*: The court "cannot turn back the clock and create a world in which the 2020 election results are not certified."

Case 2:20-cv-02321-DJH   Document 95   Filed 12/03/20   Page 31 of 43

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

3. Standing

4. Mootness

5. **Laches**

6. Abstention

7. Pleading Standards – Rule 9 and Rule 12

# Laches Bars Plaintiffs' Claims



- *Soules*: Laches appropriate "lest the granting of post-election relief encourage sandbagging on the part of wily plaintiffs" and "the extremely disruptive effect of election invalidation and the havoc it wreaks upon local political continuity."

- *King*: Plaintiffs "waited too long to knock on the Court's door."

- Plaintiffs Have Known For Months

- Plaintiffs' Excuse is Based on State Law!

31

# This Court Should Dismiss the Case

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

3. Standing

4. Mootness

5. Laches

6. **Abstention**

7. Pleading Standards – Rule 9 and Rule 12

# *Pullman* Abstention Applies



1. The Conduct of Elections is a Quintessential State Activity.

2. Adjudication Can Be Avoided By Resolution of the State Issues.

3. Plaintiffs' Argument Depends on a Decidedly Uncertain Assertion—That Arizona Law Requires Invalidation of Ballots in These Circumstances

Case 2:20-cv-02321-DLR   Document 86   Filed 12/07/20   Page 35 of 43

1. Arizona Election Contest Is Exclusive Remedy

2. Eleventh Amendment

3. Standing

4. Mootness

5. Laches

6. Abstention

**7. Pleading Standards – Rule 9 and Rule 12**

# Plaintiffs Allege An Utterly Implausible "Fraud"



Bowyer Complaint

**COMPLAINT FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**

## NATURE OF THE ACTION

1. This civil action brings to light a massive election fraud, of the Election and Electors Clauses, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment, of the U.S. Constitution and multiple violations of the Arizona election laws. These violations occurred during the 2020 General Election throughout the State of Arizona, as set forth in the affidavits of eyewitnesses and the voter data cited, the statistical anomalies and mathematical impossibilities detailed in the affidavits of expert witnesses.

2. The scheme and artifice to defraud was for the purpose of illegally and fraudulently manipulating the vote count to manufacture an election of Joe Biden as President of the United States, and also of various down ballot democrat candidates in the 2020 election cycle. The fraud was executed by many means, but the most fundamentally

# Plaintiffs' Claims Not Plausible



# Allegations Not Remotely Plausible Under Rule 12



- *Iqbal*: Dismissal "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

- Plaintiffs Do Not Attempt to Show Connection Between Fraud and Any Change of Vote

- Supposed "Experts" Have No Expertise and Their Opinions Have Fatal Methodological Flaws

# Federal Pleading Standards Apply in Federal Court

# Plaintiffs' Claims Not Plausible



**MARICOPA COUNTY, ARIZONA**
**GENERAL ELECTION – NOVEMBER 3, 2020**
**HAND COUNT/AUDIT REPORT**

**Synopsis:**
Pursuant to A.R.S. §16-602(B), Maricopa County conducted the hand count/early ballot audit for the November 3, 2020 General Election, 2% of the polling places (vote centers) were counted as required by statute, which amounted to 4 polling places (vote centers) out of 175 total polling places (vote centers).

The hand count begin on Wednesday, November 4, 2020 at 6:08 p.m. when the Maricopa County Republican, Democrat and Libertarian Party met to select the polling places (vote centers). The audit batches were accounted for in the central counting location process started. The selection order was chosen by lot, and the Republican Party was followed by the Libertarian Party and then the Democrat Party.

With the order established, the specific polling places (vote centers) to be counted were participating County Party Chairs alternating the various selections. Once the polling places were chosen, the 5,000 early ballots to be audited were selected. A total of 26 batches were reach this 1% or 5,000 ballot total, whichever is less.

Five contested races were chosen as required by law: 1 Presidential, 1 Statewide Ra... Measure, 1 Federal Race and 1 State Legislative Race were counted. Specifically, the foll... contested races that were audited:

    Presidential - **President**
    Statewide Candidate – **Corporation Commissioner**
    Statewide Ballot Measure – **Proposition 208**
    Federal Candidate – **U.S. Representative**
    State Legislative – **State Senator**

The master precinct and race selection lists are attached for review. The physical hand count started at 9:05 a.m. on Saturday, November 7, 2020 and was paused at 5:08 p.m. and then restarted and concluded on Monday, November 9, 2020 at 1:15 p.m. The tabulation method used was the stacking method for the paper ballots. The audit was conducted by 26 boards made up of 3 members, of which not more than 2 members were from the same political party. This hand count included votes cast on both the scanned ballots and f... devises from the selected polling places (vote centers).

**Early Ballot Audit:**
Over 5,000 early ballots were audited, per the requirement to audit 1% or 5,000 early bal... as required per Arizona State Law. The early ballot audit consisted of 26 batches with at le... machine used for tabulation. Each batch contained approximately 200 early ballots. These... million early ballots cast in Maricopa County for the November 3, 2020 General Election.

**Comments:**
No discrepancies were found by the Hand Count Audit Boards. Please find to follow the polling places (vote centers) and early ballot reports for review.

Reynaldo Valenzuela Jr.
Director of Election Services and Early Voting
Office of Maricopa County Recorder Adrian Fontes

Scott Jarrett
Director of Election Day an...
Maricopa County Elections...

---



**MARICOPA COUNTY, ARIZONA**
**GENERAL ELECTION – NOVEMBER 3, 2020**
**HAND COUNT/AUDIT REPORT**



**Synopsis:**
Pursuant to A.R.S. §16-602(B), Maricopa County conducted the hand count/early ballot audit for the **November 3, 2020 General Election**, 2% of the polling places (vote centers) were counted as required by statute, which amounted to **4** polling places (vote centers) out of **175** total polling places (vote centers).

Presidential - **President**

**Comments:**
No discrepancies were found by the Hand Count Audit Boards. Please find to follow the polling places (vote centers) and early ballot reports for review.

# Plaintiffs Cannot Satisfy Rule 9(b)



- Rule 9(b) Requires Particularized Allegations of the Circumstances Constituting Fraud.

- Plaintiffs Do Not Mention Any Fact to Support Their Fraud Claims

- No First-Hand Allegations of Fraud

- Expert Reports Are Wildly Implausible, Fatally Flawed, and Couched in Uncertainty



OFFICE OF THE CLERK

## Supreme Court of Wisconsin

**110 EAST MAIN STREET, SUITE 215**
**P.O. BOX 1688**
**MADISON, WI  53701-1688**

TELEPHONE (608) 266-1880
FACSIMILE (608) 267-0640
Web Site:  www.wicourts.gov

December 4, 2020

---

fundamental than the winner of Wisconsin's electoral votes is implicated in this case. At stake, in some measure, is faith in our system of free and fair elections, a feature central to the enduring strength of our constitutional republic.  It can be easy to blithely move on to the next case with a petition so obviously lacking, but this is sobering.  The relief being sought by the petitioners is the most dramatic invocation of judicial power I have ever seen.  Judicial acquiescence to such entreaties built on so flimsy a foundation would do indelible damage to every future election. Once

Ex. A

41

# Gov. Ducey and Sec. Hobbs Sign Cert. of Ascertainment



GOVERNOR DOUGLAS A. DUCEY

## STATE OF ARIZONA ★ PROCLAMATION

### *CERTIFICATE OF ASCERTAINMENT FOR PRESIDENTIAL ELECTORS*

I, Douglas A. Ducey, Governor of the State of Arizona, do hereby certify that:

The Official Canvass of the General Election held on Tuesday, November 3, 2020, shows the following results for the office of Presidential Electors for President and Vice President of the United States, as certified by the boards of supervisors of the several counties of the state of Arizona.  The Official Canvass indicates that the following group of eleven individuals:

Vice Presidential Candidate Kamala Harris

| NAME | NUMBER OF VOTES |
|---|---|
| Gallardo, Steve | 1,672,143 |
| Heredia, Luis Alberto | 1,672,143 |
| Jackson, Constance | 1,672,143 |
| Kennedy, Sandra D. | 1,672,143 |
| Lewis, Stephen Roe | 1,672,143 |
| McLaughlin, James | 1,672,143 |
| Nez, Jonathan | 1,672,143 |
| Norris, Ned | 1,672,143 |
| Romero, Regina | 1,672,143 |
| Rotellini, Felicia | 1,672,143 |
| Yamashita, Fred | 1,672,143 |

received the highest number of votes cast for any candidate for this office, and having complied with all provisions required by law for candidates in general elections, they are duly elected Presidential Electors.

I further certify that the following Presidential Electors received the number of votes indicated:

Arizona Certificate of Ascertainment - Page 1



Gov. Ducey Ex. 2