ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

    Thomas P. Liddy (019384)
    Emily Craiger (021728)
    Joseph I. Vigil (018677)
    Joseph J. Branco (031474)
    Joseph E. LaRue (031348)
    Deputy County Attorneys
    liddyt@mcao.maricopa.gov
    craigere@mcao.maricopa.gov
    vigilj@mcao.maricopa.gov
    brancoj@mcao.maricopa.gov
    laruej@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Maricopa County Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyler Bowyer, Michael John Burke, Nancy Cottle, Jake Hoffman, Anthony Kern, Christopher M. King, James R. Lamon, Sam Moorhead, Robert Montgomery, Loraine Pellegrino, Greg Safsten, Salvatore Luke Scarmardo, Kelli Ward, and Michael Ward,<br><br>    Plaintiffs,<br><br>v.<br><br>Doug Ducey, in his official capacity as Governor of the State of Arizona, and Katie Hobbs, in her official capacity as the Arizona Secretary of State<br><br>    Defendants. | NO. CV20-02321-PHX-DJH<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>***WARD v. JACKSON*,<br>NO. CV-20-0343-AP/EL<br>(ARIZ. S. CT., DECEMBER 8, 2020)** |

      The Maricopa County Intervenor-Defendants file this notice of supplemental authority concerning the Arizona Supreme Court's Decision Order in *Ward v. Jackson*,

1  No. CV-20-0343-AP/EL, which the court issued this evening.  A copy of the Decision
2  Order is attached as Exhibit A.
3      On page 7 of the Decision Order, the Arizona Supreme Court **affirmed** the trial
4  court's decision, which was previously provided to this Court, and which held that there
5  was no misconduct or illegal votes in Maricopa County's November 3, 2020, general
6  election.  (Doc. 58).   On the same page, the Arizona Supreme Court **confirmed** the
7  election of the Biden Electors under A.R.S. § 16-676(B), and also noted that the plaintiff
8  Kelli Ward (who is one of the Plaintiffs in the instant matter) failed to "establish any
9  degree of fraud."

**RESPECTFULLY** submitted this 8th day of December, 2020.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY: */s/ Thomas P. Liddy*
    Thomas P. Liddy
    Emily Craiger
    Joseph I. Vigil
    Joseph J. Branco
    Joseph E. LaRue
    *Attorneys for Maricopa County Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*/s/Joseph E. La Rue*

# Exhibit A

SUPREME COURT OF ARIZONA

| | |
|---|---|
| KELLI WARD, | Arizona Supreme Court |
| | No. CV-20-0343-AP/EL |
| Plaintiff/Appellant, | |
| | Maricopa County |
| v. | Superior Court |
| | No. CV2020-015285 |
| CONSTANCE JACKSON; FELICIA ROTELLINI; FRED YAMASHITA; JAMES MCLAUGHLIN; JONATHAN NEZ; LUIS ALBERTO HEREDIA; NED NORRIS; REGINA ROMERO; SANDRA D. KENNEDY; STEPHEN ROE LEWIS; and, STEVE GALLARDO, | |
| | **FILED 12/08/2020** |
| Defendants/Appellees, | |
| and | |
| KATIE HOBBS, in her official capacity as the Arizona Secretary of State; ADRIAN FONTES, in his official capacity as the Maricopa County Recorder; and the MARICOPA COUNTY BOARD OF SUPERVISORS, | |
| Intervenors. | |

**DECISION ORDER**

The Court accepted jurisdiction of this expedited election appeal and en banc has considered the record, the trial court's December 4, 2020 minute entry, and the briefing of Appellant Kelli Ward, Defendant Biden Electors, Intervenors Maricopa County and the Secretary of State, and amicus curiae The Lincoln Project.

The Secretary duly certified the statewide canvass and on

November 30, 2020, she and the Governor signed the certificate of ascertainment for presidential electors, certifying that in Arizona the Biden Electors received 1,672,143 votes and the Trump Electors received 1,661,686 votes (a difference of 10,457 votes out of a total of 3,333,829 cast for these two candidates).  Although slim, the margin was outside the one-tenth of one percent of the total number of votes cast for both of the presidential electors which is the statutory trigger for an automatic recount. A.R.S. § 16-661(A)(1).

The Secretary's certification followed Maricopa County's audit. Under Arizona law, the county officer in charge of the election conducts a hand count prior to the canvass.  A.R.S. § 16-602(B).  The statute provides detailed instructions on the hand count process, and in this case the November 9, 2020 Maricopa County hand count included 5000 early ballots and a hand count of Election Day Ballots from two-percent of the vote centers.  The audit revealed no discrepancies in the tabulation of the votes between hand count totals and machine totals.  The County completed its canvass on November 23, 2020.[1] Maricopa County is the only county implicated in this proceeding.

Appellant filed her contest under A.R.S. § 16-673 raising three statutory bases for a challenge under A.R.S. § 16-672 which include "misconduct" by an election board or officer; "[o]n account of illegal votes"; or "[t]hat by reason of erroneous count of votes the

---

[1] https://azsos.gov/sites/default/files/2020_General_Maricopa_Hand_Count.pdf

person declared elected ... did not in fact receive the highest number of votes." A.R.S. § 16-672(A)(1), (4) and (5). In her First Amended Complaint, Appellant sought the inspection of an unspecified number of ballots under A.R.S. § 16-677, which authorizes the inspection of ballots before preparing for trial after the statement of contest has been filed.

Under Arizona law, "If any ballot, including any ballot received from early voting, is damaged, or defective so that it cannot properly be counted by the automatic tabulating equipment, a true duplicate copy shall be made of the damaged ballot in the presence of witnesses and substituted for the damaged ballot. All duplicate ballots shall be clearly labeled 'duplicate' and shall bear a serial number that shall be recorded on the damaged or defective ballot." A.R.S. § 16-621(A).

In this election, Maricopa County had 27,869 duplicate ballots pertaining to the Presidential Electors. Witness testimony explained that "duplicate ballots" include those reflecting "overvotes" or votes for more than one candidate; overseas ballots; and ballots that are damaged or otherwise cannot be machine tabulated. The trial court also heard testimony from a number of witnesses who presented credible testimony that they saw errors in which the duplicate ballot did not accurately reflect the voter's apparent intent as reflected in the original ballot.

Before the trial, the parties conducted a review of randomly

chosen sample ballots. The first review was of 100 ballots and the second was of 1526 ballots, and of the 1626 total, there were nine errors, (1617 correct duplicate ballots) that if correct would have given the Trump Electors an additional seven votes and the Biden Electors an additional two votes. The Secretary maintains that this constitutes an error of no more than 0.37% within the sample. Appellant argues that the error rate was 0.55%, and the trial court concluded the results were "99.45% accurate." When this is extrapolated to the total number of duplicate ballots it is not sufficient to come close to warranting a recount under A.R.S. § 16-661.

Although Appellant requested additional time and the opportunity to review additional ballots, Appellant offered no evidence to establish that the 1626-ballot sample was inadequate to demonstrate any fraud, if present. As the trial court noted, this review confirmed the witness testimony that there were mistakes in the duplication process, the mistakes were few, and when brought to the attention of election workers, they were fixed. Extrapolating this error rate to all 27,869 duplicate ballots in the county would result in a net increase of only 103 votes based on the 0.37% error rate or 153 votes using the 0.55% error rate, neither of which is sufficient to call the election results into question.

The parties also presented evidence after reviewing a sample of the envelope signatures on mail-in ballots. Their experts determined

that out of 100 signatures, six to eleven of the signatures were "inconclusive" but neither expert could identify any sign of forgery or simulation and neither could provide any basis to reject the signatures.

Election contests are "purely statutory and dependent upon statutory provisions for their conduct." *Fish v. Redeker*, 2 Ariz. App. 602 (1966). Elections will not be held invalid for mere irregularities unless it can be shown that the result has been affected by such irregularity. *Territory v. Board of Sup'rs of Mohave County*, 2 Ariz. 248 (1887). The validity of an election is not voided by honest mistakes or omissions unless they affect the result, or at least render it uncertain. *Findley v. Sorenson,* 35 Ariz. 265, 269 (1929). Where an election is contested on the ground of illegal voting, the contestant has the burden of showing that sufficient illegal votes were cast to change the result, *Morgan v. Board of Sup'rs*, 67 Ariz. 133 (1948).

The legislature has expressly delegated to the Secretary the authority to promulgate rules and instructions for early voting. A.R.S. § 16-452(A). After consulting with county boards and election officials, the Secretary is directed to compile the rules "in an official instructions and procedures manual." The Election Procedures Manual or "EPM," has the force of law. The Court recently considered a challenge to an election process and granted relief where the county recorder adopted a practice contrary to the EPM.

*Arizona Pub. Integrity All. v. Fontes*, ___ Ariz. ___, 475 P.3d 303, 305 (Ariz. November 5, 2020). Here, however, there are no allegations of any violation of the EPM or any Arizona law.

Intervenor Maricopa County argues that the trial court could not entertain this challenge under A.R.S. § 16-672(A) which authorizes a contest of the "election of any person declared elected to state office." Intervenors/Defendants/Amicus contend that the Court must decide this matter within the "safe harbor" deadline of 3 U.S.C. § 5.

The Court concludes, unanimously, that the trial judge did not abuse his discretion in denying the request to continue the hearing and permit additional inspection of the ballots. The November 9, 2020 hand count audit revealed no discrepancies in the tabulation of votes and the statistically negligible error presented in this case falls far short of warranting relief under A.R.S. § 16-672. Because the challenge fails to present any evidence of "misconduct," "illegal votes" or that the Biden Electors "did not in fact receive the highest number of votes for office," let alone establish any degree of fraud or a sufficient error rate that would undermine the certainty of the election results, the Court need not decide if the challenge was in fact authorized under A.R.S. § 16-672 or if the federal "safe harbor" deadline applies to this contest. Therefore,

**IT IS ORDERED** affirming the trial court decision and confirming the election of the Biden Electors under A.R.S. § 16-676(B).

**IT IS FURTHER ORDERED** directing Defendants/Intervenors to file a

response, which may be a collective response, to Appellant's Motion to Unseal Exhibits no later than Friday, December 11, 2020.

**IT IS FURTHER ORDERED** denying the Secretary's request for attorneys' fees under A.R.S. § 12-349.

DATED this 8th day of December, 2020.

_____/S/_____
ROBERT BRUTINEL
Chief Justice

TO:

Dennis I Wilenchik
N L Miller Jr
John D Wilenchik
Sarah R Gonski
Daniel A Arellano
Roy Herrera
Joseph I Vigil
Joseph Branco
Thomas P Liddy
Emily M Craiger
Joseph Eugene La Rue
Roopali H Desai
Kristen M Yost
Susan M Freeman
Bruce E Samuels
Hon. Randall H Warner
Hon. Jeff Fine