UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| Tyler Bowyer, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CV-20-2321-PHX-DJH |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | December 3, 2020 |
| Doug Ducey, in his official | ) | 2:00 p.m. |
| capacity as Governor of the | ) | |
| State of Arizona, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

_____)

BEFORE:  THE HONORABLE DIANE J. HUMETEWA, JUDGE


REPORTER'S TRANSCRIPT OF PROCEEDINGS

TELEPHONIC STATUS CONFERENCE


Official Court Reporter:
Linda Schroeder, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona  85003-2151
(602) 322-7249

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1                      A P P E A R A N C E S

2    For the Plaintiffs:

3                 HOWARD KLEINHENDLER, ESQ.
                  369 Lexington Avenue, 12th Floor
4                 New York, NY  10017

5

6                 Sidney Powell PC
                  By: SIDNEY KATHERINE POWELL, ESQ.
7                     JULIA Z. HALLER, ESQ.
                  2911 Turtle Creek Blvd., Suite 300
8                 Dallas, TX  75219

9

10                Wood Hernacki & Evans
                  By: L. LIN WOOD, ESQ.
11                1180 West Peachtree Street, Suite 2400
                  Atlanta, GA  30309
12

13                Kolodin Law Group
14                By: ALEXANDER MICHAEL KOLODIN, ESQ.
                  3443 North Central Avenue, Suite 911
15                Phoenix, AZ  85012

16

17   For the Defendant Governor Ducey:

18                Snell & Wilmer
                  By: BRETT WILLIAM JOHNSON, ESQ.
19                    COLIN PATRICK AHLER, ESQ.
                  400 East Van Buren
20                Phoenix, AZ  85004

21

22                Office of the Governor
                  By: ANNI LORI FOSTER, ESQ.
23                1700 West Washington Street
                  Phoenix, AZ  85007
24

25

UNITED STATES DISTRICT COURT

```
 1    For the Defendant Secretary of State Hobbs:

 2              Coppersmith Brockelman
                By: DAVID ANDREW GAONA, ESQ.
 3              2800 North Central Avenue, Suite 1900
                Phoenix, AZ  85004
 4

 5              Susman Godfrey
                By: JUSTIN A. NELSON, ESQ.
 6              1000 Louisiana, Suite 5100
                Houston, TX  77002
 7

 8              Susman Godfrey
                By: STEPHEN EDWARD MORRISSEY, ESQ.
 9              1201 3rd Avenue, Suite 3800
                Seattle, WA  98101
10

11              Susman Godfrey
                By: DAVIDA BROOK, ESQ.
12              1901 Avenue of the Stars, Suite 950
                Los Angeles, CA  90067
13

14    For the Intervenor Arizona Democratic Party:

15              Ballard Spahr
                By: ROY HERRERA, JR., ESQ.
16              1 East Washington Street, Suite 2300
                Phoenix, AZ  85004
17

18              Perkins Coie
                By: ALEXIS ELIZABETH DANNEMAN, ESQ.
19              2901 North Central Avenue, Suite 2000
                Phoenix, AZ  85012
20

21              Perkins Coie
                By: JOHN M. DEVANEY, ESQ.
22              700 13th Street NW, Suite 600
                Washington, DC  20005
23

24

25
```

UNITED STATES DISTRICT COURT

1          THE CLERK:  Calling the court to order.  The

2     United States District Court for the District of Arizona is now

3     in session, the Honorable Diane J. Humetewa presiding.

4          This is case number CV 20-2321, Tyler Bowyer versus

5     Doug Ducey, et al., on for telephonic status conference.

6          Counsel, will you please announce your presence for

7     the record, with plaintiffs going first.

8          MR. KLEINHENDLER:  Howard Kleinhendler for the

9     plaintiffs.  I guess -- Sidney, do you want to go?

10          THE COURT:  I'm sorry.  Could you repeat that.

11          MR. KLEINHENDLER:  Okay.  It's Howard Kleinhendler,

12     and with me are Ms. Sidney Powell, Mr. Lin Wood, Mr. --

13     Ms. Julia Haller, Mr. Peter Haller, and Mr. Alex Kolodin.  That

14     is the plaintiffs' group of lawyers.  Good afternoon, madam

15     judge.

16          THE COURT:  And good afternoon.  And I take it,

17     Mr. Kleinhendler, you will be speaking for plaintiffs; is that

18     correct?

19          MR. KLEINHENDLER:  I will be speaking together with

20     Ms. Powell and Mr. Lin, the three of us.

21          THE COURT:  Okay.  It is important for you to identify

22     yourself at the time that you're speaking so that we have a

23     clear record of that.

24          And I understand that at least, I do believe,

25     defendant Hobbs was served yesterday.  Has service been

1    effected as to Governor Ducey?

2              MR. JOHNSON:  Yes, Your Honor.  This is Brett

3    Johnson -- This is Brett Johnson on behalf of Governor Ducey,

4    and with me today is Colin Ahler and Anni Foster, who is the

5    general counsel for Governor Ducey.

6              THE COURT:  All right.  And, Mr. Johnson, you will be

7    speaking on behalf of Governor Ducey; is that correct?

8              MR. JOHNSON:  Yes, Your Honor.

9              THE COURT:  And who is here for Katie Hobbs?

10             MR. GAONA:  Good afternoon, Your Honor.  This is Andy

11   Gaona with Coppersmith Brockelman.  I'm joined by Justin

12   Nelson, Steve Morrissey, and Davida Brook from Susman Godfrey

13   on behalf of Secretary of State Hobbs.

14             Mr. Nelson will be the primary speaker today on behalf

15   of the Secretary.

16             THE COURT:  All right.  One moment.

17             One moment, counsel.  We're having a technical

18   difficulty here.

19             All right.  I think we're up and running again.

20             I wanted to get some clarification from the parties on

21   a number of I think what can be considered as housekeeping

22   issues.  And of course there are some timing issues that are at

23   play here.

24             MR. HERRERA:  Your Honor, if I can be heard for just a

25   moment, because I haven't announced yet, and this is Roy

1    Herrera on behalf of the proposed intervenor Arizona Democratic

2    Party.  And also on the line is Alexis Danneman and John

3    Devaney, who are also representing the Arizona Democratic

4    Party.

5            Just a few moments ago we filed a motion to intervene

6    in this lawsuit, and so I'm not sure if the Court has seen that

7    yet.  We're happy to e-mail that over to you right now, but it

8    has been filed.  So I just wanted to make sure you knew that

9    that motion has been filed and that we are seeking intervention

10   in this case.

11           THE COURT:  All right.  And I have seen that.  Of

12   course there has not -- I've not read it.  I saw the document

13   come in, but I have not read it.  And so that was Mr. Herrera;

14   is that correct?

15           MR. HERRERA:  Yes, Your Honor.

16           THE COURT:  All right.  And so let me just get an idea

17   of where we are technically and where we need to go in the next

18   few days.  I understand that there are a number of still

19   outstanding pro hac vice applications, and I'll look for those

20   to be coming forthwith.

21           And I also wanted to inquire -- and, Mr. Kleinhendler,

22   I'll direct this to you -- I want to understand whether any

23   named plaintiff has the same or similar case pending in the

24   state court.

25           MR. KLEINHENDLER:  To my knowledge, they do not.

1            Alex, can you confirm that?

2            MR. KOLODIN:  Yes.  Good afternoon, Your Honor.

3    Alexander Kolodin.  One of the named plaintiffs, Kelli Ward,

4    has a case pending in the state courts with a much more limited

5    scope of these issues.  To my knowledge, no other plaintiff

6    does.

7            THE COURT:  When you say a limited scope of the

8    issues, are they the same or similar fact issues, or are they

9    substantially different?

10           MR. KOLODIN:  Very substantially different, Your

11   Honor.  Our complaint alleges a number of different issues.

12   Based on my limited understanding of the state court case, I

13   believe that it's focused only on absentee ballots and perhaps

14   on some sort of read error or scan error with the machines.

15   But, again, I'm not very well versed on that.

16           MR. KLEINHENDLER:  Your Honor, if I may add one --

17           THE COURT:  I'm sorry.  Can you -- Who is speaking?

18           MR. KLEINHENDLER:  Sorry.  Howard Kleinhendler.  When

19   we prepared this case, I wasn't aware of that.  And if that

20   presents an issue, we will, you know, we are prepared to drop

21   Ms. Ward from this case.  That is not -- We don't believe that

22   would be an issue.  This case is brought primarily if not

23   exclusively -- At least the motion currently before you, ma'am,

24   is brought exclusively on behalf of the electors.  In fact, we

25   have all 11 electors, Republican-nominated electors for

1    Arizona, and Ms. Ward is not -- we are not arguing on her

2    behalf in connection with the TRO and the preliminary

3    injunction we are seeking.  So to the extent there's any

4    question in the Court's mind, we will immediately drop her from

5    the case.

6              THE COURT:  Well, I would ask you to go back and look

7    carefully at that case that is pending in the state court that

8    Ms. Ward has, because, if I understand what was just said by

9    Mr. Kolodin, there is an allegation regarding errors with the

10   machine.  And if that is indeed the case, then I think that

11   there are factually similar allegations in the complaint as far

12   as I've read so far.

13             And so I would ask you to go back and examine that

14   state case to determine whether or not there is a substantial

15   similar claim or facts related to the complaint here and then

16   to think about the judicial resources that you're asking us to

17   expend with respect to that.

18             And so that is at least you can state to this court,

19   Mr. Kleinhendler, to your knowledge, Ms. Ward is the only

20   individual named plaintiff here that has a current pending case

21   in the state court; is that correct?

22             MR. KLEINHENDLER:  That is correct.  And, again, just

23   to clarify, there are no Arizona electors who have any claims

24   in the state court.  And the claims we are bringing here are

25   primarily federal in nature and would not even belong in a

1    state court.  So they're two really different cases, two

2    different standings, two different levels of injury.

3            THE COURT:  Okay.  So I think that all remains to be

4    seen, but I just want to make it clear that you go back and

5    examine what those claims are and look at the complaint here

6    and make that determination.

7            The question was asked with respect to the named

8    plaintiffs.  Now let me just ask you more generally were there

9    any other cases brought in the state court related to the

10   election that you are aware of, Mr. Kleinhendler, or any of

11   plaintiffs' counsel are aware of?

12           MR. KOLODIN:  Your Honor, I will address that.

13           THE COURT:  Who is speaking again?

14           MR. KOLODIN:  Alexander Kolodin, Your Honor.  So this

15   is the first case, to my knowledge, that's been brought in

16   Arizona that actually alleges that there was fraud in the

17   election.  There have been a number of other state court cases

18   dealing with other items, but, to my knowledge, none have

19   alleged fraud.  And I think that's the big distinction here,

20   besides of course the fact that federal issues are concerned.

21           THE COURT:  Anyone else?

22           All right.  All right.  And so I guess with respect to

23   that then, what I would ask the parties to do in the next

24   procedural steps is in any response to the complaint or any

25   reply, I'm going to have you address the Arizona state statute

1    16-672 and in particular as it relates to subsection B.

2            And this Court is concerned that if there are existing

3    cases in the state court, that there is always going to be the

4    potential for inconsistent rulings.  And so I would like you to

5    focus on that.  And to the extent you need an extension of

6    pages in which to do so, you may seek leave to do so.  And I

7    can give you some guidance with respect to that if it is

8    necessary.

9            I think the primary concern that I have here is I'd

10   like to identify what time constraints govern the Court's

11   decisional process.

12           And I'll hear from plaintiffs' counsel, and then I can

13   hear from Governor Ducey's and Secretary Hobbs'.

14           MR. KLEINHENDLER:  Thank you very much, Your Honor.

15   The time constraints here are, frankly, enormous.  December 8th

16   is a date set forth in the federal statute 3 U.S.C. 5 as a safe

17   harbor for states to have completed any election disputes

18   regarding the results of an election.  I point out to you, Your

19   Honor, that this date was only certified on November 30th.  By

20   December 2nd we had filed a case.

21           Now, we don't -- we are of the view that a decision on

22   a constitutional cause of action can be rendered even after

23   December 8th but certainly by December 14th, which is when the

24   legislature convenes to vote for the President -- where the

25   electors convene to vote for the President.  And the crux of

1    our complaint and motion for a TRO is we want the current slate

2    of electors, the democratic slate, not to be seated and not to

3    be voted for.

4            On the contrary, we want everything to come to a stop

5    and that either -- there's basically a menu here -- either

6    decertify the election because of what we have alleged or at

7    least put a hold on the procedure until the Court can delve a

8    little deeper into the allegations presented here.

9            I do not believe that the allegations before you with

10   the detail and the subsequent back-up in the form of sworn

11   affidavits, sworn declarations, documentary evidence from a

12   host of different types of experts and fact witnesses has been

13   merely presented not only nowhere in the state but nowhere in

14   the country outside of the other cases that this group of

15   lawyers have brought.  And we have three cases pending, Your

16   Honor, one in Georgia, one in Wisconsin, one in Michigan, and

17   one here in Arizona.

18           And just for your information, the case in Georgia we

19   got a partial TRO.  That case has been granted immediate

20   appellate review by the Eleventh Circuit and is being looked at

21   right now.

22           So while we have a very distinguished host of lawyers

23   on the call, including many that want to intervene, our time

24   goal right now -- And this isn't going to be easy for you,

25   ma'am.  But our time goal right now is for you to try to make a

1    decision on our TRO as quickly as possible, so that either

2    party, regardless of how it comes down, can seek immediate

3    appellate review if, at the best, before December 8th but at

4    least before December 14th.

5           That's why we would ask you to treat this motion as

6    you would normally treat a regular TRO, which is, look, TRO

7    came in, if you want to get some emergency briefing on it,

8    fine, but what we'd ask you for is grant the TRO pending a

9    hearing.  And we are prepared to put on an evidentiary hearing

10   Monday morning in your court.  That is the plaintiffs'

11   position.

12          THE COURT:  All right.  Let me hear from Governor

13   Ducey's counsel.  Is it Mr. Johnson?

14          MR. JOHNSON:  Yes, Your Honor.  It's Brett Johnson on

15   behalf of Governor Ducey.  I will defer in a minute to the

16   Secretary's counsel, who is going to be more versed on the

17   upcoming dates.  But from Governor Ducey's perspective -- and

18   I've explained this to plaintiffs' counsel -- Governor Ducey

19   had a nominal role in observing or being present during the

20   canvass on Monday November 30th.  That canvass was complete.

21   At the end of that canvass, the results of that canvass were

22   transmitted by the Governor's Office in coordination with the

23   Secretary's Office to the National Archivist.

24          At that time Governor Ducey's role, to the extent that

25   it was nominal and ministerial in any way, was complete.

1    So from Governor Ducey's perspective, his involvement

2    in this case is now completely nominal and quite honestly

3    unnecessary.

4    With that being said, I would turn it and defer over

5    to Secretary's counsel to give a greater timeline on the

6    election process.

7    THE COURT:  All right.

8    MR. NELSON:  Thank you, Your Honor.  This is Justin --

9    Thank you, Your Honor.  This is Justin Nelson from Susman

10   Godfrey on behalf of the Secretary.

11   We agree that this should be heard quickly.  There are

12   dates coming up.  We take issue with a lot of what plaintiff

13   said with respect to the effect of the dates.  But we agree

14   that this Court should resolve this expeditiously.

15   We take issue because we believe that there are

16   numerous legal errors that completely destroy any type of

17   ability for plaintiff to bring these claims in the first

18   instance, putting aside their fanciful factual allegations.

19   And I'd note in the motion to intervene, the electors

20   in the Arizona Democratic Party have proposed a schedule

21   whereby this Court hears expeditiously any motion to dismiss

22   prior to deciding the TRO, and we would support that position.

23   And we are of course open to any schedule that this

24   Court may deem necessary to hear this expeditiously.

25   THE COURT:  Well, I guess for my purposes, then, I

1    would like really to get an understanding at this point,

2    Mr. Nelson -- and I assume -- I have this assumption that

3    you're speaking on behalf of Mr. Johnson as well -- are you

4    intending to file a response to the TRO, or are you going to

5    file a motion to dismiss, or are you going to file a

6    combination of that?  And in what time frame are you going to

7    do so?

8            MR. NELSON:  We are prepared to file both, Your Honor,

9    and to file as early as tomorrow night, at midnight tomorrow

10   night to do our filings.  We think it's appropriate for the

11   motion to dismiss to come prior to any opposition to the

12   temporary restraining order, but of course we're at the

13   pleasure of the Court and are prepared to do both.

14           THE COURT:  And assuming you are able to file both of

15   those motions by Friday, I assume, midnight, then I'll turn to

16   Mr. Kleinhendler and ask you then when would you or would you

17   wish to reply, and, if so, how much time would you need?

18           MR. KLEINHENDLER:  Your Honor, if I could just address

19   that, if they could get their papers in by 10:00 p.m. on Friday

20   night, we would be in a position to respond by 10:00 p.m.

21   Saturday night.

22           MR. NELSON:  Your Honor, we have no objection to that.

23   We would appreciate a reply that would be due on Sunday night

24   at the same time.

25           UNIDENTIFIED MALE SPEAKER:  Your Honor --

1          THE COURT:  I'm sorry.  Who's speaking?

2          UNIDENTIFIED MALE SPEAKER:  Your Honor, I apologize.

3    I know there are a lot of people on the phone.  I just wanted

4    to respond to the request for a reply.

5          THE COURT:  Wait, wait, wait.

6          I asked you a question.  Who is speaking, please?  Is

7    this Mr. Kleinhendler?

8          MR. KLEINHENDLER:  Your Honor, the last thing I said

9    was I'd appreciate it if the defendants filed whatever they're

10   going to file by 10:00 p.m. Friday night and that the

11   plaintiffs had until 10:00 p.m. Saturday night to respond.

12   That's the last thing I was allowed to say.

13         MR. NELSON:  Your Honor, this is Justin Nelson.  I

14   commented that 10:00 p.m. as opposed to midnight is amenable to

15   the Secretary and that we would ask for the opportunity for a

16   reply to our motion to dismiss that would be due at 10:00 p.m.

17   on Sunday night.

18         MR. JOHNSON:  Your Honor, this is Brett Johnson for

19   Governor Ducey.  We have not coordinated with Mr. Nelson, but

20   we are amenable to that timeline if the plaintiffs decline to

21   dismiss us voluntarily.

22         THE COURT:  All right.  Now, let me ask a question,

23   and I hope perhaps Mr. Nelson can address this.  And if not, it

24   may address one of the issues that is outstanding here.

25         If you know, Mr. Nelson, what generally occurs with

1    the servers, the software, the voting machines, and so on after

2    an election has been certified?  Are those items preserved, and

3    if they are, how so and for how long?

4            MR. NELSON:  Thank you, Your Honor.  This is Justin

5    Nelson.  Unfortunately I cannot give an answer to the degree

6    necessary as an officer of this court to that question right

7    now and would need to consult with my client to get back to

8    you, and of course we can do that expeditiously.

9            THE COURT:  Well, I would suggest, because it is one

10   of the requests in the TRO, I would suggest that, Mr. Nelson,

11   that you gather that information and perhaps share it with

12   plaintiffs' counsel.  It may alleviate at least for the time

13   being the necessity to enter a TRO with respect to that aspect

14   of what they're seeking.

15           Of course there might be some modification to however

16   that preservation is made.  I'm operating on an assumption that

17   there is some process by which those systems are preserved,

18   but --

19           UNIDENTIFIED MALE SPEAKER:  Your Honor, this is --

20           THE COURT:  -- in any event I would ask you to find

21   out what the process is and share that information with

22   plaintiffs' counsel.  And perhaps there might be a way to

23   alleviate having to address that issue.

24           So if you could -- if you could do that, I would

25   appreciate it.

1    MR. NELSON:  Thank you, Your Honor.  This is Justin

2    Nelson.  Excuse me, Your Honor.

3              THE COURT:  Go ahead.

4              MR. NELSON:  What I was going to say is that the

5    machines do not reside with the Secretary of State.  These are

6    at the county level.  And of course we will inquire.  But the

7    plaintiffs have not named any of the counties who have

8    possession and under Arizona law are in charge of the

9    administering of the elections.  And want to make sure that

10   that's clear to the plaintiffs as well.

11             THE COURT:  All right.  All right.  And so it sounds

12   like we have an agreement as to the briefing here.  I'm going

13   to have to consult my court schedule for availability on Monday

14   or Tuesday.  We are here operating on a limited court access

15   basis due to COVID, and so we are sharing space, in other

16   words.

17             And so I'll have to make sure that I have a courtroom

18   available for the matter.  And what I will do after the

19   completion of this status conference is I will issue a minute

20   entry confirming the briefing schedule as well as a hearing on

21   both the motion to dismiss and the motion for temporary

22   restraining order.

23             And so those are the critical issues that I wanted to

24   discuss with respect to the timing of all of this as well as to

25   understand if there is duplication of effort going on in the

1    state courts.

2           And is there anything further by way of housekeeping

3    matters from your perspective, Mr. Kleinhendler?

4           MR. KLEINHENDLER:  No, Your Honor.  I want to thank

5    you for your immediate attention.  I just wanted to clarify one

6    thing.  Are there going to be page limitations if we get briefs

7    from multiple parties and we, plaintiffs, have to deal with

8    multiple briefs and multiple motions?

9           THE COURT:  At the moment I just was handed another

10   motion to intervene.  And I would suspect that many of these

11   issues can be addressed simultaneously.  But to the extent you

12   find that you're in need of additional page extensions, simply

13   seek the page extensions.  Be very brief, if you can.  And that

14   will enable me to get through the multiple pleadings that have

15   come through so far.

16          But it shouldn't take in excess of five pages per

17   intervenor, I would think.  So if you are reasonable in the

18   request, I'll generally just through a minute entry will grant

19   that request.

20          Is there anything further, Mr. Kleinhendler?

21          MR. KLEINHENDLER:  I just wanted, just for the record,

22   we would like an ability to at least consider and perhaps

23   object to any intervenors.  So our position at this point is

24   the State is adequately served with their esteemed counsel, and

25   I would like an opportunity, even on a very short schedule, to

1    address any proposed additional intervenors.

2         THE COURT:  All right.  Very well.  Is there anything

3    further from you, Mr. Johnson?

4         MR. JOHNSON:  No, Your Honor.  Thank you for your

5    time.

6         THE COURT:  Mr. Nelson?

7         MR. NELSON:  Two logistical issues, Your Honor, for

8    clarification.

9         First, with respect to the page limits, we would ask

10   for additional briefing, given the fact that, as I understand

11   the Court's order, we would be discussing both the motion to

12   dismiss and the opposition to the temporary restraining order

13   at the same time.  And we would ask for an additional ten

14   pages, if Your Honor finds that acceptable.

15        THE COURT:  Yes, I will permit you to do so.

16        MR. NELSON:  Thank you, Your Honor.  Second, for

17   logistical planning purposes, is it Your Honor's intention to

18   hold the hearing in person or via Zoom?

19        THE COURT:  Well, the -- our technology, frankly, is

20   saturated at the moment.  We're holding all criminal matters

21   via technology, so our bandwidth is an issue.  To the extent

22   that we can have -- To the extent that we can have live

23   counsel, I'm going to limit that to two counsel per side for

24   social distancing purposes.  And otherwise we'll have to

25   determine what our bandwidth availability is -- it will likely

| | |
|---|---|
| 1 | be in the morning -- and what courtroom availability we will |
| 2 | have on Monday or Tuesday.  And so do stand by for that.  We |
| 3 | should have that resolved before the end of today. |
| 4 | And certainly, Mr. Nelson, if you are local counsel |
| 5 | and you are here and you wish to be physically present, I have |
| 6 | no objection to that, again, with the maximum number of counsel |
| 7 | per party being two, to permit social distancing. |
| 8 | MR. KLEINHENDLER:  Your Honor, if I may, would it be |
| 9 | two counsel plus our local counsel, or is it two total? |
| 10 | THE COURT:  Two total. |
| 11 | MR. KLEINHENDLER:  Also, Your Honor, may I just |
| 12 | inquire -- This is Howard Kleinhendler again.  I apologize. |
| 13 | Will we have the ability to put on any expert or |
| 14 | witness testimony?  Which we very much would like the |
| 15 | opportunity to do. |
| 16 | THE COURT:  Let me just tell you at this moment, |
| 17 | having not read the substance of all of the affidavits that |
| 18 | were filed, you should operate on the assumption that you will. |
| 19 | And we'll work technology-wise to try to accommodate that. |
| 20 | So there being nothing further, then we will issue a |
| 21 | minute entry again reiterating the deadlines that you have all |
| 22 | agreed to.  And we will set a hearing on the motions shortly. |
| 23 | All right.  Then this matter is adjourned.  Thank you, |
| 24 | counsel. |
| 25 | (Proceedings recessed at 2:36 p.m.) |

1              <u>C E R T I F I C A T E</u>

2

3          I, LINDA SCHROEDER, do hereby certify that I am duly

4    appointed and qualified to act as Official Court Reporter for

5    the United States District Court for the District of Arizona.

6          I FURTHER CERTIFY that the foregoing pages constitute

7    a full, true, and accurate transcript of all of that portion of

8    the proceedings contained herein, had in the above-entitled

9    cause on the date specified therein, and that said transcript

10   was prepared under my direction and control.

11         DATED at Phoenix, Arizona, this 4th day of December,

12   2020.

13

14

15                              s/Linda Schroeder
                          Linda Schroeder, RDR, CRR
16

17

18

19

20

21

22

23

24

25